<strong>June 25, 2018</strong>

Honorable William H. Orrick
U.S. District Court – San Francisco Division
450 Golden Gate Ave., San Francisco, California 94102

      **Re:**    **Deposition of SFDA George Gascon and the SFDA Investigative File**
                <u>**Gwendolyn Woods v. City and County of San Francisco, et al.**</u>
                **USDC, Northern District: Case No: 15-cv-05666-WHO**

    Per the Court's Civil Standing Order and the Court's Recent Order, Plaintiff Gwendolyn Woods, the San Francisco District Attorney's Office ("DA's Office" or "SFDA"), and Defendants hereby submit this correspondence to the Court for consideration of the discovery dispute regarding the production of George Gascon who was SFDA on the date of the incident and SFDA Investigative File in regards to this incident.

**<u>Plaintiff's</u> <u>Position</u>**

      Although both City Attorneys refuse to acknowledge that the SFDA is an agency of Defendant CCSF, Plaintiff notes that when SFDA is sued under 1983 for malicious prosecution the City and County of San Francisco is named as the Defendant and that the District Attorney's Office is listed as a CCSF government agency on their website.[1] It is Plaintiff's position that a Rule 34 Request on Defendant CCSF includes any documents in possession of any and all its agencies including but not limited to SFPD and SFDA.[2] Defendant CCSF City Attorney for George Gascon cites *Weiner v. San Diego County*, 210 F.3d 1025, 1031 (9th Cir. 2000) in support of their position that the SFDA is not an agency of the CCSF for Rule 34 purposes and in litigation here. However, the 9th Circuit's holding in *Weiner v. San Diego County* is extremely narrow, the Court held in context of 1983 liability that "under California law a county district attorney acts as a state official when deciding whether to prosecute an individual." *Id.* at 1030. Whereas here, Defendant CCSF has an obligation to produce all the party has in its actual possession, custody, or control thereof or the legal right to obtain the property on demand. *In re Legato Systems, Inc. Secur. Litig.* (ND CA 2001) 204 FRD 167, 170. Defendant CCSF is in actual custody of the SFDA investigation file although the City agencies may be refusing to share with one another.

    **1. Plaintiff Is Entitled to the SFDA's Investigative File for this Case Because It Contains Evidence and Interviews Plaintiff Cannot Get Elsewhere and Defendant CCSF Has Waived Its Privilege**

      On May 4, 2016, Plaintiff served Defendant CCSF with her Request for Production of Document, Set One, Request No. 13 and 47 that requested witness statements, recordings, photos and videos. Defendant CCSF City Attorney representing the SFPD and CCSF responded to Plaintiff's Requests 13 and 47 on June 3, 2016 claiming attorney work product, deliberative process and official information privileges. Plaintiff did not receive any privilege log or any other documents from the City Attorney that allows Plaintiff to fairly assess the claim.

---

[1] *See Fallay v CCSF,* 604 Fed.Appx. 539 (9th Cir. 2015); (https://sfgov.org/agencies-and-social-media)

In addition to Plaintiff's RPD, on November 2017, Plaintiff also served on Defendant City and County of San Francisco's District Attorney's office a subpoena seeking documents, including videos, witness statements and evidence, collected in the office's investigation of the incident. Defendant CCSF City Attorney representing the SFDA and CCSF refused to produce the file because the documents were subject to deliberative process privilege and attorney work product, and produced a declaration. However in over seven months Plaintiff has still not receive any privilege log or any other documents from the City Attorney that allows Plaintiff to fairly assess the claims. On May 24, 2018, SFDA George Gascon announced that the investigation in the police shooting of Mario Woods was complete. Still, Defendant CCSF has produced no file nor has it produced a privilege log for the documents.

