DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar #152235
JAMES F. HANNAWALT, State Bar #139567
KELLY COLLINS, State Bar #277988
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3863 [Connolly]
Telephone:    (415) 554-3913 [Hannawalt]
Telephone:    (415) 554-3914 [Collins]
Facsimile:    (415) 554-3837
Email:        sean.connolly@sfcityatty.org
Email:        james.hannawalt@sfcityatty.org
E-Mail:       kelly.collins@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
OFFICER CHARLES AUGUST, OFFICER NICHOLAS
CUEVAS, OFFICER WINSON SETO, OFFICER
ANTONIO SANTOS, OFFICER SCOTT PHILLIPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; a municipal corporation; CHARLES AUGUST, Police Officer for the City and County of San Francisco; NICHOLAS CUEVAS, Police Officer for the City and County of San Francisco; WINSON SETO, Police Officer for the City and County of San Francisco; ANTONIO SANTOS, Police Officer for the City and County of San Francisco; SCOTT PHILLIPS, Police Officer for the City and County of San Francisco; and DOES 1-50, individually and in their official capacities as Police Officers for the City and County of San Francisco, inclusive,<br><br>Defendants. | Case No. 15-cv-05666 WHO<br><br>**DEFENDANTS' OPPOSITION/RESPONSE TO PLAINTIFF'S EX PARTE MOTION TO EXTEND LIMITED DISCOVERY**<br><br>Trial Date:     November 5, 2018 |

## INTRODUCTION

Plaintiff's motion to change time is procedurally defective, without merit and premature. This motion is made without regard to the Court's order that lead counsel meet and confer regarding disputes and, only if necessary, submit a joint letter describing the disputes that cannot be resolved. Plaintiff's motion includes incorrect and misleading statements about discovery in this case. Some issues have been already resolved and are thus moot. The Court should deny plaintiff's motion.

## FACTUAL BACKGROUND

### I. DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

Plaintiff maintains that defendants failed to produce documents responsive to Plaintiff's Request for Production of Documents, Set One. However, defendants produced these documents on July 27, 2018, via United States Mail and e-mail. (Hannawalt Dec. ¶ 2.) The issue is moot.

The documents at issue were responsive to an incredibly broad request for documents originally propounded by plaintiff in 2016. In their response, defendants objected to the requests as overbroad and burdensome. Plaintiff insisted the documents were relevant to the *Monell* claim. The parties engaged in a lengthy meet and confer process. It wasn't until the last minute, with the close of discovery looming, that plaintiff finally narrowed the request sufficiently for defendants to be able to respond. Although defendants maintain that the documents are not relevant and the request was abusive, defendants produced 863 pages of documents.

Even with the narrowed scope of the request, the process of obtaining and redacting the documents was extremely time consuming and burdensome. Defense counsel kept plaintiff's counsel apprised of the efforts to complete the process of reviewing and redacting the records. Although defense counsel informed plaintiff's counsel that the documents would be produced on July 27, 2018, plaintiff's counsel filed a declaration that day, representing to the Court that the documents had not been produced.

Given that documents have been produced, plaintiff's request is moot.

### II. PERSON MOST KNOWLEDGEABLE DEPOSITIONS

The parties have identified the appropriate deponents and are in the process of scheduling and taking those depositions. This motion is unnecessary.

On June 28, 2018, the Court considered the parties' dispute regarding the deposition of Chief Suhr, and plaintiff's desire to conduct discovery related to the *Monell* claim in this lawsuit. The Court suggested the parties discuss using FRCP 30(b)(6) depositions to complete this discovery. Later that day, in order to identify the appropriate person(s) to produce for deposition, defendants asked plaintiff by letter to clarify the policies upon which the *Monell* claim was based. Plaintiff never responded. Instead, on July 5, 2018, plaintiff served deposition notices identifying topics unrelated to plaintiff's *Monell* claim. Plaintiff asked for a witness on the topic of "Implicit Bias Training." However, neither the Second Amended Complaint nor responses to contention interrogatories identify or reference racial bias as the motivation for the shooting of Mario Woods. Based on plaintiff's discovery responses, defendants had been prepared to produce a person most knowledgeable on the topic of lethal use of force with firearms. Defendants sought clarification from plaintiff regarding this subject, but plaintiff never replied. Plaintiff's July 5 deposition notice also asked for a person most knowledgeable about the preparation, distribution and training related to a bulletin issued by the SFPD in June of 2015, regarding the discharge of a firearm in defense of self or others. Defendants had previously agreed to provide a personal most knowledgeable on this topic.

At no point before sending the July 5 deposition notice did plaintiff meet and confer with defendants regarding a date for the FRCP 30(b)(6) depositions. On July 10, defense counsel advised plaintiff's counsel that the defense was attempting to locate appropriate witnesses in response to the July 5, 2018, notice.

