DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar #152235
JAMES F. HANNAWALT, State Bar #139567
KELLY COLLINS, State Bar #277988
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3863 [Connolly]
Telephone:     (415) 554-3913 [Hannawalt]
Telephone:     (415) 554-3914 [Collins]
Facsimile:     (415) 554-3837
Email:          sean.connolly@sfcityatty.org
Email:          james.hannawalt@sfcityatty.org
E-Mail:         kelly.collins@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
OFFICER CHARLES AUGUST, OFFICER NICHOLAS
CUEVAS, OFFICER WINSON SETO, OFFICER
ANTONIO SANTOS, OFFICER SCOTT PHILLIPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; a municipal corporation; CHARLES AUGUST, Police Officer for the City and County of San Francisco; NICHOLAS CUEVAS, Police Officer for the City and County of San Francisco; WINSON SETO, Police Officer for the City and County of San Francisco; ANTONIO SANTOS, Police Officer for the City and County of San Francisco; SCOTT PHILLIPS, Police Officer for the City and County of San Francisco; and DOES 1-50, individually and in their official capacities as Police Officers for the City and County of San Francisco, inclusive,<br><br>Defendants. | Case No. 15-cv-05666 WHO<br><br>**DECLARATION OF OFFICER NICHOLAS CUEVAS IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:   September 26, 2018<br>Time:           2:00 p.m.<br>Place:          Courtroom, 2, 17th Floor<br><br>Trial Date:     November 5, 2018 |

I, Nicholas Cuevas, declare as follows:

1. I am a police officer employed by the City and County of San Francisco. I was so employed and on duty on December 2, 2015, the date of the incident on which I understand this action is based. I have personal knowledge of the content of this declaration, based on my direct participation in and observation of the events, and if called upon to testify, I could and would competently testify to its truth.

2. On the afternoon of December 2, 2015, my partner, Scott Phillips, and I were on duty, in full uniform, with department issued firearms, beginning our shift at the Bayview District station when I heard the broadcasts by the DEM dispatcher and Officer Margreiter about a search for a stabbing suspect in the area of Third and Le Conte Streets in San Francisco. I heard the stabbing suspect described as a black male about 5'8" tall who was wearing a black baseball cap with a white emblem, black hooded sweatshirt or jacket, tan pants and a black backpack.

3. Officer Phillips and I drove northbound on Third Street to about the intersection of Third and Gilman. Officers Navarro, Seto, August, and Thompson were already on scene. Other officers arrived, who I later learned included Officer Jesse Ortiz, Officer Jennifer Traw, and Officer Percy Hernandez. As a group, we tried to contain Woods by forming a semi-circle of police between Woods and the civilian bystanders located on and near a Muni bus that was stopped at the curb on Keith Street next to the sidewalk where Woods was standing, as well as at the corner of Keith and Fitzgerald. I was also aware of pedestrians behind myself and fellow officers in the semi-circle. Meanwhile, Woods continued to grip the knife in his right hand and move about on the sidewalk. I do not recall specific commands I gave, if any, but I heard other officers order Woods to drop the knife.

4. Officer Navarro shot Woods a total of four times, hitting Woods below the waist each time with 40 millimeter high-velocity less lethal projectiles.

5. Officer Traw shot Woods with a bean-bag projectile fired from a shotgun.

6. Officer Ortiz sprayed Woods with Oleoresin Capsicum (pepper spray).

7. Woods did not drop the knife, let alone submit to arrest, in response to the application of these use of less lethal force options. The impact weapons and pepper spray did not appear to have any effect on Woods. Based on Woods' lack of response to the less lethal force options, I believed he

was possibly intoxicated and willfully disregarding commands by officers to drop the knife and surrender.

8. On scene, I observed a backpack on the ground in close proximity to Woods. Based on the fact that the original description I heard over the radio included the fact that Woods was suspected of stabbing an individual and had been seen wearing a backpack, I believed the backpack on the ground indicated he had dropped it intending to stand his ground. Additionally, I had heard on the radio that Woods had already charged at officers twice. I believed he was capable of and willing to commit another assault on either officers or civilians.

9. After repeatedly being ordered to drop the knife, shot numerous times with different with high-velocity less lethal projectiles, and sprayed with Oleoresin Capsicum, I continued to hear warnings for Woods to drop the knife. He looked directly at me and shook his head "no." Woods still gripped the knife in his right hand with the blade pointed upwards as he then moved north on the sidewalk. Woods advanced toward Officer August and continued to advance so close to him that I perceived an imminent threat of serious injury or death, so I fired my gun at Woods in defense of Officer August, myself and civilian bystanders I was aware were close by. I believe my use of deadly force complied with the law and was done without either malice for Woods or intent to deprive him of his constitutional rights.

10. At no point, either prior to or following my arrival on scene, was I informed or did I believe Woods was suffering from a mental health crisis. Woods' actions demonstrated a willful failure to follow commands and resist arrest. At no time did it appear to me that Woods did not understand the commands given to him.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I executed this declaration on August 6, 2018, at San Francisco, California.

NICHOLAS CUEVAS