1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Attorney
3  SEAN F. CONNOLLY, State Bar #152235
   JAMES F. HANNAWALT, State Bar #139567
4  KELLY COLLINS, State Bar #277988
   Deputy City Attorneys
5  Fox Plaza
   1390 Market Street, Sixth Floor
6  San Francisco, California 94102-5408
   Telephone:    (415) 554-3863 [Connolly]
7  Telephone:    (415) 554-3913 [Hannawalt]
   Telephone:    (415) 554-3914 [Collins]
8  Facsimile:    (415) 554-3837
   Email:        sean.connolly@sfcityatty.org
9  Email:        james.hannawalt@sfcityatty.org
   E-Mail:       kelly.collins@sfcityatty.org
10
   Attorneys for Defendants ·
11 CITY AND COUNTY OF SAN FRANCISCO,
   OFFICER CHARLES AUGUST, OFFICER NICHOLAS
12 CUEVAS, OFFICER WINSON SETO, OFFICER
   ANTONIO SANTOS, OFFICER SCOTT PHILLIPS
13

14                     UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16 GWENDOLYN WOODS, individually and as        Case No. 15-cv-05666 WHO
   Successor in Interest to Decedent MARIO
17 WOODS,                                       **DECLARATION OF OFFICER SCOTT
                                                PHILLIPS IN SUPPORT OF DEFENDANTS
18        Plaintiff,                            MOTION FOR SUMMARY JUDGMENT**

19        vs.                                   Hearing Date:      September 26, 2018
                                                Time:              2:00 p.m.
20 CITY AND COUNTY OF SAN                        Place:            Courtroom, 2, 17th Floor
   FRANCISCO; a municipal corporation;
21 CHARLES AUGUST, Police Officer for the       Trial Date:        November 5, 2018
   City and County of San Francisco;
22 NICHOLAS CUEVAS, Police Officer for the
   City and County of San Francisco; WINSON
23 SETO, Police Officer for the City and County
   of San Francisco; ANTONIO SANTOS, Police
24 Officer for the City and County of San
   Francisco; SCOTT PHILLIPS, Police Officer
25 for the City and County of San Francisco; and
   DOES 1-50, individually and in their official
26 capacities as Police Officers for the City and
   County of San Francisco, inclusive,
27
         Defendants.
28

Decl Phillips ISO MSJ                            1            n:\lit\li2016\160554\01290185.docx
Woods v. CCSF, et al.; Case No. 15-cv-05666 WHO

I, Scott Phillips, declare as follows:

1.  I am a police officer employed by the City and County of San Francisco.  I was so employed and on duty on December 2, 2015, the date of the incident on which I understand this action is based.  I have personal knowledge of the content of this declaration, based on my direct participation in and observation of the events, and if called upon to testify, I could and would competently testify to its truth.

2.  I completed the San Francisco Police Academy in August of 2015.  On December 2, 2015, I had served as a recruit for fifteen weeks. On the afternoon of December 2, 2015, my field training officer, Nicholas Cuevas, and I were on duty, in full uniform, beginning our shift at the Bayview District station when I heard the broadcasts by the DEM dispatcher and Officer Margreiter about a search for a stabbing suspect in the area of Third and Le Conte Streets in San Francisco.  I heard the stabbing suspect described as a black male about 5'8" tall who was wearing a black baseball cap with a white emblem, black hooded sweatshirt or jacket, tan pants and a black backpack.

3.  Officer Cuevas and I searched the area of Third and Le Conte to no avail.  As Officer Cuevas and I made the decision to start driving to the hospital to interview the stabbing victim, I heard Officer Thompson broadcast over the radio that the suspect had been located, he had a knife, and was coming at his partner.  I also heard Officer Thompson request less lethal ERIW assistance.

4.  My partner and I drove northbound on Third Street to about the intersection of Third and Gilman. We stopped immediately behind the patrol car driven by Officers Seto and Navarro. Officers August and Thompson were already on the sidewalk with guns drawn, shadowing Woods. Officer Cuevas and I, along with Officers Seto and Navarro took up positions to block off Woods' escape routes. Other officers arrived, who I later learned included Officer Jesse Ortiz, Officer Jennifer Traw, and Officer Percy Hernandez.  As a group, we tried to contain Woods by forming a semi-circle of police between Woods and the civilian bystanders in the area.  Meanwhile, Woods continued to grip the knife in his right hand and move about on the sidewalk.  I ordered Woods to drop the knife or I would shoot.  I also heard other officers order Woods to drop the knife and get on the ground.

5.  Upon arrival on scene, I was aware of several civilian bystanders nearby and could hear them yelling throughout the duration of the incident.

6.   Officer Navarro shot Woods a total of four times, hitting Woods below the waist each time with 40 millimeter high-velocity less lethal projectiles.

7.   Officer Traw shot Woods twice with beanbag projectiles fired from a less lethal shotgun.

8.   Officer Ortiz sprayed Woods with Oleoresin Capsicum (pepper spray).

9.   Woods did not drop the knife, let alone submit to arrest, in response to the application of the less lethal force options.  The impact weapons and pepper spray did not appear to have any effect on Woods.  Based on Woods' lack of response to the less lethal force options, I believed he was possibly intoxicated and willfully disregarding commands by officers to drop the knife and surrender.

10.   After being repeatedly ordered to drop the knife, shot numerous times with different with high-velocity less lethal projectiles, and sprayed with Oleoresin Capsicum, Woods turned to the north and began closing the distance between himself and Officer August.  Woods still gripped the knife in his right hand with the blade pointed upwards as he continued to advance toward Officer August.  Woods got within approximately four to five feet of Officer August and was continuing to advance in his direction.  I perceived an imminent threat of serious injury or death to Officer August. Given the totality of the circumstances that included the belief that Woods had recently stabbed somebody, his refusal to disarm himself after being ordered to drop the knife and get on the ground, being hit with several high-velocity less lethal impact rounds, and sprayed with pepper spray, I fired my department issued firearm at Woods in defense of Officer August and civilian bystanders I was aware were close by.  I believe my use of deadly force complied with the law and was done without either malice for Woods or intent to deprive him of his constitutional rights.

11.   At no point, either prior to or following my arrival on scene, was I informed or did I believe Woods was suffering from a mental health crisis.  Woods' actions demonstrated a willful failure to follow commands and resist arrest.  At no time did it appear to me that Woods did not understand the commands given to him.

////

////

////

1        I declare under penalty of perjury under the laws of the United States that the foregoing is true

2    and correct, and that I executed this declaration on August 7, 2018, at San Francisco, California.

3

4                                                SCOTT PHILLIPS