DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar #152235
JAMES F. HANNAWALT, State Bar #139567
KELLY COLLINS, State Bar #277988
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3863 [Connolly]
Telephone:    (415) 554-3913 [Hannawalt]
Telephone:    (415) 554-3914 [Collins]
Facsimile:    (415) 554-3837
Email:        sean.connolly@sfcityatty.org
Email:        james.hannawalt@sfcityatty.org
E-Mail:       kelly.collins@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
OFFICER CHARLES AUGUST, OFFICER NICHOLAS CUEVAS, OFFICER WINSON SETO, OFFICER ANTONIO SANTOS, OFFICER SCOTT PHILLIPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; a municipal corporation; CHARLES AUGUST, Police Officer for the City and County of San Francisco; NICHOLAS CUEVAS, Police Officer for the City and County of San Francisco; WINSON SETO, Police Officer for the City and County of San Francisco; ANTONIO SANTOS, Police Officer for the City and County of San Francisco; SCOTT PHILLIPS, Police Officer for the City and County of San Francisco; and DOES 1-50, individually and in their official capacities as Police Officers for the City and County of San Francisco, inclusive,<br><br>Defendants. | Case No. 15-cv-05666 WHO<br><br>**DECLARATION OF OFFICER WINSON SETO IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:   September 26, 2018<br>Time:           2:00 p.m.<br>Place:          Courtroom, 2, 17th Floor<br><br>Trial Date:     November 5, 2018 |

I, Winson Seto, declare as follows:

1.  I am a police officer employed by the City and County of San Francisco. I was so employed and on duty on December 2, 2015, the date of the incident on which I understand this action is based. I have personal knowledge of the content of this declaration, based on my direct participation in and observation of the events, and if called upon to testify, I could and would competently testify to its truth.

2.  On the afternoon of December 2, 2015, my partner, Officer Shaun Navarro, and I were on duty, in full uniform, beginning our shift at the Bayview District station when I heard the broadcasts by the DEM dispatcher and Officer Margreiter about a search for a stabbing suspect in the area of Third and Le Conte Streets in San Francisco. I heard the stabbing suspect described as a black male about 5'8" tall who was wearing a black baseball cap with a white emblem, black hooded sweatshirt or jacket, tan pants and a black backpack.

3.  Officer Navarro and I responded to Third and Le Conte in a marked police car to assist in the search for the stabbing suspect. After approximately fifteen to thirty minutes, none of the officers had reported locating the stabbing suspect and the Sergeant on scene called off the search. As Officer Navarro and I were preparing to leave the area of Third and Le Conte, I heard Officer Thompson advise on the radio that he had located the stabbing suspect further north on Third Street near Fitzgerald. Officer Thompson also stated that the suspect had a knife and was advancing toward his partner. I heard Officer Thompson request less lethal ERIW on the radio. We had a less lethal ERIW in our patrol car. Officer Thompson's voice on the radio expressed urgency and fear.

4.  I drove northbound on Third Street to approximately the intersection of Third and Gilman. From approximately sixty feet away, I saw Officers August and Thompson facing the person I later learned to be Mario Woods. I saw that Woods had a knife in his hand. I saw Officer Navarro take the ERIW 40 millimeter less lethal shotgun out of the center console area of the patrol car and approach the scene. I then got out of the car and drew my department issued firearm as I approached the scene. I wanted to increase our show of force with the hope that Woods would surrender, and also to be prepared should Woods attack.

5.  I saw and heard other officers arriving, who I later learned included Officer Antonio Santos, Officer Cody Barnes, Officer Jesse Ortiz, Officer Jennifer Traw, and Officer Percy Hernandez. In my experience, suspects who initially refuse to comply with officer orders will do so when they are surrounded, and the presence of a large number of officers will cause them to comply. That did not happen here, which made me believe that Woods presented a heightened level of danger towards the officers and the other people in the area.

6.  As a group, we tried to contain Woods. Woods stood next to a wall, and we formed a semi-circle of police between Woods and the civilian bystanders on and near a Muni bus that was stopped at the curb on Keith Street near the sidewalk where Woods was standing, as well as civilian bystanders at the corner of Keith and Fitzgerald. Meanwhile, Woods continued to grip the knife in his right hand and move about on the sidewalk. I ordered Woods several times to drop the knife. I also heard other officers order Woods to drop the knife.

6.  I saw Officer Navarro fire less lethal projectiles at Woods a total of four times, hitting Woods below the waist each time.

7.  I also saw Officer Traw shoot Woods twice with beanbag projectiles fired from a less lethal shotgun.

8.  I saw Officer Ortiz spray Woods with Oleoresin Capsicum (pepper spray).

9.  After being shot and pepper sprayed, Woods did not drop the knife or submit to arrest. Neither the projectiles nor the pepper spray appeared to me to have any effect on Woods. Based on Woods' lack of response, I believed he could possibly be intoxicated. I also believed that he was willfully disregarding commands by officers to drop the knife and surrender. His willful refusal caused me to believe that he posed a significant danger to me, the other officers, and the civilians in the area. He had already shown he was willing to stab another person, and nothing about his actions or responses indicated to me that he would willingly give up.

10.  Instead of complying with our continued orders after being shot with projectiles and pepper sprayed, Woods turned to the north and began advancing in the direction of Officer August, who stood to the north and nearest the wall. Woods still gripped the knife in his right hand with his arm by his side, with the tip pointed forward as he continued to close the distance between himself and

Officer August, who still had his gun pointed at Woods. When Woods was less than 10 feet from Officer August, and continuing to advance in his direction, Wood's behavior made me believe that Woods would not stop, and that he was getting close enough to Officer August to attack him with the knife in his hand, or get around our perimeter and stab or otherwise hurt the civilian bystanders behind us. I believed that Woods posed an imminent threat of serious injury or death to Officer August. I therefore shot Woods in defense of Officer August and the civilian bystanders behind him. I believed then and continue to believe that my use of deadly force complied with the law and was reasonable under the circumstances. I had no intent to deprive Woods of any of his rights. I acted without malice for Woods, and shot him for the sole purpose of defending Officer August and others from the imminent threat of serious injury or death posed by Woods.

11. At no point, either prior to or following my arrival on scene, was I informed or did I believe Woods was suffering from a mental health crisis. Woods' actions demonstrated a willful failure to follow commands and resist arrest. At no time did it appear to me that Woods did not understand the commands given to him.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I executed this declaration on August 7, 2018, at San Francisco, California.

WINSON SETO

Decl Seto ISO MSJ
Woods v. CCSF, et al.; Case No. 15-cv-05666 WHO
4
n:\lit\li2016\160554\01290183.docx