DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar #152235
JAMES F. HANNAWALT, State Bar #139567
KELLY COLLINS, State Bar #277988
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:   (415) 554-3863 [Connolly]
Telephone:   (415) 554-3913 [Hannawalt]
Telephone:   (415) 554-3914 [Collins]
Facsimile:   (415) 554-3837
Email:       sean.connolly@sfcityatty.org
Email:       james.hannawalt@sfcityatty.org
E-Mail:      kelly.collins@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
OFFICER CHARLES AUGUST, OFFICER NICHOLAS
CUEVAS, OFFICER WINSON SETO, OFFICER
ANTONIO SANTOS, OFFICER SCOTT PHILLIPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; a municipal corporation; CHARLES AUGUST, Police Officer for the City and County of San Francisco; NICHOLAS CUEVAS, Police Officer for the City and County of San Francisco; WINSON SETO, Police Officer for the City and County of San Francisco; ANTONIO SANTOS, Police Officer for the City and County of San Francisco; SCOTT PHILLIPS, Police Officer for the City and County of San Francisco; and DOES 1-50, individually and in their official capacities as Police Officers for the City and County of San Francisco, inclusive,<br><br>Defendants. | Case No. 15-cv-05666 WHO<br><br>**DECLARATION OF OFFICER JENNIFER TRAW IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:   September 26, 2018<br>Time:           2:00 p.m.<br>Place:          Courtroom, 2, 17th Floor<br><br>Trial Date:     November 5, 2018 |

I, Jennifer Traw, declare as follows:

1. I am a police officer employed by the City and County of San Francisco. I was so employed and on duty on December 2, 2015, the date of the incident on which I understand this action is based. I have personal knowledge of the content of this declaration, based on my direct participation in and observation of the events, and if called upon to testify, I could and would competently testify to its truth.

2. On the afternoon of December 2, 2015, my partner, Officer David Wasserman, and I were on duty when I heard the broadcasts by the DEM dispatcher and Officer Margreiter about a search for a stabbing suspect in the area of Third and Le Conte Streets in San Francisco. I heard the stabbing suspect described as a black male about 5'8" tall, thin build, wearing a black baseball cap with a white marking on the front, black hooded sweatshirt or jacket, tan pants and a backpack. Officer Wasserman was driving and I was in the front passenger seat.

3. Officer Wasserman and I arrived in the area of Third and Le Conte and began to search for the suspect from Bayshore Boulevard to San Bruno Avenue and San Bruno Avenue from Bayshore Boulevard to Paul Avenue with negative results.

4. I heard Officer Thompson say over the radio that he had located the suspect at Third Street and Fitzgerald Avenue and that the suspect had a knife in his hand. I also heard Officer Thompson request a unit with an Extended Range Impact Weapon (ERIW). Officer Wasserman and I responded to Officer Thompson's location.

5. While en route, I heard Officer Thompson advise over the radio that the suspect would not drop the knife and that he was advancing towards an officer.

6. As Officer Wasserman and I arrived in the area, I heard Officer Thompson advise over the radio that we had passed the suspect. I heard someone else on the radio say that the suspect was heading towards Gilman Avenue. Officer Wasserman drove to Jennings Street and Gilman Avenue and drove west on Gilman Avenue.

7. Officer Wasserman stopped the car at the corner of Third Street and Gilman Avenue. I took the ERIW out of the center console gun rack and got out of the front passenger seat.

8. Officer Wasserman and I ran around the corner onto Third Street at which time I saw multiple officers with their weapons drawn on a black male subject wearing a black jacket and tan pants on the east sidewalk of Keith and Third Streets. I observed several civilians in the area of the officers and suspect.

9. I heard multiple commands by officers for the suspect to drop the knife. The suspect did not drop the knife.

10. It appeared to me that the suspect understood the commands given and that he willfully disregarded them.

11. With the ERIW, I deployed two beanbag super sock rounds at the suspect. Both rounds hit the suspect.

12. The two beanbag rounds I deployed did not appear to incapacitate the suspect nor did he drop his knife after the beanbag rounds struck him.

13. Based on my training and experience, I anticipate that beanbag rounds will stop an imminent threat and gain compliance over a suspect. The fact that the suspect continued to refuse to drop the knife or surrender after being hit with the beanbag rounds indicated to me that the suspect had a willful desire to not comply with commands. I considered the suspect an imminent threat after the deployment of the beanbag rounds did not result in the suspect dropping the knife or surrendering.

14. At or near the time I deployed the ERIW beanbag rounds, I saw Officer Ortiz step into the semi-circle and attempt to spray the suspect with Oleoresin Capsicum (pepper spray). I am not sure if the Oleoresin Capsicum reached the suspect, but the suspect did not drop the knife following Officer Ortiz's deployment of the spray.

15. I continued to hear multiple orders for the suspect to drop the knife. The suspect did not comply. Instead, he turned to his right and began to advance northbound on Keith Street towards Fitzgerald Avenue in the direction of Officer August.

16. Multiple commands continued to be given to the suspect to drop the knife as he approached Officer August. The suspect did not drop the knife nor did he surrender.

17. The suspect closed the distance between himself and Officer August to approximately six to eight feet at which time I heard and saw multiple officers fire their firearms at the suspect.

18. At the time I heard and saw officers fire their firearms, I believed the suspect was an imminent threat to Officer August, surrounding civilians, and anyone else he might come into contact with based on the fact that I believed he was a stabbing suspect who was still in the area of the crime, with a weapon, not following commands of officers pointing firearms at him, and failing to surrender following less lethal force.

19. At no point, either prior to or following my arrival on scene, was I informed or did I believe the suspect was suffering from a mental health crisis. At all times while I was on scene it appeared to me that the suspect understood commands given. The suspect's actions demonstrated a willful failure to follow commands and resist arrest.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I executed this declaration on August 6, 2018, at San Francisco, California.

                                                                                                     _____#566_____

                                                                                                     JENNIFER TRAW