DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar #152235
JAMES F. HANNAWALT, State Bar #139567
KELLY COLLINS, State Bar #277988
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3863 [Connolly]
Telephone:    (415) 554-3913 [Hannawalt]
Telephone:    (415) 554-3914 [Collins]
Facsimile:    (415) 554-3837
Email:        sean.connolly@sfcityatty.org
Email:        james.hannawalt@sfcityatty.org
E-Mail:       kelly.collins@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
OFFICER CHARLES AUGUST, OFFICER NICHOLAS CUEVAS, OFFICER WINSON SETO, OFFICER ANTONIO SANTOS, OFFICER SCOTT PHILLIPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; a municipal corporation; CHARLES AUGUST, Police Officer for the City and County of San Francisco; NICHOLAS CUEVAS, Police Officer for the City and County of San Francisco; WINSON SETO, Police Officer for the City and County of San Francisco; ANTONIO SANTOS, Police Officer for the City and County of San Francisco; SCOTT PHILLIPS, Police Officer for the City and County of San Francisco; and DOES 1-50, individually and in their official capacities as Police Officers for the City and County of San Francisco, inclusive,<br><br>Defendants. | Case No. 15-cv-05666 WHO<br><br>**DECLARATION OF LIEUTENANT KATHRYN WAALAND IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:    September 26, 2018<br>Time:            2:00 p.m.<br>Place:           Courtroom, 2, 17th Floor<br><br>Trial Date:      November 5, 2018 |

Decl Waaland ISO MSJ                                       1

I, Kathryn Waaland, declare as follows:

1. I am a lieutenant with the San Francisco Police Department ("SFPD") assigned to the legal division. I have also served in the internal affairs division. As a result of my various official duties, I am familiar with Department personnel, training and disciplinary records, and records of the Department of Police Accountability, which, in December of 2015, was the Office of Citizens Complaints. I am also familiar with the disciplinary policies and procedures of the SFPD. As a sworn member of the Department and a supervisor, I have a working knowledge and access to Department general orders, and knowledge of the kinds of use of force training provided by the Department to its members. I have personal knowledge of the contents of this declaration, and, if called upon to testify, I could and would testify competently to the contents of this declaration.

2. In my role described above I am aware of the fact that the City and County of San Francisco is committed by Section 4.127 the City Charter to investigate citizen complaints against police officers through an independent watchdog agency. In December of 2015, the Office of Citizen Complaints ("OCC") was charged with investigating citizen complaints concerning the conduct of on-duty police officers. Pursuant to a Charter Amendment adopted by the voters in 2016, that function was shifted to the Department of Police Accountability ("DPA"). I understand that the events upon which this lawsuit is based occurred in 2015, and therefore explain the process in effect at that time.

3. Each complaint received by the OCC was fully investigated by a staff of trained investigators. Complaints of misconduct are not in and of themselves proof that such misconduct was committed. Complaints themselves may be meritless, frivolous, mistaken, or otherwise without legal or factual basis. Where a complaint was investigated and substantiated, the OCC, would make a finding sustaining such complaint, and refer the officer to the Department for discipline. The officer can contest that finding through a Department or Police Commission hearing process. If OCC, recommended sustaining a complaint and the Department declined to discipline the officer or if OCC believed more severe discipline should be imposed, OCC had the option of bringing disciplinary charges against the officer before the Police Commission.

4. In addition to the investigation and possible discipline regarding citizen complaints described above, the San Francisco Police Department has a long standing written policy that

complaints of misconduct be taken seriously and that such complaints be systematically reviewed in order to learn of officer behavior or patterns that need to be addressed. The policy is contained in the Department General Orders 3.19 (Early Intervention System) and 5.01(N) (Reporting and Investigating Use of Force), which address San Francisco Police officers who receive complaints of excessive force. The Early Intervention System policy dictates the Department's handling and response to officers who fall within its guidelines. The policy identifies officers with a pattern of behavior and requires an elevated course of counseling and training for those officers who meet certain criteria within the policy. Officers come within the scope of the program based on the number of citizen complaints, documented uses of force, and other potential indicators. A true and correct copy of General Order 3.19 is attached hereto as Exhibit A; a true and correct copy of General Order 5.01 is attached hereto as Exhibit B.

5.   The SFPD also has a specialized unit called Internal Affairs that investigates complaints of misconduct, including complaints of excessive force, made by officers and employees of the SFPD against officers.

6.   The San Francisco Police Department has a policy that complaints of misconduct be taken seriously and that such complaints be systematically reviewed in order to learn of officer behavior or patterns that need to be addressed. The policy is contained in the Department General Order

7,   The SFPD has a long-standing policy that prohibits officers from using unreasonable force. A true and correct copy of that General Order 5.01 regarding the use of force is attached hereto as Exhibit B. The SFPD has had a policy since before December 2, 2015 that provides guidelines for the use of firearms and lethal force by members. A true and correct copy of that General Order 5.02 regarding the use of firearms is attached hereto as Exhibit C. The SFPD has had a policy since before December 2, 2015 that provides guidelines for the investigation of officer involved shootings. A true and correct copy of that General Order 8.11 regarding the investigation of officer involved shootings is attached hereto as Exhibit D.

1  I declare under penalty of perjury under the laws of the United States that the preceding
2  declaration is true, and that this declaration was executed on August 13, 2018, at San Francisco,
3  California.