# Exhibit C

San Francisco Police Department            **5.02**
**GENERAL ORDER**            Revised 03/16/11

## USE OF FIREARMS

This order establishes policies and reporting procedures regarding the use of firearms.

## I. POLICY

A. GENERAL. Officers shall use their firearms in accordance with Department General Order 5.01, Use of Force, and this General Order.

B. HANDLING AND DRAWING FIREARMS

1. HANDLING FIREARMS. An officer shall handle and manipulate a firearm in accordance with Department-approved firearms training. An officer shall not manually cock the hammer of the Department-issued handgun to defeat the first shot double-action feature.

2. AUTHORIZED CIRCUMSTANCES. An officer may draw or exhibit a firearm in the line of duty when the officer has reasonable cause to believe it may be necessary for his or her own safety or for the safety of others. When an officer determines that the threat is over, the officer shall holster his or her firearm or hold the shoulder weapon in port arms position pointed or slung in a manner consistent with Department-approved firearms training. If an officer points a firearm at a person and the person is not arrested, and if the circumstances permit, the officer should tell the individual the reason the officer drew the firearm.

3. DRAWING OTHERWISE PROHIBITED. An officer shall not draw a Department-issued firearm except as authorized by this order, for inspection by a superior, maintenance, safekeeping, or Department-approved training.

C. DISCHARGE OF FIREARMS

1. PERMISSIBLE CIRCUMSTANCES. Except as limited by Sections C.4 and C.5., an officer may discharge a firearm in any of the following circumstances:

    a. In self-defense when the officer has reasonable cause to believe that he or she is in imminent danger of death or serious bodily injury.

    b. In defense of another person when the officer has reasonable cause to believe that the person is in imminent danger of death or serious bodily injury. However, an officer may not discharge a firearm at a person who presents a danger only to him

1

or herself, and there is no reasonable cause to believe that the person poses an imminent danger of death or serious bodily injury to the officer or any other person.

c. To apprehend a person when both of the following circumstances exist:

(1) The officer has reasonable cause to believe that the person has committed or has attempted to commit a violent felony involving the use or threatened use of deadly force; AND
(2) The officer has reasonable cause to believe that a substantial risk exists that the person will cause death or serious bodily injury to officers or others if the person's apprehension is delayed.

d. To kill a dangerous animal. To kill an animal that is so badly injured that humanity requires its removal from further suffering where other alternatives are impractical and the owner, if present, gives permission.

e. To signal for help for an urgent purpose when no other reasonable means can be used.

2. VERBAL WARNING. If feasible, and if doing so would not increase the danger to the officer or others, an officer shall give a verbal warning to submit to the authority of the officer before discharging a firearm.

3. REASONABLE CARE. To the extent practical, an officer shall take reasonable care when discharging his or her firearm so as not to jeopardize the safety of innocent members of the public.

4. GENERALLY PROHIBITED CIRCUMSTANCE. As a warning.

5. MOVING VEHICLES. The following policies shall govern the discharge of firearms at or from a moving vehicle or at the operator or occupant of a moving vehicle:

a. <u>At a Moving Vehicle.</u> An officer shall not discharge a firearm at a moving vehicle with the intent to disable the vehicle.

b. <u>From a Moving Vehicle.</u> An officer shall not discharge a firearm from a moving vehicle unless the officer has reasonable cause to believe there is an imminent danger of death or serious bodily injury to the officer or to others.

c. <u>At the Operator or Occupant of a Moving Vehicle.</u> Discharging a firearm at the operator or occupant of a moving vehicle is inherently dangerous to officers and the public. Disabling the operator will not necessarily eliminate an imminent danger of death or serious bodily injury. Further, a moving vehicle with a disabled operator may crash and cause injury to innocent members of the public or officers. Accordingly, it is the policy of the Department that **officers are**

**prohibited from discharging their firearm at the operator or occupant of a moving vehicle except in the narrow circumstances set in this subsection (c).** An officer shall not discharge a firearm at the operator or occupant of a moving vehicle except under the following circumstances:

(1) If the operator or occupant of a moving vehicle is threatening the officer with imminent danger of death or serious bodily injury by means other than the vehicle itself.

(2) If the operator of the moving vehicle is threatening the officer with imminent danger of death or serious bodily injury by means of the vehicle, and the officer has no reasonable and apparent way to retreat or otherwise move to a place of safety.

(3) In defense of another person when the officer has reasonable cause to believe that the person is in imminent danger of death or serious bodily injury.

(4) To apprehend a person when both of the following circumstances exist:

   (a) The officer has reasonable cause to believe that the person has committed or has attempted to commit a violent felony involving the use or threatened use of deadly force; AND

   (b) The officer has reasonable cause to believe that a substantial risk exists that the person will cause death or serious bodily injury to officers or others if the person's apprehension is delayed.

d. In reviewing incidents involving the discharge of firearms from a moving vehicle or at an operator or occupant of a moving vehicle, the Department will consider the totality of the circumstances, including but not limited to whether the officer or others were in imminent danger of death or serious bodily injury and whether the officers who were present employed tactics consistent with Department-approved training.

D. REPORTING DISCHARGE OF FIREARMS. Except for firearm discharges at an approved range or during lawful recreational activity, an officer who discharges a firearm, either on or off duty, shall report the discharge as required under Department General Order 8.11. This includes an intentional or unintentional discharge, either within or outside the City and County of San Francisco.

---

**References**
DGO 3.10, Firearms Discharge Review Board
DGO 5.01, Use of Force
DGO 8.01, Critical Incident Notification
DGO 8.04, Critical Incident Response Team
DGO 8.11, Officer-Involved Shootings