# Exhibit A

JOHN L. BURRIS, Esq. SBN 69888
ADANTÉ D. POINTER Esq. SBN 236229
DEWITT M. LACY, Esq. SBN 258789
MELISSA C. NOLD, Esq. SBN 301378
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
dewitt.lacy@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; a municipal corporation; CHARLES AUGUST, Police Officer for the City and County of San Francisco; NICHOLAS CUEVAS, Police Officer for the City and County of San Francisco Police Department; WINSON SETO, Police Officer for the City and County of San Francisco; ANTONIO SANTOS, Police Officer for the City and County of San Francisco; SCOTT PHILLIPS, Police Officer for the City and County of San Francisco; and DOES 1-50, individually and in their official capacities as Police Officers for the City and County of San Francisco, inclusive.<br><br>Defendants. | CASE NO.: 3:15-05666-JCS<br><br>FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>JURY TRIAL DEMANDED |

# INTRODUCTION

1. In the afternoon of December 2, 2015, 26-year old Mr. Mario Woods was walking on Third Street, in the Bayview neighborhood of San Francisco. City and County of San Francisco Police Officers Charles August, Nicholas Cuevas, Winson Seto, Antonio Santos, Scott Phillips and other yet-to-be-identified City and County of San Francisco Police Officers reportedly approached Mr. Woods because he loosely fit the description of a suspect they were looking for earlier in the day. Mr. Woods attempted to avoid an interaction with the officers by slowly moving away from the officers, while periodically stopping and making incoherent gestures.

2. One or more of the Officers shot Mr. Woods with rubber bullets as he cowered and then slowly continued to stumble down the street. Next, one of the officers stepped away from the other officers and placed himself directly in Mr. Woods' path, while pointing his gun at Mr. Woods. Although Mr. Woods did not pose a direct and immediate threat to anyone and had his hands by his side, Officers Charles August, Nicholas Cuevas, Winson Seto, Antonio Santos and Scott Phillips opened fire on him. The hail of gunfire was the inevitable result of the officer placing himself and his gun directly in front of the disoriented young man. Mr. Woods died as a result of the injuries inflicted by the 20+ gunshot wounds. The horrific public execution was caught on video by at least three different people, which show the shooting from several angles. None of the videos show Mr. Woods creating an imminent threat to anyone prior to being riddled with bullets from head to toe.

3. This action seeks to recover damages for the violation of Mr. Wood's rights and the rights of his mother, Ms. Gwendolyn Woods. Mr. Woods never had any children and his father predeceased him making Ms. Woods his only surviving parent and heir.

# JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in San Francisco, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

# PARTIES

5. Plaintiff herein, GWENDOLYN WOODS is, and at all times herein mentioned was a citizen of the United States. Plaintiff is the Successor in interest and biological mother of decedent, MARIO WOODS. Decedent, MARIO WOODS, was not married at the time of his death, did not have children and died without leaving a will. Decedent WOODS' biological father is deceased.

6. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter referred to as "CCSF") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the CITY AND COUNTY OF SAN FRANCISCO operates the San Francisco Police Department ("SFPD").

7. Defendant CHARLES AUGUST (hereinafter referred to as "AUGUST") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a police officer for the City and County of San Francisco.

8. Defendant NICHOLAS CUEVAS (hereinafter referred to as "CUEVAS") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a police officer for the City and County of San Francisco.

9. Defendant WINSON SETO (hereinafter referred to as "SETO") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a police officer for the City and County of San Francisco.

10. Defendant ANTONIO SANTOS (hereinafter referred to as "SANTOS") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a police officer for the City and County of San Francisco.

11. Defendant SCOTT PHILLIPS (hereinafter referred to as "PHILLIPS") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a police officer for the City and County of San Francisco.

12. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes

and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend her complaint subject to further discovery.

13. In engaging in the conduct alleged herein, defendant police officers acted under the color of law and in the course and scope of their employment with CCSF. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of CCSF.

## STATEMENT OF FACTS

14. On December 2, 2015, at approximately 4:30 p.m., Decedent Mario Woods was walking down Third Street, headed towards Fitzgerald Avenue, in the City of San Francisco.

