# Exhibit C

| | |
|---|---|
| 1 | DENNIS J. HERRERA, State Bar #139669<br>City Attorney |
| 2 | CHERYL ADAMS, State Bar #164194<br>Chief Trial Attorney |
| 3 | SEAN F. CONNOLLY, State Bar #152235<br>Deputy City Attorney |
| 4 | Fox Plaza<br>1390 Market Street, Sixth Floor |
| 5 | San Francisco, California 94102-5408<br>Telephone: (415) 554-3863 |
| 6 | Facsimile: (415) 554-3837<br>Email: sean.connolly@sfgov.org |

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
OFFICER CHARLES AUGUST, OFFICER NICHOLAS
CUEVAS, OFFICER WINSON SETO, OFFICER
ANTONIO SANTOS, OFFICER SCOTT PHILLIPS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; a municipal corporation; CHARLES AUGUST, Police Officer for the City and County of San Francisco; NICHOLAS CUEVAS, Police Officer for the City and County of San Francisco; WINSON SETO, Police Officer for the City and County of San Francisco; ANTONIO SANTOS, Police Officer for the City and County of San Francisco; SCOTT PHILLIPS, Police Officer for the City and County of San Francisco; and DOES 1-50, individually and in their official capacities as Police Officers for the City and County of San Francisco, inclusive,<br><br>Defendants. | Case No. 15-cv-05666 WHO<br><br>**DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO'S, OFFICER CHARLES AUGUST, OFFICER NICHOLAS CUEVAS, OFFICER WINSON SETO, OFFICER ANTONIO SANTOS, AND OFFICER SCOTT PHILLIPS' ANSWER TO SECOND AMENDED COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Case 3:15-cv-05666-WHO Document 155-3 Filed 03/22/18 Page 3 of 18

## INTRODUCTION

Defendants City and County of San Francisco, Officer Charles August, Officer Nicholas Cuevas, Officer Winson Seto, Officer Antonio Santos, and Officer Scott Phillips ("Defendants") hereby respond to plaintiff's Second Amended Complaint ("SAC").

On December 2, 2015, decedent Mario Woods ("Woods") stabbed an unarmed man with a knife in an unprovoked attack in the Bayview District of San Francisco. Police were summoned. When officers arrived at the scene of the stabbing, witnesses provided police with a physical description of Woods and pointed to the direction that Woods had fled. A short time later, officers located Woods, who matched the description of the suspect, near the intersection of Fitzgerald and Keith Streets. Woods was still armed with the knife. Officers approached Woods and immediately ordered him to drop the knife, but Woods refused. Woods advanced abruptly toward the officers and the officers backed away. In an effort to subdue and arrest Woods, the officers requested non-lethal weapons be brought to the scene. The officers continued to plead with Woods to drop the knife and surrender, but Woods refused. Woods told the first officers on scene that they would have to "shoot" him before he would drop the knife.

As the officers tried to contain Woods, back-up officers arrived with the less than lethal weapons. The officers fired bean bags at Woods and ordered him to drop the knife. Woods refused. The officers fired rubber bullets and ordered Woods to drop the knife. Woods refused. Officers deployed pepper spray and ordered Woods to drop the knife. Woods refused. None of the alternative forms of force had any effect on Woods. The officers and bystanders told Woods to drop the knife, but he continued to refuse and would not submit to arrest. Many bystanders were present in the vicinity where police were trying to persuade Woods to surrender.

Woods was a suspect in a violent felony and was armed with a deadly weapon. Woods refused repeated lawful orders to drop his weapon and refused to submit to arrest. Failing to surrender peacefully, Woods posed an imminent danger to bystanders and officers. Woods, while still armed with a weapon, attempted to flee by walking past the officers and toward the area where numerous bystanders congregated. Officers, who have no duty to retreat, who may block the path of a fleeing suspect, who have a responsibility to arrest persons where probable cause exists to believe that person

has committed a violent felony, and who have a responsibility to protect innocent bystanders and themselves, and faced with the imminent threat of another violent assault, shot Woods in defense of self and others. Officers immediately rendered first aid.

