# Exhibit E

JOHN L. BURRIS, Esq. SBN 69888
ADANTÉ D. POINTER Esq. SBN 236229
DEWITT M. LACY, Esq. SBN 258789
MELISSA C. NOLD, Esq. SBN 301378
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
dewitt.lacy@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; a municipal corporation; CHARLES AUGUST, Police Officer for the City and County of San Francisco; NICHOLAS CUEVAS, Police Officer for the City and County of San Francisco; WINSON SETO, Police Officer for the City and County of San Francisco; ANTONIO SANTOS, Police Officer for the City and County of San Francisco; SCOTT PHILLIPS, Police Officer for the City and County of San Francisco; and DOES 1-50, individually and in their official capacities as Police Officers for the City and County of San Francisco, inclusive,<br><br>Defendants. | Case No. 15-cv-05666 WHO<br><br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT SETO'S SPECIAL INTERROGATORIES, SET ONE**<br><br>Trial Date:    November 5, 2018 |

PROPOUNDING PARTY:    Defendant, WINSTON SETO

RESPONDING PARTY:    Plaintiff, GWENDOLYN WOODS

SET NUMBER:    ONE

## Preliminary Statement

It should be noted that the Responding Party has not concluded its investigation in this action and has therefore not completed its discovery of all relevant facts relating to the case; has not completed its discovery in this action; and has not completed its preparation for trial. All Responses herein are based only upon such information and documents that are currently available to and specifically known to this Responding party, and disclose only those contentions which currently occur to this Responding party. It is anticipated that further discovery, independent and expert investigations, legal research, and analyses will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to and changes to, and variations in the contentions herein set forth. The following Responses to Defendants' Special Interrogatories are given without prejudice to this Responding Party's right to produce evidence of any subsequently discovered fact or facts which this party may later recall. Responding Party, accordingly, reserves the right to change any and all Responses herein as additional facts are ascertained, investigation and analyses are made, legal research is concluded, and contentions are made. The Responses contained herein are a made with a good faith effort to supply as much factual information as is presently known, but should in no way prejudice this Responding Party in relation to further discovery, research, and analysis.

## RESPONSES

**INTERROGATORY NO. 1:**

PLEASE IDENTIFY each and every type of financial support, including the amount thereof, that Decedent would have provided YOU, as contended in YOUR response to defendant Charles August's interrogatory number 18.

**RESPONSE TO INTERROGATORY NO. 1:**

Objection: calls for an expert opinion; vague and ambiguous as to a time period. Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff identifies the following:

1. Contributing to rent and/or mortgage: variable based upon the total amount owed and the time in which it needed to be paid and the Decedent and Responding Party's ability to pay.
2. Contributing to paying utilities: variable based upon the total amount owed and the time in which it needed to be paid and the Decedent and Responding Party's ability to pay.
3. Contributing to buying groceries: variable based upon the total amount needed, the place purchased, and the Decedent and Responding Party's ability to pay.
4. Contributing to buying entertainment: this amount is variable based upon the item, experience and/or person(s) involved.
5. Contributing to purchasing/covering health care expenses: this amount is yet to be determined as it is based upon insurance coverage(s); required medical expenses/costs/procedures and Decedent and Responding Party's ability to pay
6. Contributing to purchasing/covering household expenses and daily living: this is a variable amount and will depend upon what item or service is being purchased and/or rented, and the length of time the service or good is rented and/or leased and frequency of the service and/or good.

**REQUEST NO. 2:**

PLEASE state and IDENTIFY any and all GIFTS given to you by DECEDENT in the year 2015, including where and when such GIFT was given.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection vague and ambiguous, as well as overbroad. Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff identifies the following:

- Cards
- Flowers

1      • Money to purchase a purse

2      Plaintiff does not recall exact dates, since she does not keep a record of such things, but does
3 recall they were given in the year of 2015.

