# Exhibit G

JOHN L. BURRIS, Esq. SBN 69888
ADANTÉ D. POINTER Esq. SBN 236229
DEWITT M. LACY, Esq. SBN 258789
MELISSA C. NOLD, Esq. SBN 301378
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
dewitt.lacy@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS, <br><br> Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO; a municipal corporation; CHARLES AUGUST, Police Officer for the City and County of San Francisco; NICHOLAS CUEVAS, Police Officer for the City and County of San Francisco; WINSON SETO, Police Officer for the City and County of San Francisco; ANTONIO SANTOS, Police Officer for the City and County of San Francisco; SCOTT PHILLIPS, Police Officer for the City and County of San Francisco; and DOES 1-50, individually and in their official capacities as Police Officers for the City and County of San Francisco, inclusive, <br><br> Defendants. | Case No. 15-cv-05666 WHO <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT SETO'S SPECIAL INTERROGATORIES, SET THREE** <br><br> Trial Date:  November 5, 2018 |

PROPOUNDING PARTY:    Defendant, WINSTON SETO

RESPONDING PARTY:    Plaintiff, GWENDOLYN WOODS

SET NUMBER:    THREE

1

## **Preliminary Statement**

It should be noted that the Responding Party has not concluded its investigation in this action and has therefore not completed its discovery of all relevant facts relating to the case; has not completed its discovery in this action; and has not completed its preparation for trial. All Responses herein are based only upon such information and documents that are currently available to and specifically known to this Responding party, and disclose only those contentions which currently occur to this Responding party. It is anticipated that further discovery, independent and expert investigations, legal research, and analyses will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to and changes to, and variations in the contentions herein set forth. The following Responses to Defendants' Special Interrogatories are given without prejudice to this Responding Party's right to produce evidence of any subsequently discovered fact or facts which this party may later recall. Responding Party, accordingly, reserves the right to change any and all Responses herein as additional facts are ascertained, investigation and analyses are made, legal research is concluded, and contentions are made. The Responses contained herein are a made with a good faith effort to supply as much factual information as is presently known, but should in no way prejudice this Responding Party in relation to further discovery, research, and analysis.

## RESPONSES

**INTERROGATORY NO. 22:**

IDENTIFY all alternative methods other than lethal force YOU contend the DEFENDANT Officers were legally obligated to use to subdue DECEDENT after officers sprayed DECEDENT with Oleoresin Capsicum solution ("pepper spray"), struck DECEDENT with five or six extended range impact projectiles, and DECEDENT continued to hold a knife in his hand, refused police commands to drop the knife, and was advancing toward Defendant Officer August who had placed himself and his gun directly in front of DECEDENT.

**RESPONSE TO INTERROGATORY NO. 22:**

Objection: calls for an expert opinion; vague and ambiguous as to a time period; compound. Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff identifies the following:

Plaintiff contends that Defendant officers should have used de-escalation techniques including but not limited to employing time and distance, establishing a rapport, calling a supervisor to the scene, talking and giving warnings to Mr. Woods.

**REQUEST NO. 23:**

IDENTIFY all supervising SFPD Officers who you contend "expressed their intent and/or desire to shoot and kill African Americans" as written in YOUR response to interrogatory 8 of Winston Seto's Interrogatories, set one, propounded to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 23:**

Objection vague and ambiguous, as well as overbroad. Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff identifies the following:

Sergeant Lawrence Kempinksi.

**INTERROGATORY NO. 24:**

3

State the date and location of each statement by a supervising SFPD Officers who you contend "expressed their intent and/or desire to shoot and kill African Americans" as written in YOUR response to interrogatory 8 of Winston Seto's Interrogatories, set one, propounded to Plaintiff.

**RESPONSE TO INTERROGATORY NO. 24:**

Objection vague and ambiguous, as well as overbroad. Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff identifies the following:

Plaintiff does not have information sufficient to identify the date and location although many media outlets reported that it occurred at the Bayview Station cafeteria.

**REQUEST NO. 25:**

IDENTIFY all source of information for the facts you listed as numbers 1-20 in Plaintiff's response to Interrogatory Eight (8) of Winson Seto's Interrogatories, Set One, in support of Plaintiff's Third Cause of Action pursuant to *Monell* – 42 USC 1983.

**RESPONSE TO REQUEST NO. 25:**

This interrogatory calls for an expert opinion and/or disclosure Defendants are withholding and is therefore improper. Notwithstanding the foregoing objection and reserving the right to amend and supplement information, Plaintiff response is the following:

Sources include but are not limited to:

The DOJ Assessment of the San Francisco Police Department.

Articles from SFGate and the SF Chronicle

San Francisco

San Francisco District Attorney Website

Dated: July 27, 2018

**LAW OFFICES OF JOHN L. BURRIS**

*Patrick M. Buelna*
Patrick M. Buelna
Attorney for Plaintiff Gwendolyn Woods

4

**CERTIFICATE OF SERVICE**
Woods v CCSF

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA:**

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; My business address is 7677 Oakport Street, Suite 1120, Oakland, California 94621. On the date below, I served on the named parties and /or counsel of record:

Sean Connolly
James Hannawalt
Kelly Collins
SF City Attorney's Office
1390 Market St., 6th Floor,
San Francisco, CA 94621

The following documents in the manner checked below: **Plaintiff's Responses to Defendant Seto's Interrogs Set 2 & 3**

☒ (VIA MAIL -- CCP §§ 1013(a), 2015.5) By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the U.S. Postal Service and correspondence placed for collection and mailing would be deposited in the U.S. Postal Service at Oakland, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

☐ (VIA PERSONAL DELIVERY -- CCP §§ 1011, 2015.5) By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand delivered on that day by Russ Taylor, in the ordinary course of my firm's business practice.

☒ (COURTESY COPY VIA E-MAIL or ELECTRONIC TRANSMISSION -- CCP §§ 1013(e), 2015.5, CRC 2008) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail address(es) or the facsimile number listed above. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached.

☐ (VIA OVERNIGHT MAIL/COURIER -- CCP §§ 1013(c), 2015.5) By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and my correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **July 27, 2018**, at Oakland, California.

Patrick Buelna