**JOHN L. BURRIS ESQ., SBN 69888**
**ADANTE D. POINTER, SBN ESQ. 236229**
**DEWITT LACY, ESQ. SBN 258789**
**MELISSA C. NOLD, ESQ. SBN 301378**
**PATRICK M. BUELNA, ESQ. SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com
Dewitt.Lacy@johnburrislaw.com
Melissa.Nold@johnburrislaw.com
Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS, an individual,<br>　　　　Plaintiff,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; CHARLES AUGUST NICHOLAS CUEVAS WINSON SETO SCOTT PHILLIPS<br>　　　　Defendants. | CASE NO.: 3:15-cv-05666-WHO<br><br>**PLAINTIFF'S BRIEF TO OBTAIN THE DEFENDANT OFFICERS' PRIOR RECORDED STATEMENTS IN DEFENDANT CCSF'S POSSESSION** |

## I.　　BRIEF BACKGROUND

On May 4, 2016, Plaintiff served Defendant CCSF with her Request for Production of Document, Set One, Request No. 12 that requested record statements. **See Exhibit 1.** Defendant CCSF responded to Plaintiff's Request No. 12 on June 3, 2016 claiming attorney

work product, deliberative process and official information privileges. **See Exhibit 2.** Plaintiff did not receive any privilege log or any other documents from the City Attorney that allows Plaintiff to fairly assess the claim. Furthermore, the Responses did not cite the fact that the Defendant Officers provided two separate recorded statements two agencies of the City and County of San Francisco's – (1) the San Francisco Police Department – Internal Affairs Division and (2) the San Francisco Department of Police Accountability.

It was not until the first officer's deposition that Plaintiff discovered the Defendant Officers had provided separate recorded statements to SFPD – Internal Affairs (IA) and the CCSF Department of Police Accountability (DPA). After the deposition, on July 20, 2018 Plaintiff's counsel sent an email to Defendants' counsel requesting the recorded statements be produced prior to the rest of the Defendant Officers' deposition. **See Emails Re: the Officers' Prior Recorded Statements attached as Exhibit 3.** Defendants' Counsel Sean Connolly declined to produce them. Defendants' Counsel claimed to have requested them from the Defendant CCSF agencies DPA and IA, but their agencies refused to produce them because their investigations were ongoing. *Id.* Mr. Connolly further alleged that Plaintiff knew of these recorded statements but Plaintiff only discovered they existed on the day of deposition. *Id.*

Plaintiff identified the fact the Defendant Officers' recorded statement had not been produced in their motion to extend time. **Dckt #90.** The Court denied Plaintiff's motion but permitted Plaintiff to raise the issue if it had not been resolved by August 23, 2018. **Dckt #96.**

Later on, in a meet and confer telephonic conversation on August 17, 2018, Plaintiff raised the issue of the recorded statement with Defendant's Counsel James Hannawalt. Mr. Hannawalt asserted that Defendants were not in possession of the recorded statements, despite

the fact that the San Francisco Police Department is an agency of the Defendant CCSF in the same way that IA and DPA are. Therefore, Plaintiff filed this briefing in accordance with the Court's recent order after raising the issue in the parties' joint Case Management Statement. **Dckt #118-119.**

II. Defendant Officers Recorded Statements CCSF Should Be Disclosed Because Defendant CCSF Waived Privilege and SFPD – IA and the SF – DPA Are Agencies that Belong to Defendant CCSF

Although the City Attorneys refuse to acknowledge that the SFPD – Internal Affairs Division and SF Department of Police Accountability files are not in their possession. Ironically, Defendant CCSF has produced citizen complaints documents and investigative materials for the officers that are kept by the San Francisco Department of Police Accountability pursuant to Plaintiff's Request for Production of Documents, Set One, without ever disputing that these documents are in their possession. However, once the Defendant Officers testified that they gave recorded statements to these departments and Plaintiff requested the statements, the documents of their agencies are no longer in their possession.

