# EXHIBIT 1

JOHN L. BURRIS, Esq. SBN 69888
ADANTÉ D. POINTER Esq. SBN 236229
DEWITT M. LACY, Esq. SBN 258789
MELISSA C. NOLD, Esq. SBN 301378
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
dewitt.lacy@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; a municipal corporation; CHARLES AUGUST, Police Officer for the City and County of San Francisco; NICHOLAS CUEVAS, Police Officer for the City and County of San Francisco Police Department; WINSON SETO, Police Officer for the City and County of San Francisco; ANTONIO SANTOS, Police Officer for the City and County of San Francisco; SCOTT PHILLIPS, Police Officer for the City and County of San Francisco; and DOES 6-50, individually and in their official capacities as Police Officers for the City and County of San Francisco, inclusive.<br><br>Defendants. | CASE NO.: 3:15-05666<br><br>PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE |

ALL City of San Francisco Police Department policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO the use of ballistic/riot shields.

**REQUEST NO. 8:**

ALL training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO the use of ballistic/riot shields by City of San Francisco Police Officers.

**REQUEST NO. 9:**

ALL City of San Francisco Police Department policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO de-escalation of force.

**REQUEST NO. 10:**

ALL training materials, including, but not limited to: worksheets; videos; diagrams; and workbooks, in use on the date of this INCIDENT PERTAINING TO the de-escalation of force by City of San Francisco Police Officers.

**REQUEST NO. 11:**

ALL City of San Francisco Police Department policies, orders AND directives, in use on the date of this INCIDENT PERTAINING TO recording, tracking and logging an Officer's use of force while carrying out their duties as a police officer for the City of San Francisco.

**REQUEST NO. 12:**

ALL DOCUMENTS PERTAINING TO the City of San Francisco Police Department investigation into this INCIDENT, including but not limited to: incident reports; diagrams; search warrants; arrest warrants; RECORDED statements; DNA test, examinations AND results; toxicology reports related to Decedent; toxicology reports related to Defendant Officers; Internal Affairs Investigative Reports; medical records; AND dispatch recordings.

**REQUEST NO. 13:**

ALL video recordings and/or recorded imagery pertaining to the INCIDENT, including, but not limited to: cellphone video; surveillance video; dash camera video; lapel camera video; news media video; enhanced video still imaging; professionally enhanced video; and still imaging.

**REQUEST NO. 14:**

ALL DOCUMENTS which memorialize and/or track Defendant ANTONIO SANTOS' use of force incidents from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 46:**

ALL DOCUMENTS which memorialize and/or track use of force incidents for all San Francisco Police Department Officers from five years prior to the INCIDENT up and until the date of production.

**REQUEST NO. 47:**

ALL statements recorded by any means, made by ALL percipient witnesses to the INCIDENT whether or not signed AND acknowledged by the PERSON giving AND taking the statement.

**REQUEST NO. 48:**

ALL still images, diagrams and/or charts used by the City of San Francisco Police Department, during ANY and ALL press conferences related to the INCIDENT.

**REQUEST NO. 49:**

ALL Office of Citizen Complaints reports prepared during the investigation of any and all officer involved shootings involving San Francisco Police Officers from five years prior to the INCIDENT up and until the date of production.

Dated: May 3, 2016

/s/ *Melissa C. Nold*
MELISSA C. NOLD
Law Offices of John L. Burris
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE
Woods v. CCSF

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA:**

I am a citizen of the United States and employed in the county aforesaid; I am over the age of eighteen years, and not a party to the within action; My business address is 7677 Oakport Street, Suite 1120, Oakland, California 94621. On the date below, I served on the named parties and /or counsel of record:

| | |
|---|---|
| Sean F. Connolly<br>San Francisco City Attorney's Office<br>1390 Market Street, 6th Floor<br>San Francisco, CA  94102 | **Defendants CCSF** |

The following documents in the manner checked below:
**Plaintiff's Request for Production of Documents One**

☒ **(VIA MAIL -- CCP §§ 1013(a), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with my firm's business practice of collection and processing of correspondence for mailing with the U.S. Postal Service and correspondence placed for collection and mailing would be deposited in the U.S. Postal Service at Oakland, California, with postage thereon fully prepaid, that same day in the ordinary course of business.

☐ **(VIA PERSONAL DELIVERY -- CCP §§ 1011, 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and causing each envelope(s) to be hand delivered on that day by xx, in the ordinary course of my firm's business practice.

☐ **VIA E-MAIL or ELECTRONIC TRANSMISSION -- CCP §§ 1013(e), 2015.5, CRC 2008)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail address(es) or the facsimile number listed above. I am readily familiar with my firm's business practice of collection and processing of correspondence via facsimile transmission(s) and any such correspondence would be transmitted in the ordinary course of business. The facsimile transmission(s) was reported as complete and without error, and a copy of the transmission report is attached..

☐ **(VIA OVERNIGHT MAIL/COURIER -- CCP §§ 1013(c), 2015.5)** By placing a true copy thereof enclosed in a sealed envelope(s), addressed as above, and placing each for collection by overnight mail service or overnight courier service. I am familiar with my firm's business practice of collection and processing of correspondence for overnight mail or overnight courier service, and my correspondence placed for collection for overnight delivery would, in the ordinary course of business, be delivered to an authorized courier or driver authorized by the overnight mail carrier to receive documents, with delivery fees paid or provided for, that same day, for delivery on the following business day.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on 5/4/16, at Oakland, California.

_____
Melissa Nold