# EXHIBIT 1

San Francisco Police Department                                      **5.01**

# GENERAL  ORDER                                        Rev.  10/04/95

## USE OF FORCE

The purpose of this order is to set forth the circumstances under which officers may
resort to the use of force.  The order also outlines procedures for reporting and
evaluating incidents involving the use of force.

## I.  POLICY

    **A.** It is the policy of the San Francisco Police Department to accomplish the
police mission as effectively as possible with the highest regard for the dignity
of all persons and with minimal reliance upon the use of physical force.  The
use of physical force shall be restricted to circumstances authorized by law and
to the degree minimally necessary to accomplish a lawful police task.

    **B.** Officers are frequently confronted with situations where control must be
exercised to effect arrests and to protect the public safety.  Control may be
achieved through advice, warnings, and persuasion, or by the use of physical
force.  While the use of reasonable physical force may be necessary in
situations that cannot be otherwise controlled, force may not be resorted to
unless other reasonable alternatives have been exhausted or would clearly be
ineffective under the particular circumstances.

    **C.** Officers are permitted to use whatever force is reasonable and necessary to
protect others or themselves, but no more.  The purpose of this policy is not
to restrict officers from using sufficient force to protect themselves or others,
but to provide general guidelines under which force may be used.  If
exceptional circumstances occur which are not contemplated by this order,
officers should use any force reasonably necessary to protect themselves or
others; however, they must be able to articulate the reasons for employing
such force.

1

CCSF_WOODS 001042

DGO 5.01
Rev. 10/04/95

### D. CATEGORIES OF FORCE TO EMPLOY (IN ASCENDING ORDER OF GRAVITY)

1. When the use of force is necessary and appropriate, officers shall, to the extent possible, utilize an escalating scale of options and not employ more forceful measures unless it is determined that a lower level of force would not be adequate, or such a level of force is attempted and actually found to be inadequate. The scale of options, in order of increasing severity, is set forth below:

   a. Verbal Persuasion

   b. Physical Control (e.g., passive resister, bent wrist control, excluding the carotid restraint)

   c. Liquid Chemical Agent (Mace/Oleoresin Capsicum)

   d. Carotid Restraint

   e. Department-issued Baton

   f. Firearm

2. It is not the intent of the order to require officers to try each of the options before escalating to the next. Clearly, good judgment and the circumstances of each situation will dictate the level at which an officer will start. Officers using any type of force are accountable for its use.

### E. REASONABLE FORCE

1. Officers must frequently employ the use of force to effect arrests and ensure the public safety. It is not intended that any suspect should ever be allowed to be the first to exercise force, thus gaining an advantage in a physical confrontation. Nothing in this order should be interpreted to mean that an officer is required to engage in prolonged hand-to-hand combat with all its risks before resorting to the use of force that will more quickly, humanely and safely bring an arrestee under physical control.

2

CCSF_WOODS 001043

DGO 5.01
Rev. 10/04/95

2. Penal Code Section 835 a provides that, " *Any peace officer who has reasonable cause to believe that the person to be arrested has committed a public offense may use reasonable force to effect the arrest, to prevent escape or to overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or desist from his/her efforts by reason of resistance or threatened resistance of the person being arrested; nor shall such officer be deemed the aggressor or lose his/her right to self defense by the use of reasonable force to effect the arrest, or to prevent escape, or to overcome resistance.*"

F.  **CIRCUMSTANCES JUSTIFYING THE USE OF FORCE**

1.  Officers may use force in the performance of their duties in the following circumstances:

    a.  To prevent the commission of a public offense.

    b.  To prevent a person from injuring himself/herself.

    c.  To effect the lawful arrest/detention of persons resisting or attempting to evade that arrest/detention.

    d.  In self-defense or in the defense of another person.

2.  Before using force, the officer should consider these questions:

    a.  What actions on the part of the suspect justify the use of force?

    b.  What crime is being or has been committed?

    c.  Does the situation require the immediate use of force?

G.  **VERBAL PERSUASION AS A MEANS OF EFFECTING CUSTODY**

1.  The practice of courtesy in all public contact encourages understanding and cooperation; lack of courtesy arouses resentment and often physical resistance. Simple directions which are complied with while you merely accompany the subject are by far the most desirable method of dealing with an arrest situation. Control may be achieved through advice, persuasion and warnings before resorting to actual physical force.

