# EXHIBIT 2



**DEPARTMENT BULLETIN**

A
15-106
04/27/15

### Avoiding the "Lawful but Awful" Use of Force

A "Lawful but Awful" use of force is a use of force that is within the law and within Department policy; but an action that produces an undesirable outcome which is tragic not only for the individual(s) involved, but for all those touched by or exposed to the event. Such use-of-force incidents – which are sometimes deadly – can result in the profound suffering of others and severely damage the public trust we work so hard to earn and maintain. These cases are also particularly troubling for the officer(s) involved and their families. Such occurrences normally generate media attention and second-guessing from a variety of sources. Questions are raised, suspicions develop, and responses from law enforcement are often received by the public as inadequate. When the public's confidence in law enforcement is shaken, our ability to do all we can do for/with the community to make the City safest becomes that much more difficult.

Department Bulletin 13-120 requires officers to create time, distance, and establish a rapport with people in crisis who are only a danger to themselves. Officers should consider creating time, distance, and establishing a rapport as an alternative to using force in every other circumstance; whenever it would be safe to do so. Critics of the referenced "stabilize mindset" claim this strategy is not only too lofty but is too risky for officers. I disagree and argue that conducting a thoughtful assessment of the situation is not asking an officer to accept more risk. Assessing your options is the first step to ensuring that you are moving in the most tactically sound way you can in a given set of circumstances. When an officer is able to decrease his/her exposure to a threat by creating time and distance, the officer will need less force to overcome the decreased level of risk and thereby increase his/her level of safety. As long as this can be done with no increased risk to the officer and/or others, it may allow for a situation to stabilize and increase one's tactical advantage. The best scenario is a situation where nobody gets hurt – civilian, police officer, or suspect.

Nothing in this Department Bulletin is intended to make any officer or the people we are sworn to protect less safe. Officers should consider all available options before acting. There are times when using quick, decisive force options are necessary to keep yourself and/or someone else safe, up to and including deadly force. While the courts have consistently held that officers are never required to retreat from effecting a lawful arrest or detention, the strongest officers are those who consider all options – including creating time, distance, and establishing a rapport. With that in mind, members are reminded:

> Department General Order 5.02, Section 1.C.1, lists the permissible circumstances in which an officer may discharge a firearm. Subsection 1.C.1 (a) and (b) permits an officer to discharge a firearm:
>
> In self-defense or in defense of another person when the officer has reasonable cause to believe that he/she and/or the other person is in imminent danger of death or serious bodily injury.
>
> *An officer may not discharge a firearm at a person who presents a danger only to him or herself, and there is no reasonable cause to believe that the person poses an imminent danger of death or serious bodily injury to the officer or any other person.*

GREGORY P. SUHR
Chief of Police

CCSF_WOODS 001039