LAW OFFICES OF
# JOHN L. BURRIS
www.johnburrislaw.com

**John L. Burris**  john.burris@johnburrislaw.com
**Ben Nisenbaum**  bnisenbaum@gmail.com
**Adanté D. Pointer**  adante.pointer@johnburrislaw.com
**DeWitt M. Lacy**  dewitt.lacy@johnburrislaw.com
**Lateef H. Gray**  lateef.gray@johnburrislaw.com
**James A. Cook**  james.cook@johnburrislaw.com
**Melissa C. Nold**  melisssa.nold@johnburrislaw.com
**Patrick M. Buelna**  patrick.buelna@johnburrislaw.com

Via Electronic Mail and United States Post

Cheryl Adams
Sean Connolly
James Hannawalt
Kelly Collins
SF City Attorney's Office
1390 Market St., 6th Floor,
San Francisco, CA 94621

September 6, 2018

Re:   Confidential Designations of Incident Videos, Statements and Radio Dispatch
      <u>Gwendolyn Woods v. City and County of San Francisco, et al.</u>
      **USDC, Northern District: Case No: 15-cv-05666-WHO**

Mr. Hannawalt:

Please consider this Plaintiff's formal challenge to the "CONFIDENTIAL" designation in accordance with paragraph 6.2 of the Protective Order. The parties shall attempt to resolve each challenge in good faith. Please designate a time within 14 days of the date of this letter you are available to meet and confer.

I.   Applicable Law & Investigative Files

There is, in part, a First Amendment and a Federal Common Law right a party has to access and share what they learn with others in discovery. ( Pleading Wizard Confidential Discovery: A Pocket Guide on Protective Orders. Robert Timothy Reagan. Federal Judicial Center. 2012; Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002).

In fact, "[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." In San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir.1999). Even when a stipulated protective order is in place, a party and/or a nonparty may challenge to test whether the "good cause"

LAW OFFICES OF
JOHN L. BURRIS
www.johnburrislaw.com

requirements of Rule 26(c) have been met with respect to a particular item of discovery." *Id; see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002); *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir.1992).

Here, there is no good cause to designate facts at issue of a civil rights case (memorialized in polcie recorded accounts, incident videos, and radio dispatch) as confidential and keep them from the public. Neither has Defendant offered any good cause to keep them from the public.

Defendant CCSF often relies on cases such as *Soto* and *Kelly* that revolve around disclosures of essentially personnel documents and the application of official information privilege. Nothing in any of the these cases suggest that incident videos, Defendant officers recorded account of why they shot and killed a person in broad daylight and radio dispatch should be deemed confidential such as not to be able to file them as exhibits and/or discuss them publicly. In fact quite the opposite can be drawn from both the holdings and the statements of the court in these cases.

For example the Court in *Kelly v. San Jose* stated: "As a general proposition, the public interests in the categories favoring disclosure (the policies underlying our civil rights laws, public confidence in the court system, and doing justice in individual cases) **clearly outweigh** the public interests in favor of secrecy (e.g., not compromising procedures for self-discipline within police forces or the privacy rights of officers or citizen complainants)." Kelly v. City of San Jose, 11 F.R.D 653, 661 (N.D. 1987).

And in *Soto v City of Concord* the Court stated: "In the context of civil rights suits against police departments, this balancing approach should be "moderately pre-weighted in favor of disclosure." *Soto v City of Concord,* 162 F.R.D. 603, 613 (N.D. 1995) quoting Kelly at 114 F.R.D. at 661. The Court specifically stated that "before the Court will engage in the balancing of interests, the party asserting the privilege (the defendant police department) must properly invoke the privilege by making a 'substantial threshold showing.'" *Id.* Defendant City must first produce an affidavit outlining this threshold showing.

Here, it is Defendant's burden to explain why these files should be kept Confidential per the protective order. Plaintiff is hard-pressed to think of any herself.

In fact, Defendant City's position greatly saddens Plaintiff given that over the last five years the terms "corruption" and "police misconduct" have become synonymous with the San Francisco Police Department and their officers. The number of scandals revolving around racist text messaging, police committing crimes on duty and reports of supervisors in the department making racist comments have greatly affected the community and the public's trust.

AIRPORT CORPORATE CENTRE • 7677 OAKPORT STREET, SUITE 1120 • OAKLAND, CA 94621 • TEL (510) 839-5200 • FAX ( 510) 839-3882

LAW OFFICES OF
JOHN L. BURRIS
www.johnburrislaw.com

    Plaintiff would hope that transparency would have become a more highly valued principle in the Department and the City. Unlike other cities – such as Sacramento who have recently apologized in a case where their officer hit a teenager with a car, and engaged the family in transparency – the San Francisco Police Department continues its immature antics of veiling their police officers' misconduct and attempting to conceal their officers' accounts of what occured and videos of a officer involved shooting in order to shirk accountability and reduce transparency. This only embrazens officers that commit police misconduct. They must be held accountable privately and publicly.

    The investigative facts in this case are memorialized in the incident videos, officers statements to homicide investigators and radio dispatch. The public has an interest in holding accountable the police department, its city and its public servants. Plaintiff is flabbergasted given the San Francisco Police Department's recent history that they do not want to be transparent in this incident and hopes the Defendants will reconsider.

    Plaintiff is available to meet and confer, please propose dates.

    Regards,


Patrick Buelna
Law Offices of John Burris
Attorney for Plaintiff

AIRPORT CORPORATE CENTRE • 7677 OAKPORT STREET, SUITE 1120 • OAKLAND, CA 94621 • TEL (510) 839-5200 • FAX ( 510) 839-3882