1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar #164194
   Chief Trial Attorney
3  SEAN F. CONNOLLY, State Bar #152235
   JAMES F. HANNAWALT, State Bar #139567
4  KELLY COLLINS, State Bar #277988
   Deputy City Attorneys
5  Fox Plaza
   1390 Market Street, Sixth Floor
6  San Francisco, California 94102-5408
   Telephone:    (415) 554-3863 [Connolly]
7  Telephone:    (415) 554-3913 [Hannawalt]
   Telephone:    (415) 554-3914 [Collins]
8  Facsimile:    (415) 554-3837
   Email:        sean.connolly@sfcityatty.org
9  Email:        james.hannawalt@sfcityatty.org
   E-Mail:       kelly.collins@sfcityatty.org
10
   Attorneys for Defendants
11 CITY AND COUNTY OF SAN FRANCISCO,
   OFFICER CHARLES AUGUST, OFFICER NICHOLAS
12 CUEVAS, OFFICER WINSON SETO, OFFICER
   ANTONIO SANTOS, OFFICER SCOTT PHILLIPS
13

14                        UNITED STATES DISTRICT COURT

15                      NORTHERN DISTRICT OF CALIFORNIA

16 GWENDOLYN WOODS, individually and as        Case No. 15-cv-05666 WHO
   Successor in Interest to Decedent MARIO
17 WOODS,                                      **DEFENDANTS' OPPOSITION TO
                                               PLAINTIFF'S BRIEF TO OBTAIN THE
18        Plaintiff,                           DEFENDANT OFFICERS' PRIOR
                                               RECORDED STATEMENTS IN DEFENDANT
19        vs.                                  CITY AND COUNTY OF SAN FRANCISCO'S
                                               POSSESSION**
20 CITY AND COUNTY OF SAN
   FRANCISCO; a municipal corporation;         Hearing Date:    September 26, 2018
21 CHARLES AUGUST, Police Officer for the      Time:            2:00 p.m.
   City and County of San Francisco;           Place:           Courtroom 2, 17th Floor
22 NICHOLAS CUEVAS, Police Officer for the
   City and County of San Francisco; WINSON    Trial Date:      November 5, 2018
23 SETO, Police Officer for the City and County
   of San Francisco; ANTONIO SANTOS, Police
24 Officer for the City and County of San
   Francisco; SCOTT PHILLIPS, Police Officer
25 for the City and County of San Francisco; and
   DOES 1-50, individually and in their official
26 capacities as Police Officers for the City and
   County of San Francisco, inclusive,
27
          Defendants.
28

   Defts' Opp to PL's Brief re Prior Recorded Statements                n:\lit\li2016\160554\01301958.docx
   Woods v. CCSF, et al.; Case No. 15-cv-05666 WHO

**BACKGROUND**

Plaintiff filed this lawsuit on December 11, 2015, a mere nine days after the incident.  (ECF No. 1).  Plaintiff's counsel are well versed in the investigations and procedures that follow an officer-involved shooting.  They are certainly aware that officers and witnesses give interviews during Internal Affairs (hereinafter "IA") and Department of Police Accountability (hereinafter "DPA") investigations.  By choosing to file this lawsuit so close in time to the incident, plaintiff's counsel knew there was a great risk that the many ongoing investigations following the incident would delay their ability to review investigative files.  Counsel's representation that the first they learned of Defendants having given interviews to IA and DPA was during the Defendants' depositions, is utterly unbelievable.  Plaintiff's counsel also misstates the status of this issue by claiming Defendants are withholding the interviews.  Defendants have not improperly withheld anything – Defendants cannot provide files to which they do not have access.

Defendants' position on this issue has been consistent and has been explained to plaintiff many times.  The files regarding ongoing investigations are not available to Defendants and are protected under the Official-Information Privilege.  (ECF No. 121-3).  See November 29, 2016, letter to Adante Pointer from Sean Connolly, noting the "attendant investigations" to the shooting are "still open and ongoing" and that, once the investigations are complete, "we believe plaintiff is entitled to most of this investigation, subject to a protective order." (Collins Declaration Exhibit A) and May 29, 2018 letter to Patrick Buelna from Sean Connolly (Collins Declaration Exhibit B) "defendants previously stated that they would provide this investigation to plaintiff … as soon as the investigation is completed."

