# EXHIBIT A

CITY AND COUNTY OF SAN FRANCISCO     OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

SEAN F. CONNOLLY
Deputy City Attorney

Direct Dial: (415) 554-3863
Email: sean.connolly@sfgov.org

November 29, 2016

*Via Electronic mail and United States Post*

Adante Pointer, Esq.
Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, CA 94621

       Re:   *Gwendolyn Woods v City and County of San Francisco, et al.*
               United States District Court, Case No. 15-cv-05666 WHO
               Meet and Confer Regarding Personnel/Internal Affairs Records

Dear Mr. Pointer:

       This responds to your letter of November 23, 2016 (the day before Thanksgiving), regarding discovery of peace officer personnel records. As an initial note, please be advised that I am out of the office until December 5th, and will not be able to produce any documents before then. I certainly will be able to produce some of the documents we discussed within a reasonable time after my return. In the meantime, I will address some of the items raised in your letter.

       Indeed, we did discuss the parameters of disclosure of records responsive to plaintiff's discovery demands, but the conversation also encompassed many other topics unrelated to this discovery. Further, my recollection of the conversation differs from the one memorialized in your letter in several significant ways. A review of your letter leads me to suspect that it may be in part a form letter used from other cases as some of the language does not apply to our case or misrepresents the City's position.

       Be that as it may, I agree we need to get things back on track. Your letter fails to mention that the City agreed that many of the records sought were discoverable subject to the protective order. I explained then, and reiterate now, that because plaintiff filed her lawsuit within days of the incident, many of the attendant investigations to an officer involved shooting are still open and ongoing. Any internal affairs investigation will necessarily take longer than the underlying criminal investigation. Your letter mischaracterizes the City's position regarding the internal investigation documents. We believe plaintiff is entitled to most of this investigation, subject to a protective order. I say "most" because I have not seen the investigation and do not want to waive any objection to documents that may be entitled to non-disclosure. I will need more time to investigate the status of this investigation, but anticipate that the City will be producing responsive documents.

       As to the complaint history of the officers, the City did agree to produce particular categories of documents within a five-year time frame from the date of the incident. I don't believe we agreed to produce "conduct unbecoming" records. I did order these records after our conference, but will need to check the status. Responsive records will be forthcoming.

       Additionally, as a general objection, the City disagrees with plaintiff's characterization of the law in this area and reserves the right to dispute it. For instance, both *Soto* and *Kelly*, as well

FOX PLAZA · 1390 MARKET STREET, SIXTH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-3837

n:\lit\li2016\160554\01153673.docx

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to A. Pointer, Esq.
Page 2
November 29, 2016

as other cases, clearly defer to state law under certain circumstances. In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential. *Kelly,* 114 F.R.D. at 660; *Denver Policemen's Protective Ass'n. v. Lichtenstein,* 660 F.2d 432, 435 (10th Cir.1981); *Martinez v. City of Stockton,* 132 F.R.D. 677, 681 (E.D.Cal.1990). Federal courts should give "some weight" to privacy rights that are protected by state constitutions or statutes. *Kelly,* 114 F.R.D. at 656. However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments. *Soto v. City of Concord,* 162 F.R.D. 603, 616 (N.D. Cal. 1995).

Also, plaintiff misconstrues the Court's protective order. As the City has repeatedly maintained, documents generated from a criminal investigation file, such as this one, are entitled to the official information privilege, and are thus designated as confidential. See Dkt.35. *County of Orange v. Superior Court,* 79 Cal. App. 4th 759 (2000) specifically holds that the contents of a homicide file are privileged information protected by the official information privilege (Evidence Code § 1040; see also Gov't Code §6254). *Id.* at 763-766. "The official information privilege set forth in section 1040, subdivision (b)(2) applies to information acquired in confidence by a public employee in the course of his duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made." (§ 1040, subd. (a)) *Id.* at 763. "Evidence gathered by police as part of an ongoing criminal investigation is by its nature confidential." *Id.* at 764. "We conclude that the contents of police investigative files sought in civil discovery must remain confidential so long as the need for confidentiality outweighs the benefits of disclosure in any particular case." *Id.* at 765.

Lastly, there is no privilege log to produce at this point because defendants are not withholding documents, nor does any statute set out a time line for production of such a log.

As I mentioned earlier, I will undertake producing further documents upon my return to the office next week. I should be able to produce something shortly thereafter. I propose we talk after that point.

Thank you for your cooperation.

Very truly yours,

DENNIS J. HERRERA
City Attorney

/s/ Sean F. Connolly

SEAN F. CONNOLLY
Deputy City Attorney