Plaintiff "may obtain discovery regarding any nonprivileged matter" and that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." FRCP 26 (b)(1). Both City Attorneys appear to contend that Plaintiff has some obligation to remind Defendant CCSF to produce privilege logs, when in federal litigation it is their obligation to produce one. FRCP 26 (b)(5); FRCP 45 (e)(2). Furthermore a privilege log must describe the documents in a way that "enables other parties to assess the claim." *Id.* Defendant CCSF practice is to provide boilerplate declarations that do not allow Plaintiff to fairly assess their claims. Although Plaintiff served both a Rule 34 Request and a Rule 45 subpoena on Defendant CCSF, Plaintiff's position is that given the SFDA is an agency of CCSF and the Defendant City is obligated to produce documents under Rule 34 from their agency - the SFDA.

Here, the SFDA claims deliberative process privilege and attorney work product. The SFDA mistakenly relies on *Kelly v. San Jose* to support their position that a declaration from ADA Huaang is sufficient to shift the burden to Plaintiff.[3] *Kelly v. San Jose* and *Soto v. City of Concord* both outline a procedure that includes producing a declaration in order to preserve a City's official information privileges, not deliberative process or attorney work product.[4] In fact, both courts in *Kelly* and *Soto*, denied deliberative process privileges remarking "'deliberative process' privilege, closely related to the self-critical analysis privilege, is also inappropriate for use in civil rights cases against police departments." *Soto,* supra at 612.

Furthermore, the process for preserving the official information privilege set out in *Soto* and *Kelly* is greatly mischaracterized by the City Attorneys. The courts in *Soto* and *Kelly* held that a case by case analysis should be conducted in regards to the protections official information privilege affords, but in context of civil rights cases against police departments, should be "moderately pre-weighted in favor of disclosure." In order to even preserve the official information privilege, the City must first make a "substantial threshold showing" in the form of a declaration. *Id.* Once a City has done this, it does not shift the burden to Plaintiff, it merely preserves their privileges to allow the Court to even consider its applicability. *Id.*

Therefore, Defendant CCSF has claimed several state privileges, which are not controlling. Federal Rule of Evidence 501 governs privilege issues, not state statutes.[5] *Leon v. County of San Diego*, 202 F.R.D. 631, 635 (S.D. 2001). When a party claims privilege, there is a 30 day period that serves as a default guideline to produce a privilege log or have those privileges waived. *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of*

---

[3] *Kelly v. City of San Jose*, 114 F.R.D. 653, 669-70 (N.D. Cal. 1987)
[4] *Id.; Soto v. City of Concord,* 162 F.R.D. 603 (N.D. 1995)
[5] Strangely here, the City Attorney for SFDA claims deliberative process privilege and attorney work product, while the City Attorney for SFPD claims official privilege for the SFDA.

*Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Although failing to produce the privilege log does not result in an automatic waiver, but rather the district court must make determination based on: (1) **timeliness** (2) **magnitude** of the documents; and (3) other **particular circumstances**. *Id.* These factors should be applied in the context of a holistic reasonableness analysis. *Id.* Plaintiff's position is that all of the factors weigh in Plaintiff's favor: (1) Defendant CCSF has not produced a privilege log in over seven months ago (2) it is only a single case file; (3) it was unusually easy to produce a privilege log for a single case file; finally it was *unreasonable* not to produce one.

   The City Attorney for SFPD believes the parties must stipulate to the timing for producing a privilege log appearing to rely on this statement in *Burlington:* "Finally, the application of these factors shall be subject to any applicable local rules, agreements or stipulations among the litigants, and discovery or protective orders**.**" *Burlington,* supra at 1149. An honest reading of this does not lead to that conclusion but rather it affords local rules, standing orders and/or an agreement among the parties to set their own timing.[6] Like here, in the absence of a local rule, standing order, and/or agreement, the 30 day guideline is used. Therefore, Plaintiff is entitled to the evidence contained in the SFDA's investigative file as relevant to both her excessive force claim and her *Monell* claim, and Defendant has waived any and all privileges claimed.