Over the subsequent two weeks, the parties took eleven depositions of percipient witnesses. On July 13, defendants deposed Michael Woods and Monroe Whitt, the decedent's brothers. Those depositions were originally noticed for May 1 and May 3, 2018, but plaintiff did not produce the witnesses until July 13. On July 18, defendants deposed plaintiff's niece, after being required to locate and subpoena her because plaintiff claimed she did not have contact information for the witness. (At that deposition, plaintiff's niece testified plaintiff has been to her home on multiple occasions). Between July 18 and July 27, plaintiff deposed five defendant officers as well as two other witnesses. And on July 27, defendants deposed a custodian of records.

As the parties endeavored to complete depositions prior to the close of discovery on July 27,

2018, neither party revisited the issue of the FRCP 30(b)(6) witness depositions. The parties have since reached agreement as to those depositions and defendants have agreed to produce witnesses on the topics noticed and have proposed dates to plaintiff's counsel. Therefore, this issue is moot.

### III.   DEPOSITION QUESTION DISPUTES

Plaintiff grossly mischaracterizes the instances where defense counsel instructed not to answer questions at deposition. None of those instructions were improper and this motion should be denied.

Plaintiff asked Officer Seto and Officer Phillips <u>why</u> their assignments changed after December 2, 2015. Defense counsel instructed each witness not to answer the question because it is privileged from disclosure as it is confidential, personnel information involving a peace officer. Plaintiff's counsel was not precluded from exploring the fact of any assignment change and the manner in which the duties of these officers may have changed. Defense counsel instructed the officers not to answer the sole question of <u>why</u> their duties or assignments may have changed. This issue never came up in any of the other depositions. Plaintiff never sought information through the discovery process regarding the reason for any changes to the assignment of any of the officers. Had plaintiff done so, the parties could have discussed parameters of this area prior to deposition. Further, defendants' counsel offered to meet and confer regarding the issue during the depositions, at the time the officers were instructed not to answer the specific question. Plaintiff's counsel declined the offer. The deposition transcripts are not yet available to submit to the court.

Defense counsel gave only one instruction not to answer to two officers. The information sought in the questioning is protected as it relates to personnel files and confidential information. Plaintiff's motion should be denied.

### IV.   STATEMENTS FROM ONGOING INVESTIGATIONS

Plaintiff is not entitled to the files related to ongoing investigations. The motion should be denied.

Defendants notified plaintiff on June 3, 2016, in their initial discovery responses, that the Department of Police Accountability (DPA) and Internal Affairs (IA) investigations were open and ongoing and defendants could not access the investigative files. Defendants have always advised they would provide responsive documents once the investigations concluded and the files were available.

1  Each time plaintiff has inquired as to these files, defendants have confirmed with DPA and IA that
2  their investigations remain open and have so informed plaintiff.  This information was relayed to Mr.
3  Buelna as recently as July 23, 2018, by Sean Connolly, and again on July 27, by Mr. Hannawalt.
4  (Hannawalt Dec. ¶ 8.)

   Plaintiff's counsel is very familiar with officer involved shooting cases and the many
6  investigations that follow such incidents.  Plaintiff filed this lawsuit on December 11, 2015, nine days
7  after the incident.  Plaintiff knew the DPA and IA investigations were and still are ongoing and open.
8  Plaintiff's remedy is a stay of this litigation until those investigations are complete.  Plaintiff has not
9  pursued that option nor sought a motion to compel the documents from the agencies directly.  Instead,
10 plaintiff proceeded at her peril.  Had plaintiff believed the DPA and IA interviews were so critical to
11 her ability to go forward with this case, she should have requested a stay in proceedings or brought a
12 motion against the agencies themselves.

13 Further, plaintiff suffers no prejudice by having not reviewed the interviews conducted by
14 DPA and IA because the only one witness and one defendant testified they reviewed their interviews.

## CONCLUSION

16 Plaintiff's motion is premature and improper.  Counsel have resolved many disputes that have
17 arisen in this case through the meet and confer process.  Plaintiff's motion misrepresents of the status
18 of current disputes and efforts thus far to meet and confer.  Defendants have been working in good
19 faith to cooperate and reach resolutions with plaintiff's burdensome and abusive discovery requests.
20 Defendants request the Court deny plaintiff's motion to allow the meet and confer process to continue.

21 Dated:  July 31, 2018                    DENNIS J. HERRERA
                                            City Attorney
22                                          CHERYL ADAMS
                                            Chief Trial Attorney
23                                          SEAN F. CONNOLLY
                                            JAMES F. HANNAWALT
24                                          KELLY COLLINS
                                            Deputy City Attorneys
25

26                                    By:  */s/ James F. Hannawalt*
                                            JAMES F. HANNAWALT
27                                          Attorneys for Defendants
                                            CITY AND COUNTY OF SAN FRANCISCO, ET AL.
28