15. City of San Francisco Police Officers Charles August, Nicholas Cuevas, Winson Seto, Antonio Santos, Scott Phillps and other yet-to-be-identified City and County of San Francisco Police Officers approached Mr. Woods with their guns drawn, because he reportedly fit the description of a person suspected of stabbing an unidentified person in the left bicep earlier that day.

16. Eye-witnesses report and cellphone video footage of the incident indicates Mr. Woods was clearly disoriented when the officers confronted him, as he slowly made his way down Third Street. According to police, one or more of the officers shot Mr. Woods with rubber bullets. The show of force the officers displayed coupled with the impact of the projectiles caused Mr. Woods to cower and stumble. Mr. Woods regained his footing and continued to feebly travel down Third Street, closely following alongside of the buildings beside him.

17. As Mr. Woods slowly continued down the street, Officer August suddenly stepped away from the other officers and directly into Mr. Woods' path. Officer August pointed his gun at Mr. Woods, creating an unnecessary, direct and deadly confrontation. As Mr. Woods continued to slowly

walk down the street with his hands by his sides, Officers August, Cuevas, Seto, Santos and Phillips opened fire on him, shooting dozens of rounds as horrified citizens watched the carnage in disbelief. Officer August's decision to unnecessarily place himself in Mr. Woods' path with his gun drawn set in motion a chain of events that culminated in Mr. Woods' tragic death.

18. According to eye-witnesses and cellphone video footage, Mr. Woods was not doing anything that posed an imminent threat to the officers or anyone else when the police ruthlessly shot him down on that fateful day. The incident was caught on cellphone cameras from at least three different angles, which fail to show any direct threat to the officers or public and contradict the police version of the events. This modern day public execution by a five member SFPD firing squad left 26 year-old Mario Woods dead from over 20 gunshot wounds. He leaves behind a devastated family and an outraged community.

19. Plaintiff is informed and believe and thereon allege that CCSF, Chief Suhr and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Officers August, Cuevas, Seto, Santos, Phillips, and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendant Officers August, Cuevas, Seto, Santos, Phillips and Does 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and/or deadly force and the fabrication of official reports to cover up defendant Officers August, Cuevas, Seto, Santos, Phillips, and Does 1-25 inclusive, misconduct.

20. Plaintiff is informed, believes and thereon alleges that Chief Suhr attempted to cover up Defendant Officers' conduct by releasing still images taken from a cell phone video of the shooting, which claimed to show the Decedent's hands in an aggressive manner, immediately before the shooting. At the time of the press conference, Chief Suhr knew or should have known that the still photos did not represent the moments immediately before the shooting, but seconds after the barrage of gunfire began. There was technology at Chief Suhr's disposal which could have matched the audio and visual images, to determine when the shots were fired. Chief Suhr either opted not to utilize this technology or intentionally omitted it from his presentation, in an attempt to justify Defendant Officers' use of deadly force.

21. Plaintiff is informed, believes and thereon alleges that CCSF, Chief Suhr and DOES 26-50 were aware of Officer August' history of violence against citizens. In November 2014, CCSF, Chief Suhr, and Defendant August were sued in this court, for allegations of excessive force and Monell liability, stemming from a 2013 incident where a man was beaten for several minutes while in handcuffs, resulting in multiple injuries, including a broken ankle (Case No. 3:14-cv-03542-JCS).

22. Plaintiff is informed, believes and thereon alleges that CCSF, Chief Suhr and DOES 26-50 were aware of Officer Nicholas Cuevas' history of violence against citizens. In August 2011, Defendant Cuevas was sued in this court, for excessive force, in an incident stemming from a 2009 incident where Cuevas shot two unarmed men in the back while they were running away (Case No.C11-04221). CCSF hired Defendant Cuevas in 2011, despite the pending litigation for excessive force, information that should have been disclosed and/or would have been easily ascertained doing a background investigation.

23. Plaintiff is informed, believes and thereon alleges that members of the San Francisco Police Department, including, but not limited to Defendant Officers August, Cuevas, Seto, Santos, Phillips and Does 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against decedent, Mario Woods.

24. Plaintiff is further informed, believe and therein allege that as a matter of official policy – rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the City of San Francisco, SFPD has allowed persons to be abused by its Police Officers including Defendant Officers August, Cuevas, Seto, Santos, Phillips and Does 1-25 and/or each of them, individually and/or while acting in concert with one another.