Officers recovered the knife from the scene. The knife measures eight and one half inches, with a four and one half inch, serrated blade. DNA found on the blade matched the DNA from the stabbing victim. Results of toxicology tests by the medical examiner revealed that at the time he was shot Woods was under the influence of a volatile combination of legal and illegal drugs, including methamphetamine.

The officers' actions were well within the settled parameters regarding the use of lethal force by police officers as spelled out by the United States Supreme Court, including *Tennessee v. Garner*, 471 U.S. 1 (1985) and *Graham v Connor*, 490 U.S. 386 (1989), and the Ninth Circuit Court of Appeals, including *Blanford v Sacramento County*, 406 F. 3d 1110 (9th Cir. 2005). Police officers need not use the least intrusive form of force when dealing with an armed suspect who poses a threat to the public or police officers. Police officers need not wait until they or a member of the public are assaulted before using lethal force to effect an arrest. When a suspect refuses to disarm and refuses to surrender peacefully, officers may use such force as is necessary to protect the public and themselves, and to effect the arrest.

**DEFENDANTS ANSWER AS FOLLOWS**:

1. With respect to the allegations contained in this paragraph, defendants respond as follows: Defendants deny the truth of this paragraph. This paragraph misrepresents the known facts. Officers approached Woods because he matched the specific description of a suspect who had stabbed a person a short time earlier in the vicinity. Furthermore, Woods was armed at the time he was approached by police and refused repeated commands to drop the weapon. Woods responded by telling officers that they would have to shoot him before he would surrender.

2. With respect to the allegations contained in this paragraph, defendants respond as follows: Defendants deny the truth of this paragraph. This paragraph misrepresents the known facts. Woods refused to surrender, was unaffected by attempts to use less lethal forms of force, and

1  attempted to escape from the officers, thereby endangering them and innocent bystanders who were in his path.

3.  With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendant denies the allegations.

**JURISDICTION**

4.  Defendants deny that plaintiff has a lawful action. Defendants deny committing any violation of any law, has no information as to whether plaintiff is a proper plaintiff, and on that basis denies any allegation contained in this paragraph. Jurisdiction and venue appear to be proper.

**PARTIES**

5.  With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

6.  Defendants admit the truth of this paragraph.

7.  Defendants admit the truth of this paragraph.

8.  Defendants admit the truth of this paragraph.

9.  Defendants admit the truth of this paragraph.

10. Defendants admit the truth of this paragraph.

11. Defendants admit the truth of this paragraph.

12. With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

13. Defendants admit that the individual officers acted within the course and scope of their authority as police officers and employees of the San Francisco Police Department. Defendants deny that the individual officers exceeded the authority vested in them as police officers under the United States Constitution, California Constitution, and as employees of the City.

14. With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

**STATEMENT OF FACTS**

15. With respect to the allegations set forth in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations. Defendants admit that at on or about 4:36 p.m. on December 2, 2015, Mario Woods was in the general vicinity of Third Street and Fitzgerald in the City of San Francisco.

16. With respect to the allegations set forth in this paragraph, defendants deny the truth of these allegations as characterized. This paragraph, as phrased, is an inaccurate characterization of the events described.

17. With respect to the allegations set forth in this paragraph, defendants deny the truth of these allegations as characterized. This paragraph, as phrased, is an inaccurate characterization of the events described.

18. With respect to the allegations contained in this paragraph, defendants respond as follows: Defendants deny the truth of this paragraph. This paragraph misrepresents the known facts. Woods was an armed and dangerous suspect in a violent felony. He refused repeated orders to disarm himself, refused to surrender, was impervious to other less than lethal forms of forced used to subdue him, and attempted to advance at a police officer and toward bystanders in an effort to avoid arrest at the time he was shot.

19. With respect to the allegations contained in this paragraph, defendants respond as follows: Defendants deny the truth of this paragraph. This paragraph misrepresents the known facts. Woods was an armed and dangerous suspect to a violent felony. He refused repeated orders to disarm himself, refused to surrender, was impervious to other less than lethal forms of forced used to subdue him, and attempted to advance at a police officer and toward bystanders in an effort to avoid arrest at the time he was shot. Under the circumstances, the officers were well within their legal authority to resort to lethal force to effect an arrest.