4 **INTERROGATORY NO. 3:**

5      PLEASE state and IDENTIFY any and all GIFTS given to you by DECDENT in the year
6 2014, including where and when such GIFT was given.

7 **RESPONSE TO INTERROGATORY NO. 3:**

8      Objection vague and ambiguous, as well as overbroad. Notwithstanding the foregoing
9 objection and reserving the right to amend and supplement information, Plaintiff identifies the
10 following:

11      • Cards

12      Plaintiff does not recall exact dates, since she does not keep a record of such things, but does
13 recall they were given in the year of 2014.

14 **INTERROGATORY NO. 4:**

15      PLEASE state and IDENTIFY any and all GIFTS given to you by DECDENT in the year
16 2013, including where and when such GIFT was given.

17 **RESPONSE TO INTERROGATORY NO. 4:**

18      Objection vague and ambiguous, as well as overbroad. Notwithstanding the foregoing
19 objection and reserving the right to amend and supplement information, Plaintiff identifies the
20 following:

21      • Cards

22      Plaintiff does not recall exact dates, since she does not keep a record of such things, but does
23 recall they were given in the year of 2014.

24 **INTERROGATORY NO. 5:**

25      Do YOU contend that any Defendant Officer was legally obligated to use alternative methods
26 other than lethal force to subdue DECDENT after officers sprayed Decedent with Oleoresin Capiscum
27 solution ("pepper spray"), struck Decedent with five or six extended range impact projectiles and
28 DECEDENT continued to hold a knife in his hand, refused police commands to drop the knife, and

was advancing toward Defendant Officer August who had placed himself and his gun directly in front of DECEDENT.

**RESPONSE TO INTERROGATORY NO. 5:**

This Interrogatory is compound in that is has multiple subparts, phrases and contended facts the requestor is forcing the responder to assume as true and therefore render the interrogatory unintelligible and improper. Moreover, this interrogatory assumes "facts" that have not been established and/or are not in evidence, is argumentative, and vague and ambiguous as to the terms "legally obligated, alternative methods, subdue, refused and advance" also making this interrogatory unintelligible and calling for an expert opinion.

Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following:

Yes.

**INTERROGATORY NO. 6:**

If YOU contend that any Defendant Officer was legally obligated to use alternative methods other than lethal force to subdue DECDENT after officers sprayed Decedent with Oleoresin Capiscum solution ("pepper spray"), struck Decedent with five or six extended range impact projectiles and DECEDENT continued to hold a knife in his hand, refused police commands to drop the knife, and was advancing toward Defendant Officer August who had placed himself and his gun directly in front of DECEDENT, then identify all facts that support YOUR contention.

**RESPONSE TO INTERROGATORY NO. 6:**

This Interrogatory is compound in that is has multiple subparts, phrases and contended facts the requestor is forcing the responder to assume as true and therefore render the interrogatory unintelligible and improper. Moreover, this interrogatory assumes "facts" that have not been established and/or are not in evidence, is argumentative, and vague and ambiguous as to the terms "legally obligated, alternative methods, subdue, refused and advance" also making this interrogatory unintelligible and calling for an expert opinion. Finally, discovery is ongoing and the Defendant Officers whom have the legal obligation to justify their use of force have not been deposed and/or given statements under oath.

Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following:

    Officers are trained to use alternative methods

    POST states Officers should use alternate means

    None of the Officers saw Mario Woods commit a felony

    Mario Woods never verbally threatened any of the Officers

    Mario Woods never lunged or pointed the knife at any officer

    Mario Woods was moving at a slow pace

    Mario Woods had been physically injured by the less lethal use of force that was used against him prior to deadly force being used against him

    Defendants claim Mario Woods expressed statements and/or phrases consistent with suicidal ideation

**INTERROGATORY NO. 7:**

If YOU contend that any Defendant Officer was legally obligated to use alternative methods other than lethal force to subdue DECEDENT after officers sprayed Decedent with Oleoresin Capiscum solution ("pepper spray"), struck Decedent with five or six extended range impact projectiles and DECEDENT continued to hold a knife in his hand, refused police commands to drop the knife, and was advancing toward Defendant Officer August who had placed himself and his gun directly in front of DECEDENT, then identify all DOCUMENTS that support YOUR contention.