Pursuant to Rules 34 and 26, Defendant CCSF has an obligation to produce all the party has in its actual possession, custody, or control thereof or the legal right to obtain the property on demand. *In re Legato Systems, Inc. Secur. Litig.* (ND CA 2001) 204 FRD 167, 170. Here, the Defendants have the legal right to obtain the recorded statements on demand, since both departments are agencies that belong to Defendant CCSF. The fact that there may be interagency disputes in regards to the documents does not mean that Defendant CCSF does not have legal possession. In fact, the SF City Attorney Office represents each one of these agencies and their employees, because they are all Defendant CCSF's agencies and employees.

Furthermore, Defendant CCSF appears to be withholding these documents pursuant to the official information privilege based on their representation that the matters are still being investigated by their agencies – DPA and IA. However, if they are being withheld based on privilege, they should have produced a privilege log over two years ago with their responses to Plaintiff's Rule 34 Request or any time since.  Instead, it is Defendant CCSF practice to provide boilerplate declarations and privilege claims that do not allow Plaintiff to fairly assess their claims in violation of Rule 26. FRCP 26(b)(5).

It is Defendants' obligation to produce a privilege log and not Plaintiff's responsibility to remind the City. FRCP 26(b)(5). Even so, Plaintiff has notified Defendants several times in this litigation that they must produce a privilege log, but Defendants have continuously asserted that no documents are being withheld pursuant to privilege (despite disclosing documents after claiming they had not been withheld). **See Defense Counsel's Meet and Confer Letter Re: Privilege Log Exhibit 4**. Therefore, Defendant has waived the privilege claim for failure to produce a privilege log for over two years, despite repeated reminders by Plaintiff and their assertion they are not withholding documents.

When a party claims privilege, there is a 30 day period that serves as a default guideline to produce a privilege log or have those privileges waived. *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Although failing to produce the privilege log does not result in an automatic waiver, but rather the district court must make determination based on: (1) **timeliness** (2) **magnitude** of the documents; and (3) other **particular circumstances**. *Id.* These factors should be applied in the context of a holistic reasonableness analysis. *Id.* Plaintiff's position is that all of the factors weigh in Plaintiff's favor: (1) Defendant CCSF has not produced a privilege log in

4

over two years (2) it is only two recorded statements for each of the five officers; (3) it was unusually easy to produce a privilege log. Finally it was *unreasonable* not to produce one given the Defendants knew that prior recorded statements of a party are critical evidence in any case.

Defendant CCSF will likely rely on *Kelly v. San Jose* to support their position that a declaration from is sufficient to shift the burden to Plaintiff.[1] *Kelly v. San Jose* and *Soto v. City of Concord* both outline a procedure that includes producing a declaration as the first, but not last, step to preserve a City's official information privilege.[2] However, the declaration does not excuse Defendant City from producing a privilege log – it is merely an additional step to ensure that the privilege has been properly claimed.

Furthermore, the courts in *Soto* and *Kelly* held that a case by case analysis should be conducted in regards to the protections official information privilege affords, but in context of civil rights cases against police departments, should be "moderately pre-weighted in favor of disclosure." *Soto, supra*, at 613 *quoting Kelly at* 114 F.R.D. at 66. In order to even preserve the official information privilege, the City must first make a "substantial threshold showing" in the form of a declaration. *Id.* Once a City has done this, it does not shift the burden to Plaintiff, it merely preserves their privileges to allow the Court to even consider its applicability. *Id.* Here, the City has not met its burden, failed to produce a privilege log, and even if privilege were to be weighed – it would be weighed in Plaintiff's favor: the incident happened nearly three years ago, the DA's investigation is closed and the protection that should be provided under the official information privilege to the recorded statements, as opposed to any investigative reports, is minimal – if not inapplicable – to the privilege.

---

[1] *Kelly v. City of San Jose*, 114 F.R.D. 653, 669-70 (N.D. Cal. 1987)
[2] *Soto v. City of Concord*, 162 F.R.D. 603 (N.D. 1995)

Dated: August 31, 2018        **LAW OFFICES OF JOHN L. BURRIS**

By: */s/Patrick M. Buelna*
    PATRICK M. BUELNA
    Attorney For Plaintiff