3

DGO 5.01
Rev. 10/04/95

2. The above should not be construed to suggest that you should ever relax and lose control of a situation, thus endangering your personal safety or the safety of others. Officers are permitted to use that force which is reasonable and necessary to protect themselves from bodily harm.

## H. USE OF PHYSICAL CONTROL TO ACCOMPLISH CUSTODY

1. Frequently, subjects are reluctant to be taken into custody and offer some degree of physical resistance. Normally all that is required to overcome the resistance is physical strength and skill in defensive tactics, e.g., passive resister, bent wrist control.

2. Defensive tactics are techniques intended for use when weapons are not available or their use is inadvisable or unreasonable under the circumstances. You must, however, ensure that you are capable of utilizing physical skills to subdue a person. Good judgement is extremely important in deciding which tactics to use and how much force to apply. The force used must be necessary.

3. When confronted with a situation that may necessitate the use of physical control, consideration should be given to calling for additional cover officers prior to the contact.

4. In encountering physical resistance and/or assault, an officer's primary goal is to control the situation. The level of force encountered determines what form of defense should be exercised. When conditions permit, the best means of controlling a subject is by the imposition of manual restraint according to methods taught in Department training courses.

    a. Choking by means of pressure on the subject's trachea is a prohibited practice.

    b. Rendering a subject unconscious by applying pressure to the carotid artery is permissible only when lesser types of restraint would be ineffective (see Section I., J.).

4

DGO 5.01
Rev. 10/04/95

### I. USE OF LIQUID CHEMICAL AGENT (MACE/OLEORESIN CAPSICUM) TO ACCOMPLISH CUSTODY

1. Liquid chemical agent is a non-lethal device designed to subdue a person by projecting a specially formulated liquid onto the face. It is not designed to replace the police revolver or baton. Liquid chemical agent is a defensive weapon intended for use when attempting to subdue an unarmed attacker or to overcome resistance likely to result in injury to either the suspect or the officer.

2. In most instances, liquid chemical agent will reduce or eliminate the necessity for greater physical force to effect the arrest. Every officer should be equipped with liquid chemical agent and, when practical to do so, should use it rather than the baton or carotid restraint.

3. MEDICAL TREATMENT. Persons who have had Mace or O.C. sprayed on their faces shall have their faces washed and their eyes flushed with clean water at the scene or as soon as possible. Medical evaluation shall occur:

   a. Prior to booking and as soon as practicable.

   b. If the person is recovering normally, request an ambulance (Code 2) to the scene or arrange to have paramedics meet you at another location to medically assess the individual.

   c. If the ambulance is unavailable or the delay will be excessive, transport the exposed subject to SFGH for medical evaluation.

   d. If the sprayed suspect looses consciousness or has difficulty breathing, summon an ambulance Code 3.

4. TRANSPORTATION. Persons who have been sprayed with Mace or O.C. must be transported in an upright position by two officers. The passenger officer shall closely monitor the subject for any signs of distress which would require medical evaluation and/or treatment. Hobble cords or similar types of restraints shall only be used to secure a subject's legs together. They shall not be used to connect the subject's legs to his/her waist or hands in a "trussed" position.

5

CCSF_WOODS 001046

DGO 5.01
Rev. 10/04/95

5.  MONITORING SUBJECTS.  Supervisors shall ensure that any person who has
    been sprayed with Mace or O.C. is kept under direct visual observation
    until he/she has been medically evaluated.  If the person appears to be
    having difficulty breathing, an ambulance shall be summoned
    immediately.

6.  BOOKING FORM.  Persons who have been sprayed with liquid chemical
    agent shall have that noted on the booking form.

J.  USE OF CAROTID RESTRAINT TO ACCOMPLISH CUSTODY

1.  The carotid restraint, when properly applied, is a very effective means of
    subduing a violent subject; however, caution must be used in its
    application.  The officer applying the hold must attempt to ensure the
    hold does not slip into a bar arm trachea choke.

2.  The carotid restraint is an acceptable use of force in the following
    situations:

    a.  The officer is physically attacked.

    b.  To stop a physical attack on another person.

    c.  The officer has attempted a lesser level of force and found it to be
        inadequate.

    d.  In the officer's best judgement, having evaluated the particular
        circumstances, a lesser level of force would be inadequate.