Defendants were informed on September 7, 2018, that the IA investigation is now complete.  Defendants therefore have requested the statements and will confirm that the statements are subject to no other privileges.  Defendants have so advised Plaintiff (Collins Declaration Exhibit C).  With respect to the DPA statements, that investigation remains ongoing.  Defendants cannot produce those statements at this time.

1

**ARGUMENT**

2

**I.     DEFENDANTS ARE NOT REQUIRED TO PRODUCE THE FILES RELATED TO ONGOING INVESTIGATIONS**

3

4        Plaintiff is not entitled to files related to ongoing IA and DPA investigations.  Plaintiff's brief

5   incorrectly states Defendants' position regarding the status of the requested interviews.  At no point

6   has the City denied that IA and DPA are City agencies.  Plaintiff correctly points out that Defendants

7   complied with requests to produce documents from DPA in response to Plaintiff's Request for

8   Production of Documents, Set One.  However, the crucial difference is that those documents were

9   related to investigations that are closed.  Defendants have repeatedly informed Plaintiff of the status of

10  the IA and DPA investigations.  See, Collins Decl Exhibit A, advising plaintiff in November, 2016,

11  that the internal investigations remain open; Collins Decl Exhibit B, advising Plaintiff in May of 2018

12  the same.

13       As of the filing of this brief, Defendants have advised Plaintiff that the IA investigation is now

14  closed, but that the DPA investigation remains ongoing (Collins Decl Exhibit C).  Defendants agree

15  that Plaintiff is entitled to the statements she requested *once the investigations are complete* and are in

16  the process of obtaining the statements from IA.  But, until the DPA investigation closes, California

17  Evidence Code Section 1040, the Official Information Privilege, prohibits Defendants from disclosing

18  the statements.  (*See also Kelly v. San Jose,* 114 F.R.D. 653 (N.C. Cal. 1987); *Soto v. City of Concord,*

19  162 F.R.D. 603 (N.D. Ca. 1995)).

20       Plaintiff mischaracterizes the nature of the relationship between City agencies.  The fact that

21  IA and DPA are City agencies does not mean the City Attorney's Office has unfettered access to open

22  files.  Such access would be quite concerning.  Moreover, Plaintiff's argument that Defendants have

23  waived the privilege by not producing a privilege log is illogical.  Defendants have not seen the IA or

24  DPA investigative files and therefore cannot speak to their contents.  Consequently, Defendants could

25  not create a privilege log for files to which they have never had access.  The Official Information

26  Privilege of Evidence Code 1040 is grounded in sound public policy.  IA and DPA serve very

27  important, independent roles, particularly in the realm of officer-involved shootings.  The key to the

28  success of their investigations is having the autonomy to conduct and complete thorough

Defts' Opp to PL's Brief re Prior Recorded Statements          2          n:\lit\li2016\160554\01301958.docx
Woods v. CCSF, et al.; Case No. 15-cv-05666 WHO

1  investigations without interference from other agencies.  There is no "interagency dispute" as Plaintiff

2  contends.  Defendants are required to observe the law.

3                                                **CONCLUSION**

4       If the IA and DPA statements are so critical to this case, Plaintiff's remedy has always been a

5  stay of this litigation until those investigations are complete.  Plaintiff has not pursued that option.

6  Instead, Plaintiff proceeded at her peril.  The Court should deny Plaintiff's request for production of

7  the DPA statements and reject Plaintiff's assertion that she has been prejudiced.

8

9  Dated:  September 7, 2018

10                                              DENNIS J. HERRERA
                                                City Attorney
11                                              CHERYL ADAMS
                                                Chief Trial Attorney
12                                              SEAN F. CONNOLLY
                                                JAMES F. HANNAWALT
13                                              KELLY COLLINS
                                                Deputy City Attorneys
14
                                          By:     */s/ Kelly Collins*
15                                              KELLY COLLINS

16                                              Attorneys for Defendants
                                                CITY AND COUNTY OF SAN FRANCISCO, ET AL.
17

18

19

20

21

22

23

24

25

26

27

28