   For example, Defendant CCSF just a few weeks ago produced a new video of the incident from witness Ruben Rivera that had never been disclosed before and without explanation. The video shows the shooting from the perspective of the first shooting officer Defendant August along with new witnesses. Plaintiff must hypothesize it came from the SFDA file.

   Defendant CCSF cannot even justify why transcripts of witness interviews following the incident should not be produced. Witness interviews taken closer to the incident are fresher and more reliable than a witness list now. Plaintiff would especially be prejudiced given they requested this information over seven months ago and has a limit to the depositions she may take.

   And since Defendant has not produced the file or a privilege log, Plaintiff must infer that there is more critical evidence to Plaintiff's case in the file similar to the recently disclosed video and unidentified witnesses. Therefore, Plaintiff seeks George Gascon's testimony regarding the shooting because she cannot otherwise obtain any critical evidence SFDA George Gascon obtained during his investigation of the shooting.

   Plaintiff requests at minimum the Court take the file under review in camera and produce all files that are factually relevant to Plaintiff's case such as witness interviews and transcripts, photos, videos and/or redact any attorney-work product that does not contain facts. Plaintiff also requests the SFDA supply a privilege log so that Plaintiff may fairly challenge any hypothetical privileges.

**The District Attorney's Position**

  1. **The Court Should Not Require the DA to Produce Additional Documents in Response to the Document Subpoena Served in November 2017.**

---

[6] *E.g.,* Judge Ryu's Standing Order requires a privilege log to be produced in **14** days after responses are due. Magistrate Judge Westmore's Order requires the log to be produced promptly.

In November 2017, Plaintiff served a third-party subpoena on the DA's Office seeking a broad array of documents from the office's investigation of the Woods shooting.[7]  In December 2017, the DA's Office objected to the subpoena on two grounds.  First, as for materials in the file that were created through SFPD's investigation, Plaintiff already had access to those materials through direct discovery from a party.  Second, as for materials in the file that were created by attorneys or investigators at the direction of counsel (such as drawings and notes of interviews), those materials were work product and subject to the deliberative process and official information privileges.  The DA's Office supported those objections with a declaration from Assistant DA Andrew Huang, who was the Managing Attorney of the Independent Investigations Bureau of the DA's Office at that time.  Plaintiff did not further pursue the subpoena until early June 2018.

Since the DA's Office served objections in December 2017, Plaintiff has not made any showing or even offered any argument to suggest that the DA's Office improperly asserted privilege.  Nor has Plaintiff rebutted the DA's Office's showing that it can obtain many of the documents that it seeks from SFPD, a party to this litigation.  *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing subpoena where discovery is "obtainable from a source more direct, convenient, and less burdensome-namely, from Defendants.")  Instead, Plaintiff contends that the DA's Office waived privilege by not producing a privilege log.  Plaintiff presumably relies on FRCP 45(e)(2), which provides that a person who withholds documents in response to a subpoena as privileged must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that . . . will enable other parties to assess the claim."[8]

Plaintiff's argument fails because the DA's Office complied with those requirements by providing written objections and a sworn declaration from Assistant DA Huang.  In the written objections, the DA's office expressly claimed privilege. In his accompanying declaration, Assistant DA Huang identified the documents that the DA's office had in its file, and explained the grounds for the DA's Office's claim that the discovery Plaintiff sought was privileged.  The DA's written objections and Huang Declaration complied with procedure used in the Northern District for asserting privilege, and shifted the burden to Plaintiff to meet and confer in a timely manner if it believed the DA's assertion of privilege was in error.  *Kelly v. City of San Jose*, 114 F.R.D. 653, 669-70 (N.D. Cal. 1987) ("The filing of the objection and affidavit shifts the burden of going forward with the process . . . to the plaintiff.")  Plaintiff contends that it has no obligation to meet and confer with the DA or otherwise show that the DA's Office incorrectly asserted privilege, but that argument cannot be squared with the plain language of *Kelly* or even standard discovery practices in the Northern District.