25. Plaintiff is informed, believes and therein alleges that SFPD Police Officers exhibit a pattern and practice of using excessive and/or deadly force against citizens, as evidenced by the more than 106 SFPD Officer involved shootings of citizens, which have occurred since 2000. Of those 106 shootings Plaintiff is aware of, 40 people have died and at least 35 people have been injured. In 2015 alone San Francisco Police Officers have intentionally shot and killed three people. In each and every one of the shooting cases wherein a person died as a result of the Officers' use of deadly force, SFPD has found

the Officer used deadly force within policy even under the most questionable of circumstances. SFPD's failure to discipline or retrain any of the involved Officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of SFPD's failure to properly supervise its Police Officers and ratify their unconstitutional conduct.

26. Plaintiff is informed, believes and therein alleges that CCSF knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

27. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend her complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

28. Plaintiff was mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiff's loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support as a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment.

29. Plaintiff as Successor in interest to Mario Woods is entitled to recover damages pursuant to the decedent's right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

30. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of decedent and plaintiff under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that she is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

# FIRST CAUSE OF ACTION

## Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

**(Gwendolyn Woods, as Successor in interest to Decedent Mario Woods**

**v. Defendants August, Cuevas, Seto, Santos, Phillips and Does 1-25 inclusive)**

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 of this complaint.

32. Defendants' above-described conduct violated Decedent's right, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

33. Mario Woods was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

34. Mario Woods did not file a legal action before his death;

35. Plaintiff, is the sole successor in interest of Mario Woods' claims damages for the conscious pain and suffering incurred by Mario Woods, as provided for under 42 U.S.C. §1983.

36. Defendants acted under color of law by shooting and killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving the decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

# SECOND CAUSE OF ACTION

**(Violations of Plaintiff's Civil Rights to Familial Relationship)**

### (42 U.S.C. § 1983)

**(Gwendolyn Woods as Successor in interest to Mario Woods**

**v. Defendants August, Cuevas, Seto, Santos, Phillips and Does 1-25 inclusive)**

37. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 36 of this Complaint as though fully set forth;

38. Defendants, acting under color of state law, and without due process of law, deprived

Plaintiff of her right to a familial relationship by seizing Decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation and did attempt to conceal their extraordinary use of force and hide the true cause of Decedent's demise to deprive Plaintiff of her right to seek redress in violation of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### (Monell – 42 U.S.C. section 1983)

### (Gwendolyn Woods v. CCSF and DOES 26-50)

39. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 38 of this Complaint.

40. Plaintiff is informed and believes and thereon alleges that high-ranking CCSF officials, including high-ranking police supervisors such as Chief Suhr and DOES 26 through 50, and/or each of them, knew and/or reasonably should have known about the repeated acts unconstitutional use of deadly force by SFPD Officers.

41. Despite having such notice, Plaintiff is informed and believes and thereon alleges that CCSF, Chief Suhr & DOES 26-50, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by SFPD which brought about Defendant DOES 1-25 unlawfully shooting Mario Woods to death.

42. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers August, Cuevas, Seto, Santos, Phillips, and DOES 1-25 and/or each of them, ratified and encouraged these officers to continue their course of misconduct.

43. Plaintiff further alleges that Defendants CCSF, Chief Suhr, and DOES 26-50

and/or each of them, were on notice of the Constitutional defects in their training of SFPD police officers, including, but not limited to unlawfully using deadly force to make detentions and/or arrests.

44. Plaintiff is further informed and believes and thereon alleges that CCSF, Chief Suhr and DOES 1-26 knew or should have known of Defendant August and Cuevas history of abuse, but failed to discipline and/or terminate and/or refrain from hiring them.

45. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CCSF officials, including high ranking SFPD supervisors, including Chief Suhr, DOES 26-50, and each of them resulted in the deprivation of Plaintiff and Decedent's constitutional rights including, but not limited to the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by police officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH & DAMAGES - 10

     4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants, DOES 1 through 25 and/or each of them;

     5. Any and all permissible statutory damages;

     6. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. §794a; and

     7. For cost of suit herein incurred.

Dated: December 15, 2015            **THE LAW OFFICES OF JOHN L. BURRIS**

                                        */s/ John L. Burris*
                                        **JOHN L. BURRIS**
                                        **Attorneys for Plaintiff**
                                        **GWENDOLYN WOODS**