20. Defendants deny all the allegations set forth in this paragraph.

21. Defendants deny all the allegations set forth in this paragraph. Plaintiff mischaracterizes the events and further lacks any scientific or factual foundation for such allegations.

22. Except to the fact that an action was filed in this Court naming Officer August as a party to a lawsuit, defendants deny all the allegations set forth in this paragraph. Plaintiff grossly and unfairly distorts the facts and circumstances of the cited case in a transparent and gratuitous attempt to prejudice the Court against defendants, thereby depriving them of a fair trial.

23. Except to the fact that an action was filed in this Court naming Officer Cuevas as a party to a lawsuit, defendants deny all the allegations set forth in this paragraph. Plaintiff grossly and unfairly distorts the facts and circumstances of the cited case in a transparent and gratuitous attempt to prejudice the Court against defendants, thereby depriving them of a fair trial.

24. Defendants deny all the allegations set forth in this paragraph. Further, plaintiff lacks any foundation for such allegations.

25. Defendants deny all the allegations set forth in this paragraph. Further, plaintiff lacks any foundation for such allegations.

26. Defendants deny all the allegations set forth in this paragraph. With respect to the statistical data alleged in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations. Defendants are informed and believes that plaintiff is misinformed, mischaracterizes facts, distorts data, and otherwise lacks foundation for such allegations.

27. Defendants deny all the allegations set forth in this paragraph. Further, plaintiff lacks any foundation for such allegations.

28. With respect to the allegations set forth in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

Defts' Answer to Second Amended Complaint
Woods v. CCSF, et al.; Case No. 15-cv-05666 WHO
6
n:\lit\li2016\160554\01156063.docx

# DAMAGES

29. With respect to the allegations set forth in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

30. Defendants deny the allegations set forth in this paragraph.

31. With respect to the allegations set forth in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

32. With respect to the allegations set forth in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

# FIRST CAUSE OF ACTION

**Violation of Fourth Amendment of the United States Constitution**
**(42 U.S.C. Section 1983)**
**(Gwendolyn Woods, as Successor in Interest to Decedent Mario Woods v. Defendants August, Cuevas, Seto, Santos, Phillips and Does 1-25 inclusive)**

33. Defendants hereby incorporate by reference all previous responses as if set forth in full.

34. Defendants deny any and all allegations contained in this paragraph.

35. With respect to the allegations set forth in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

36. With respect to the allegations set forth in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

37. With respect to the allegations set forth in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

38. With the exception that the individual officers acted under color of law, defendants deny all other allegations in this paragraph, including subsection a.

## SECOND CAUSE OF ACTION

**Violations of Plaintiff's Civil Rights to Familial Relationship**
**(42 U.S.C. Section 1983)**
**(Gwendolyn Woods, as Successor in Interest To Decedent Mario Woods v. Defendants August, Cuevas, Seto, Santos, Phillips and Does 1-25 inclusive)**

39. Defendants hereby incorporate by reference all previous responses as if set forth in full.

40. Defendants deny any and all allegations contained in this paragraph.

## THIRD CAUSE OF ACTION

**(Monell - 42 U.S.C. Section 1983)**
**(Gwendolyn Woods v. CCSF and DOES 26-50)**

41. Defendants hereby incorporate by reference all previous responses as if set forth in full.

42. Defendants deny any and all allegations contained in this paragraph.

43. Defendants deny any and all allegations contained in this paragraph.

44. Defendants deny any and all allegations contained in this paragraph.

45. Defendants deny any and all allegations contained in this paragraph.

46. Defendants deny any and all allegations contained in this paragraph.

47. Defendants deny any and all allegations contained in this paragraph.

## FOURTH CAUSE OF ACTION

**(Wrongful Death - Negligence)**
**(C.C.P. §377.60 AND 377.61)**
**(Gwendolyn Woods, as Successor in Interest To Decedent Mario Woods v. Defendants August, Cuevas, Seto, Santos, Phillips and Does 1-25 inclusive)**

48. Defendants hereby incorporate by reference all previous responses as if set forth in full.

49. Defendants deny the allegations as set forth in this paragraph.

50. With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

51. With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations, and defendants deny outright any allegation of negligence.