**RESPONSE TO INTERROGATORY NO. 7:**

Obejction: Assumes facts not in evidence, calls for an expert opinion; vague and ambiguous; lacks foundation.

Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following:

Responding Party identifies the multiple video tapes of the incident taken by camera phone and muni bus cameras, the dispatch audio, the involved Officers statements, SFPD policies and training directives regarding the use of force and responding to persons in an altered state and/or suffering from mental health issues, POST Learning Domains, statements made by Chief Suhr to the public via

the media, SF Medical Examiner's Report, photographs of the decedent's body, deposition transcripts of deposed officers and witnesses, the involved officers and percipient witnesses recorded statements, and the OIS video the involved officers watched prior to contacting Mario Woods.

**REQUEST NO. 8:**

PLEASE IDENTIFY all facts that support the Third Cause of Action Monell- 42 USC section 1983 of your First Amended Complaint.

**RESPONSE TO REQUEST NO. 8:**

This interrogatory calls for an expert opinion and/or disclosure and is therefore improper. Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following:

1. Since 2011 SF Police Officers have shot and killed 24 people.
2. None of the Officers who shot and killed 24 people since 2011 have been criminally prosecuted
3. None of the Officers who shot and killed 24 people since 2011 have been disciplined as a result of their use of deadly force
4. Of the 24 people who were killed since 2011 at least 63% of those people were people of color (African-American, Latino and/or Asian)
5. All of the 24 shooting deaths were found to be within SFPD Policy
6. Prior to SFPD's Use of Force policy being overhauled after the shooting death of Mario Woods- the policy had not been substantively changed in 25 years.
7. SFPD Use of Force Policy and training was outdated and defective compared to modern police standards and training
8. SFPD does not adequately investigate officer use of force
9. SFPD does not maintain complete consistent officer-invovled use of force files
10. SFPD has not developed comprehensive formal training specifically related to use of force practices
11. SFPD does not analyze trends in complaints, situations that give rise to complaints, or variations between units or peer groups that give rise to complaints and misconduct

12. SFPD Internal Affairs division does not have standard operating procedures or templates for investigative reporting

13. SFPD engages in biased policing of minorities and/or persons of color by disproportionately stopping and searching members of these groups despite those persons being less likely to be found with contraband than white drivers

14. 9 out of the 11 deadly use of force incidents from May 1, 2013 to May 31, 2015 involved persons of color.

15. SFPD has been involved in 9 deadly force incidents between 2013 and 2015 and only two of those cases were closed with findings issued by the CCSF District Attorney's Office.

16. SFPD Officers are insufficiently trained on de-escalation and the sanctity of life

17. Former SFPD Chief Suhr, declared the Officers acted within policy and the shooting death of Mario Woods lawful before the SFPD homicide or SF District Attorney's Report and/or investigations were complete

18. SFPD had at least 30 non-fatal Officer involved shootings since 2011 – not a single officer was criminally prosecuted

19. Several supervising and/or rank and file SFPD Officers expressed racially derogatory, homicidal and/or discriminatory statements about African-Americans, other racial minority groups and

20. Supervising SFPD Officers expressed their intent and/or desire to shoot and kill African Americans.

**INTERROGATORY NO. 9:**

IDENTIFY all DOCUMENTS you contend support the Third Cause of Action Monell- 42 USC section 1983 of your First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 9:**

Calls for an expert opinion. Discovery is ongoing. Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following:

1. IACP, Officer involved Shooting Guidelines
2. President's Task Force on 21st Century Policing, Final Report (published May 2015)
3. SFPD General Order 5.01 –Use of Force (revised October 4, 1995)
4. SFPD, Avoiding the Lawful but Awful
5. SFPD General Order 3.10; 5.02; 3.10; 8.01; 8.04; 8.11
6. SFPD Dept Bulletin 15-155 0 Response to Mental Health Calls with Armed Suspects
7. US Dept of Justice – COPS Collaborative Reform Initiative Report (October 2016)
8. Defendant Officers' Personnel Files
9. Involved Officers Recorded Statements
10. Camera Phone and Muni Bus Video Camera footage of the incident
11. Dispatch tapes concerning the incident
12. Recorded Percipient Witness Statements
13. SF DA Gascon - Charging Letters
14. OCC/DPA Investigatory files concerning the racially offensive and derogatory text messages
15. OCC/DPA Investigatory files concerning supervising SFPD Officer(s) expressing homicidal intent to shoot and kill African Americans.

**INTERROGATORY NO. 10:**

IDENTIFY all Witnesses You contend Support the Third Cause of Action Monell 42 USC section 1983 of your First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection: Vague and ambiguous. Calls for speculation. Discovery is ongoing.

Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following:

Plaintiff

Former SFPD Chief Greg Suhr

Current SFPD Chief William "Bill" Scott

1  Defendants' Agency/Department Chiefs of OCC (Department of Police Accountability),
2  Firearm Review Board, SFPD Lead Homicide Detectives assigned to the respective OIS investigations
3  SF District Attorney George Gascon
4  Defendant Officers
5  The involved shooting Officers in the past OIS
6  Additional responsive information the Requesting Party seeks is already in their possession as
7  they have the investigative, incident and/or personnel files which contain the requested information
8  and hence the information sought is equally available to them.

**REQUEST NO. 10:**

PLEASE IDENTIFY AND PRODUCE EVERY DOCUMENT that refers, reflects, relates to, or evidences any other lawsuit to which YOU were a party.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection: The scope of this request is overbroad and not calculated to result in relevant information. Notwithstanding the foregoing objections and reserving the right to amend and supplement her response, Plaintiff is not in possession of any documents responsive to this request.

**INTERROGATORY NO. 11:**

Describe with particularity the allegedly unconstitutional policy of the San Francisco Police Department that YOU contend support the Third Cause of Action Monell – 42 U.S.C section 1983 of YOUR First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection vague and ambiguous to terms. Calls for expert opinion. Discovery is ongoing.

Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following:

SFPD Use of Force Policy, SFPD Use of Firearms and Investigation into Officer Involved Shootings.

**INTERROGATORY NO. 12:**

IDENTIFY all the allegedly unconstitutional uses of deadly force by San Francisco Police Department Officers that YOU allege were known or should have been known to high-ranking police supervisors in paragraph 40 of your Amended Complaint.

10

**RESPONSE TO INTERROGATORY NO. 12:**

Objection vague and ambiguous to terms, place and time. Calls for expert opinion. Discovery is ongoing.

Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following:

Responding Party identifies the following uses of deadly force by SFPD:

Joshua Smith, Kenneth Harding Jr., Peter Yin Woo, Steven Michael Young, Dennis Hughes, Pralith Pralourng, Dale Stuart Wilkerson, Alejandro "Alex" Nieto, Giovany Contreras Sandoval, O'Shaine Evans, Mathew Hoffman, Amilcar Perez-Lopez, Alice Brown, Herbert Omar Benitez, Javier Lopez Garcia, Randal Philip Dunkin, Rosalyn Nagayo Sicat, Derryck A. King, Brian Cooper, Oliver Barcenas, Alexander Gibbons, Eddie Tilman, Peter Russell, Fredi Martinez, Carlos Miranda, Rommel Narvaez, Joel Henriquez, Jeffrey Miguel Ruanp, Adam Shaw, and Theresa Sheehan.

Contact information of the victims, the involved officers, the victim's family members and percipient witnesses are all in possession of the Defendants and thus equally available to them.