3.  MEDICAL TREATMENT.  Officers finding it necessary to apply the carotid
    restraint must monitor the subject's vital signs closely.  Additionally, if the
    subject has difficulty breathing or does not immediately regain
    consciousness, the arresting officer shall immediately call paramedics to
    the scene.  In all cases where the carotid restraint is used, the subject shall
    be medically evaluated.

4.  BOOKING FORM.  Persons who have been the subject of a carotid restraint
    shall have that noted on the booking form.

6

DGO 5.01
Rev. 10/04/95

**K. USE OF BATON TO ACCOMPLISH CUSTODY.** The baton in the hands of an officer trained in its use is a very formidable weapon. If we are to obtain effective results, avoid unnecessary injury to suspects, and minimize criticism of the Department, the baton must be used properly and judiciously.

1. The baton must be carried properly in the officer's baton ring. A baton left in the car is of no use to an officer in a confrontation.

2. Officers are not to slap the palm of their hand with the baton or poke the baton at people as an intimidation technique.

3. The baton, when properly used, is capable of delivering extremely powerful blows to stun and incapacitate an aggressive opponent. It is also capable of delivering lethal or permanently disabling blows. Blows to the head, throat, side of the neck, or armpit must be avoided whenever possible.

4. To properly control and therefore maximize its effectiveness, the baton should normally never be raised above the head to strike a blow. The use of the baton as a club is generally prohibited.

5. Striking a handcuffed prisoner with a baton is expressly prohibited (except as allowed for in Section I., C., of this order).

6. Officers will carry only batons issued by the Department.

**L. USE OF FIREARM TO ACCOMPLISH CUSTODY.** See DGO 5.02, Use of Firearms.

**M. UNNECESSARY FORCE (DEFINED)**

1. Unnecessary force occurs when it is apparent that the type or degree of force employed was neither necessary nor appropriate. When any degree of force is utilized as summary punishment or for vengeance, it is clearly improper and unlawful.

2. Malicious assaults and batteries committed by officers constitute gross and unlawful misconduct. Penal Code Section 149 provides criminal penalties for every public officer who under the color of authority, without lawful necessity, assaults or beats any person.

7

CCSF_WOODS 001048

DGO 5.01
*Rev. 10/04/95*

   3.  When the use of force is applied indiscriminately, the officer will face civil
       and criminal liability and Department disciplinary action.

   4.  Justification for the use of force is limited to what is reasonably known or
       perceived by you at the time. Facts discovered after the event, no matter
       how compelling, cannot be considered in determining whether the force
       was justified.

## N. REPORTING AND INVESTIGATING THE USE OF FORCE

   1.  TYPES OF INCIDENTS REQUIRING REPORTING. Officers must report the use of
       the following types of force:

       a.  Physical control, when the person is injured or claims to be injured.

       b.  Liquid chemical agent, when sprayed on or at the person.

       c.  Department-issued baton, when the person is struck or jabbed.

       d.  When the officer finds it necessary to strike a suspect with his/her fist,
           a flashlight, or any other object.

       e.  Carotid restraint.

       f.  Firearm (also see DGO 5.02, Use of Firearms).

   2.  NOTIFICATION/INCIDENT REPORT. In all cases in which an officer is
       required to report the use of force, the officer using the force shall
       immediately notify his/her supervisor, and:

       a.  When the officer using force is also the reporting officer, prepare an
           incident report containing the following information:

           (1) The type of force used (e.g., carotid restraint, struck with fist).

           (2) Reason for the use of force (e.g., subject resisted arrest).

           (3) The supervisor's name, rank, star number and time notified. If
               applicable, the supervisor's reason for not responding to the scene
               shall also be included.

8

CCSF_WOODS 001049

DGO 5.01
Rev. 10/04/95

b. In the event that the officer using force is not the officer preparing the incident report, the officer using the force shall:

(1) Ensure that he/she is clearly identified in the incident report.

(2) Ensure that the incident report includes:

- The type of force used (e.g., carotid restraint, struck with fist).

- Reason for the use of force (e.g., subject resisted arrest).

- The supervisor's name, rank, star number and time notified.

(3) Or prepare a supplemental report or a statement form with the above information.