Plaintiff makes no showing or even argument to explain why the Huang declaration was insufficient to enable Plaintiff to assess the claim of privilege.  Nor does Plaintiff argue that the DA's Office incorrectly asserted privilege.  Instead, Plaintiff appears to contend that the DA's

---

[7] As Plaintiff recognized when serving a third party subpoena on the DA's Office, the DA acts as a state actor when it investigates and determines whether to prosecute an individual, as it did here. *Weiner v. San Diego County*, 210 F.3d 1025, 1031 (9th Cir. 2000) ("We conclude that a California district attorney is a state officer when deciding whether to prosecute an individual.")

[8] Plaintiff cites to FRCP 26(b)(5), but that rule applies only to parties in the litigation.

Office was required to explain its claim of privilege in the form of a privilege log. But Plaintiff cites no authority for the proposition that a third party must provide a privilege log to comply with Rule 45(e)(2). Nor has Plaintiff offered any support for the proposition that a third party's privilege is waived if it does not produce a privilege log. Plaintiff relies on *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005), but that case's holding that "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege" does not mean that the party's explanation of its privilege assertion must be in the form of a log, as opposed to a declaration. Indeed, it is well established in the Northern District that a declaration served along with objections preserves a claim of privilege. *Kelly*, 114 F.R.D. at 669.[9] Accordingly, Plaintiff has not satisfied its burden to show a waiver of privilege. *U.S. Inspection Services, Inc. v. NL Engineered Sols., LLC*, 268 F.R.D. 614, 626 (N.D. Cal. 2010) (holding party asserting waiver of privilege has the burden).

Nonetheless, consistent with its practice after a decision not to prosecute in other cases, the DA's Office has offered to produce (1) photographs and videos in its possession;[10] and (2) a list of witnesses, with their contact information, under seal and subject to a protective order. The DA's Office cannot produce witness interview transcripts or recordings, attorney and investigator notes, or expert materials, as those documents remain subject to the work product and deliberative process privileges.[11] *See S.E.C. v. Berry*, C07-04431 RMW HRL, 2011 WL 825742, at *3 (N.D. Cal. Mar. 7, 2011) ("[I]t is also quite clear that an attorney's notes or memoranda of an interview are often considered to be "classic attorney work product.")[12] Particularly given the absence of any showing that the DA improperly asserted privileges, the Court should not order any additional production or require the DA to produce records for in camera review.[13]

2. **The Court Should Quash the Subpoena for Deposition Testimony of District Attorney Gascon.**

The Court should quash the subpoena for DA Gascon's testimony because Plaintiff cannot show the extraordinary circumstances necessary to overcome the presumption that high-ranking public officials cannot be deposed. A district attorney is a high-ranking government

---

[9] Plaintiff contends that the procedures set forth in *Kelly* apply only to assertions of the official information privilege, but nothing in *Kelly* suggests that serving objections along with a declaration is insufficient to preserve other types of privileges as well.

[10] Plaintiff asserts it "must hypothesize" that a recently produced video "came from the SFDA file," but there is no support for that assertion. The DA's Office has not produced any material from its investigative file to Defendants.

[11] Plaintiff notes that some courts have limited the ability of *police departments* to rely on the deliberative process privilege, but none of those cases suggest that the DA cannot rely on the privilege.

[12] SFPD relies on *Soto v. City of Concord,* 162 F.R.D. 603, 621 (N.D. Cal. 1995), but the cited portion of that case did not concern privilege, but rather addressed whether the production of witness lists would violate privacy interests. That issue is not before this Court, as the DA's Office has already agreed to provide a list of witnesses and is not asserting a privacy objection to providing that material.

[13] Defendants assert that they seek "factual information" from the DA's file, but the DA is not aware of purely factual materials other than the photographs, videos and witness lists that it has already agreed to produce. Other records – such as witness interview memorandum and records – contain attorney work product. *Berry*, 2011 WL 825742, at *3.

official to whom these discovery limitations apply.  *See Gil*, 2007 WL 2071701, at *1; *Gibson v. Carmody*, No. 89 CIV. 5358 (LMM), 1991 WL 161087, at *1 (S.D.N.Y., Aug. 14, 1991).