52. With respect to the allegations contained in this paragraph, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in this paragraph, and, on that basis, defendants deny the allegations.

## FIFTH CAUSE OF ACTION

**(Violation of Right To Enjoy Civil Rights)**
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
**(Gwendolyn Woods, as Successor in Interest To Decedent Mario Woods Against Defendants August, Cuevas, Seto, Santos, Phillips and Does 6-25)**

53. Defendants hereby incorporate by reference all previous responses as if set forth in full.

54. Defendants deny the allegations as set forth in this paragraph.

## SIXTH CAUSE OF ACTION

**(Battery)**
**(Gwendolyn Woods, as Successor in Interest To Decedent Mario Woods v. Defendants August, Cuevas, Seto, Santos, Phillips and Does 1-25 inclusive)**

55. Defendants hereby incorporate by reference all previous responses as if set forth in full.

56. Defendants deny the allegations as set forth in this paragraph.

## JURY DEMAND

57. Defendants join in plaintiff's request for a jury trial.

## PRAYER

Responding to the allegations in plaintiff's prayer of the Second Amended Complaint, defendants lack information sufficient to enable it to form a belief as to the truth of the allegations in those paragraphs, and, on that basis, defendants deny the allegations.

Defendants further deny any allegation inadvertently unaddressed, and any and all prayer for damages.

## SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against any defendant.

## SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk - Peril)

Defendants allege that decedent realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the SAC herein; that decedent, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by plaintiff was caused by said risks which were accepted and voluntarily assumed by decedent, when engaging in said activity.

## THIRD AFFIRMATIVE DEFENSE

(Assumption of the Risk)

Defendants allege that decedent had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the SAC herein; that decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said SAC; and that the loss or damage, if any, sustained by the plaintiff was caused by said risks that were accepted and voluntarily assumed by decedent.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Defendants allege that the SAC and each and every cause of action therein is barred because plaintiff/decedent failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any, from defendants.

## FIFTH AFFIRMATIVE DEFENSE

(Defendants' Act Not A Proximate Cause)

Defendants state that any act or omission on the part of the answering defendants, their agents or employees, was not the proximate cause of plaintiff's injury.

## SIXTH AFFIRMATIVE DEFENSE

(Denial of Damages)

Defendants deny that plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendants allege the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

**EIGHTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendants claim the immunities under the applicable provisions of the California Government Code, including without limitation sections 820.8, 830-835.4.

**NINTH AFFIRMATIVE DEFENSE**

(Barred by Tort Claims Act and Failure to file Claim)

Defendants allege that to the extent the SAC includes allegations within the scope of the California Tort Claims Act, the SAC is barred by the following provisions of the California Tort Claims Act: Government Code sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

**TENTH AFFIRMATIVE DEFENSE**

(Good Faith)

Defendants allege that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Frivolous Action)

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling defendants to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

The SAC and each cause of action therein are barred by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Proper Conduct)

As a separate and affirmative defense to the SAC and to each and every allegation contained therein, defendants allege that at all times and places mentioned in the SAC, defendants acted without malice and with a good faith belief in the propriety of their conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Acting in Good Faith)

As a separate and affirmative defense to the SAC and to each and every allegation set forth therein, defendants allege that at all times mentioned in the SAC, defendants performed and discharged in good faith each and every obligation, if any, owed to plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Privilege)

As a separate and affirmative defense to the SAC and to each and every allegation contained therein, defendants allege that their conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Immunities)

As a separate and affirmative defense to the SAC and to each and every allegation contained therein, defendants assert the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Public Liability Act)

Defendants allege the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of defendants' duties and liabilities in this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Immunity: Exemplary Damages)

Defendants allege that San Francisco, as a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Decedent's Conduct Reckless and Wanton)

Defendants allege that at all times mentioned in plaintiff's SAC herein, decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the SAC; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiff's claim is barred.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Discretionary Act Immunity)