**INTERROGATORY NO. 13:**

IDENTIFY all the allegedly unconstitutional uses of deadly force by San Francisco Police Department Officers that YOU allege were known or should have been known to high-ranking police supervisors in paragraph 41 of your Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection vague and ambiguous to terms, place and time. Calls for expert opinion. Discovery is ongoing.

Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following:

Joshua Smith, Kenneth Harding Jr., Peter Yin Woo, Steven Michael Young, Dennis Hughes, Pralith Pralourng, Dale Stuart Wilkerson, Alejandro "Alex" Nieto, Giovany Contreras Sandoval, O'Shaine Evans, Mathew Hoffman, Amilcar Perez-Lopez, Alice

11

      Brown, Herbert Omar Benitez, Javier Lopez Garcia, Randal Philip Dunkin, Rosalyn Nagayo Sicat, Derryck A. King, Brian Cooper, Oliver Barcenas, Alexander Gibbons, Eddie Tilman, Peter Russell, Fredi Martinez, Carlos Miranda, Rommel Narvaez, Joel Henriquez, Jeffrey Miguel Ruanp, Adam Shaw, and Theresa Sheehan.

      Contact information of the victims, the involved officers, the victim's family members and percipient witnesses are all in possession of the Defendants and thus equally available to them.

**INTERROGATORY NO. 14:**

      IDENTIFY all the alleged misconduct of Defendant Officers August, Cuevas, Seto and Phillips to which YOU allege in paragraph 42 of YOUR First Amended Complaint that high-ranking police supervisors were deliberately indifferent.

**RESPONSE TO INTERROGATORY NO. 14:**

      Objection vague and ambiguous to terms, place and time. Calls for expert opinion. Discovery is ongoing.

      Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following: Defendant August:

Bates Nos: 2499-2508; 2509-2520; 2521-2526; 2527-2533; 2534-2539; 2540-2547.

Allegations of excessive force and unlawful detention and arrest as described and litigated in Northern District Federal Court Case No.: 14-cv-03542 JCS

Defendant Cuevas:

Bates Nos: 2548-2553; 2554-2563; 2564-2569; 2570-2577; 2578-2584; 2585-2590; 2591-2596;

Defendant Seto:

Bates Nos: 2597-1602; 2603-2611; 2612-2618;

These documents and the information contained therein is already in the Defendants' possession.

**INTERROGATORY NO. 15:**

      IDENTIFY all the alleged Constitutional defects in training of San Francisco Police department Officers referred to in paragraph 43 of YOUR First Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection: Calls for an expert opinion. Discovery is still ongoing and the deposition of the Defendants' person most knowledgeable about SFPD policy is pending; vague and ambiguous to terms, place and time. Calls for expert opinion.

Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following:

SFPD Policy and training on the use of force was outdated, outmoded and failed to include adequate training on de-escalation and the sanctity of life.

**INTERROGATORY NO. 16:**

IDENTIFY all the alleged abuses by Defendant Officers August and Cuevas referred to in paragraph 44 of YOUR First Amended Complaint.

**INTERROGATOR TO REQUEST NO. 16:**

Objection vague and ambiguous to terms, place and time. Calls for expert opinion. Discovery is ongoing.

Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following:

Defendant August:

Bates Nos: 2499-2508; 2509 -2520; 2521 -2526; 2527-2533; 2534 -2539; 2540-2547.

Allegations of excessive force and unlawful detention and arrest as described in Northern District Federal Court Case No.: 14-cv-03542 JCS

Defendant Cuevas:

Bates Nos: 2548-2553; 2554-2563; 2564-2569; 2570-2577; 2578-2584; 2585-2590; 2591-2596;

Allegations of excessive force, unlawful detention and arrest as described in Northern District Federal Court Case No.: 11-cv-04221 YGR

Dated: May 11, 2018

**LAW OFFICES OF JOHN L. BURRIS**

*Adante D. Pointer*
Adante D. Pointer
Attorney for Plaintiff Gwendolyn Woods

14