3. SUPERVISORY OFFICER'S RESPONSIBILITIES. When notified of the use of force, supervisors shall determine whether anyone (including the officer) has sustained an injury and its severity. If an injury has been sustained which is serious enough to require immediate medical treatment, the supervisor shall immediately respond to the scene of the incident unless a response is impracticable, poses a danger, or where officers' continued presence creates a risk. Response is optional in other reportable use of force incidents. Upon arrival, the supervisor shall do the following (when more than one supervisor responds, the responsibility shall fall on the senior supervisor):

a. Ensure that witnesses (including officers) to the criminal incident and also the reportable use of force incident are identified, interviewed, and that this information is included in the incident report. Hostile situations or number of witnesses may preclude identification and interview of all witnesses.

b. Conduct observations of the scene and injured subjects or officers.

c. Conduct a supervisorial evaluation to determine whether the force used appears reasonable and within the provisions of this order.

d. When appropriate, cause photographs of injuries or other evidence connected to the case to be taken and booked as evidence.

9

CCSF_WOODS 001050

DGO 5.01
Rev. 10/04/95

    e. Review the officer's incident report.

    f. Record the incident in the Use of Force Log (see below). The supervisor who is notified of the reportable use of force is responsible for recording the incident in the Use of Force Log.

4. UNNECESSARY OR EXCESSIVE FORCE/REPORTING AND INVESTIGATIVE RESPONSIBILITIES. Should the supervisorial evaluation conclude possible misconduct involved in the use of force, the supervisor shall:

    a. Immediately notify his/her superior.

    b. Make arrangements for any interviews that may have to be conducted.

    c. Prepare a memorandum of observations, evaluation and actions taken.

5. SUPERIOR OFFICER RESPONSIBILITIES. After being notified of possible misconduct involved in the use of force, the superior officer shall:

    a. Conduct an investigation.

    b. Officers suspected of misconduct shall be advised of rights described in DGO 2.08, Peace Officers' Rights, and be given the opportunity to have a representative present before any administrative interviews.

    c. If a criminal investigator is assigned the case, the superior officer should confer with the investigator to coordinate the criminal and administrative interviews and Miranda warning.

    d. Make the required notifications to O.C.C. if a citizen complaint is made (see DGO 2.04, Citizen Complaints Against Officers). Notify the officer's commanding officer when required (see DGO 1.06, Duties of Superior Officers).

    e. Prepare a report containing results of investigation, preliminary findings, conclusions and recommendations if appropriate.

10

CCSF_WOODS 001051

DGO 5.01
Rev. 10/04/95

6.  **RECORDING PROCEDURES/USE OF FORCE LOG/TRAINING DIVISION USE OF FORCE REPORT.** Every unit of the Department whose officers normally perform street duty (e.g., district stations, Narcotics, Vice Crimes, Traffic, Special Operations Division, etc.) shall maintain a Use of Force Log (SFPD 128).  Other units (e.g., administrative, investigative, etc.) need not maintain a Use of Force Log; however, commanding officers of these units are responsible to ensure compliance with all other provisions of this order along with the following recording procedures:

   a.  On each occasion that an officer reports the use of force in an incident report, he/she shall verbally notify the supervisor reviewing the report if different than the supervisor notified that the report contains reportable use of force.   The supervisor reviewing this report shall ensure the necessary information is placed in the Use of Force Log. Two copies of the incident report shall be attached to the log.

   b.  On the 1st and 15th of each month, commanding officers shall sign the log and send it, along with one copy of each of the incident reports, to their respective deputy chief.  The deputy chief will review the log  and route it to the Management Control Division.  Commanding officers shall forward a copy of the log and one copy of each incident report to the Commanding Officer of the Training Division.

   c.  The Commanding Officer of the Management Control Division will maintain controls that assure all unit logs are received and shall review completed forms to ascertain if any officer appears to be having problems with the use of force.  If so, he/she shall notify the appropriate command personnel (also see DGO 3.18, Performance Improvement Program and *Performance Improvement Program, A Supervisor's Guide,* DM-06).

   d.  The Commanding Officer of the Training Division will maintain controls that assure all unit logs and reports are received, and shall perform a non-punitive review of completed logs and incident reports to ascertain the number, types, proper application and effectiveness of uses of force reported by members of this Department.  The information developed shall be used to identify training needs.  The Commanding Officer of the Training Division shall report to the Chief of Police quarterly on the use of force by members of the Department.

11

CCSF_WOODS 001052