"Heads of government agencies are not normally subject to deposition." *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979).  The reason for this rule is that such depositions "create[] a tremendous potential for abuse or harassment."  *K.C.R. v. Cty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014).  The rule provides high-level officials "the freedom to perform their tasks without the constant interference of the discovery process." *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994).  It serves the public by "allow[ing] the function and flow of government to proceed unabated." *Gil v. County of Suffolk*, No. CV06-1683(LDW)(ARL), 2007 WL 2071701, at *1 (E.D.N.Y., July 13, 2007).  Accordingly, a party may not depose a high-ranking government official absent a heightened showing of need: the deponent must have "unique first-hand non-repetitive knowledge of the facts at issue in the case" and the party seeking the deposition must have first "exhausted other less intrusive discovery methods." *Anderson v. Cty. of Contra Costa*, No. 15-CV-01673-RS (MEJ), 2017 WL 930315, at *3 (N.D. Cal. Mar. 9, 2017) (internal quotation marks omitted).

Here, Plaintiff cannot make either showing.  DA Gascon does not have "unique first-hand non-repetitive knowledge of the facts at issue in the case." *Anderson,* 2017 WL 930315, at *3.  Indeed, it is undisputed that DA Gascon has no personal information about the incident in which San Francisco Police Department officers shot Plaintiff's decedent.  Plaintiff wishes to ask him about the contents of the DA's file, but DA Gascon does not have "unique" knowledge of a file.

Plaintiff has also failed to "exhaust[ ] other less intrusive discovery methods." *Anderson,* 2017 WL 930315, at *3.  Plaintiff claims that she wants information about photos, videos, and witnesses, but the DA's Office has already offered to produce any photos, videos and witness lists that it has. Plaintiff seeks testimony concerning attorney and investigator notes and expert materials, but, as explained above, those materials are privileged.  *Berry*, 2011 WL 825742, at *3.  The DA cannot provide testimony concerning the contents of privileged documents.

Finally, Plaintiff has not explained how DA Gascon's recollection about materials in an investigative file could be relevant.  His testimony about the contents of records would not be admissible under FRE 1002.  Nor could the testimony could lead to the discovery of admissible evidence, particularly given the rapidly approaching close of fact discovery.

//
//
//
//
//
//
//
//
//
//

**Defendants' Position**

I.    **Position of Defendants City and County of San Francisco and Named Individual Defendant Officers ("Defendants")[14]**

District Attorney Investigation File

Plaintiff's portion of this letter is confusing and misleading. Defendants understand the subject of the dispute in this joint letter to involve the district attorney investigation file and the deposition of George Gascon. Counsel for defendants does not represent the district attorney in this litigation, nor does he assert objections on behalf of the district attorney. The district attorney is represented by separate counsel. To the extent other issues are raised, defendants do not submit this letter for resolution and they are not ripe for review as defendants do not certify they have been adequately met and conferred upon.[15]

On or about November 17, 2017, Defendants served a subpoena duces tecum on the district attorney requesting production of his investigation file into the incident giving rise to this lawsuit. Exhibit "A." The district attorney timely objected. On or about May 24, 2018, based on that investigation, the district attorney released his findings that the shooting was legally justified.[16] The summary report of the investigation reveals that factual information relevant to the incident was collected by district attorney investigators. [17]

Defendants seek disclosure from the district attorney of the underlying factual information collected regarding this incident, including witness statements and physical evidence of any kind. Factual information collected by a law enforcement agency regarding the same incident giving rise to the lawsuit does not generally withstand a privilege objection, especially where an investigation has closed, without extenuating circumstances. See *Soto v. City of Concord*, 162 F.R.D. 603, 621 (N.D. Cal. 1995)("[C]ourts should be less solicitous of finding a significant privacy interest in keeping secret the names of witnesses providing factual information about events which are no longer the subject of investigation or prosecution").