Defendants allege that the act or omissions which plaintiff claims give rise to liability in this case were within the discretion of San Francisco employees acting within the course and scope of their employment and, as a result, plaintiff's claim is barred by the discretionary act immunity contained in California Government Code section 820.2 and its related provisions.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Privilege)

Defendants allege that if any force was used by defendants against the decedent herein, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Justified Use of Force)

The SAC and each cause of action therein is barred because the use of force against the decedent by the employees of defendants, if any, was privileged and justified.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Comparative Negligence)

Defendants allege by way of a plea of comparative negligence that decedent was negligent in and about the matters and activities alleged in the SAC; that decedent's negligence contributed to and was a proximate cause of decedent and/or plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against defendants by virtue of the SAC, defendants pray that the recovery be diminished or extinguished by reason of the negligence of the decedent in proportion to the degree of fault attributable to the decedent.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Arrest)

Defendants allege that if any force was used to effect the arrest of the decedent herein by the Doe defendants, such force was authorized and privileged pursuant to Sections 835 and 835a of the California Penal Code and as a proximate result thereof, plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Resisting Arrest)

Defendants allege that decedent was under a duty pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist his arrest; that decedent breached his duty even though he knew or by the exercise of reasonable care should have known that he was being arrested by a peace officer; that as a direct and proximate result of decedent's breach of this duty plaintiff is barred from recovery for any loss or damage plaintiff may have incurred, if any there be.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Plaintiff/Decedent Assaulted Police)

Defendants allege that at all times mentioned in plaintiff's SAC herein, decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting officers; that it became and was necessary to use force on the person of the decedent to defend said arresting officers from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by plaintiff were proximately caused by the necessary use of said reasonable force on the

person of decedent and not otherwise; and that by reason of decedent instituting said vicious and violent assault on the persons of said arresting officers, decedent's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers from said assault, plaintiff's claim, if any, is barred by law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Prevent Injury/Escape)

Defendants allege that no more force was used on decedent's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

Defendants allege that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Immunity from Injury Caused by Person Resisting Arrest)

Defendants allege that, pursuant to California Government Code section 845.8, defendants are immune from liability as a matter of law for injury caused to plaintiff by a person resisting arrest.

### THIRTIETH AFFIRMATIVE DEFENSE

(Failure to State Relief Under 42 U.S.C. 1983)

Defendants allege that plaintiff has failed to allege facts in the SAC sufficient to state a claim for relief under 42 U.S.C. 1983 against defendant, its agents, employees and particularly its police officers.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(City and County of San Francisco Not a Proper Party)

Defendants allege that plaintiff has failed to allege sufficient, specific facts against defendant CCSF, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Mutual Combat)

Defendants allege that decedent had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the SAC herein; that decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said SAC, and that the loss or damage, if any, sustained by plaintiff were caused by said risks, which were accepted and voluntarily assumed by decedent when he engaged in said activity.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Self Defense)

Defendants allege by way of a plea of self-defense that defendant employees honestly and reasonably believed that decedent was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self-defense.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(No Breach of Duty)

Defendants further allege that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to plaintiff.

**ADDITIONAL AFFIRMATIVE DEFENSES**

1. Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing from Defendants;

2. That the Second Amended Complaint against Defendants be dismissed with prejudice;

3. That Defendants recover their costs of suit herein, including attorneys' fees; and

4. For such other relief as is just and proper.

////

////

1 | Defendants respectfully demand a jury trial.

2 | Dated: December 12, 2016

3 | DENNIS J. HERRERA
City Attorney
4 | CHERYL ADAMS
Chief Trial Attorney
5 | SEAN F. CONNOLLY
Deputy City Attorney

6 |

7 | By: _____*/s/ Sean F. Connolly*_____
SEAN F. CONNOLLY

8 | Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
9 | OFFICER CHARLES AUGUST, OFFICER NICHOLAS
CUEVAS, OFFICER WINSON SETO, OFFICER
10 | ANTONIO SANTOS, AND OFFICER SCOTT
PHILLIPS

Defts' Answer to Second Amended Complaint  17  n:\lit\li2016\160554\01156063.docx
Woods v. CCSF, et al.; Case No. 15-cv-05666 WHO