Defendants seek only factual information (e.g., witness names, statements, interviews, video, photographs, diagrams, notes by investigators, etc.) in the district attorney file not previously known to the parties. The district attorney does not specifically identify what

---

[14] The District Attorney is not a defendant in this lawsuit. Nor is there a malicious prosecution claim. Plaintiff's insistence on conflating the third party district attorney with Defendants City and County of San Francisco, and repeated ad hominin references to "city attorneys" rather than party name, is sophomoric gamesmanship and a transparent attempt to obfuscate the Court's inquiry. The District Attorney is an independent state actor, constitutional office, and third party in this context. .

[15] For instance, plaintiff takes the specious position that their generic Rule 34 Request for Documents, which was directed at and served on defendants "City and County of San Francisco," was intended to include documents in custody of the District Attorney. This is not a joint submission on defendants Rule 34 responses. There is no indication in the request that third party documents were sought, nor did plaintiff meet and confer with defendants' City and County of San Francisco regarding this point as part of this submission. Plaintiff's position is belied by the fact that they served a Rule 45 subpoena on the District Attorney.

[16] https://sfdistrictattorney.org/sites/default/files/OIS%20Report_Mario%20Woods_0.pdf.

[17] Defendants here do not elect to litter the record with a response to plaintiff's unwarranted claims and baseless arguments regarding discovery. Defendants dispute those characterizations. Defendants have already produced the entire San Francisco Police Department investigation file and have timely produced all relevant discovery, not to mention the fact that discovery is still open. Nor do defendants here point out plaintiff's many discovery derelictions as they are not relevant to the issue before the Court. If the Court desires further briefing or information on these topics, defendants will gladly respond.

privilege they claim regarding the factual information contained in his file.  Factual information contained in a district attorney file is not absolutely privileged, but rather enjoys only a qualified privilege for official information. *Kerr v. United States District Court for the Northern District of California*, 511 F.2d 192 (9th Cir. 1975).  To determine whether information contained in a district attorney file is discoverable, courts utilize a case specific balancing test. *Sanchez v. City of Santa Ana,* 936 F2d 1027, 1033 (9th Cir. 1990).  District Attorney investigation files are discoverable in civil litigation.  *Doubleday v. Ruh*, 149 F.R.D. 601 (E.D. Cal. 1993).

Defendants' therefore join in plaintiff's request insofar as it seeks factual information from the district attorney investigation.  However, defendants do not join in plaintiff's "waiver" argument regarding the privilege log, because plaintiff cites the wrong law.
The procedure for invoking the official information privilege in the Northern District is clearly explained in *Kelly v. City of San Jose*, 114 F.R.D. 653, 668 (N.D. Cal. 1987).  Plaintiff's reliance on *Burlington* is misleading.  That case did not deal with civil rights litigation or highly sensitive protected personnel files.  Nor, did the district attorney here make blanket, boilerplate objections.  *Burlington* specifically "reject[ed] a *per se* waiver rule that deems a privilege waived if a privilege log is not produced" within 30 days. *Burlington*, 408 F.3rd 1142 at 1149 (9th Cir. 2005).  *Burlington* states that where there is no local rule governing the issue, the parties must stipulate as to a time to produce a privilege log.  There is no local rule governing this topic, and there is no stipulation.  Also, as a general observation, *Burlington* does not control information protected by the official information privilege here in the Northern District.

<u>Deposition of George Gascon</u>

Defendants join District Attorney Gascon's objection to his deposition as plaintiff has not articulated a basis to conduct an Apex deposition.

Dated: June 25, 2018


  /s/Adante D. Pointer                                    /s/
Adante D. Pointer                                Tara Steeley
Attorney for Plaintiff                           Attorney for George Gascon
Law Offices of John Burris                       San Francisco City Attorney's Office


  /s/
Sean Connolly
Attorney for San Francisco Police Department
San Francisco City Attorney's Office