**EXHIBIT B**

City and County of San Francisco



Dennis J. Herrera
City Attorney

Office of the City Attorney

Sean F. Connolly
Deputy City Attorney

Direct Dial: (415) 554-3863
Email: sean.connolly@sfcityatty.org

May 29, 2018

*Via Electronic mail and United States Post*

Adante Pointer, Esq.
Patrick Buelna, Esq.
Law Offices of John L. Burris
7677 Oakport Street, Suite 1120
Oakland, CA 94621

Re: *Gwendolyn Woods v City and County of San Francisco, et al.*
United States District Court, Case No. 15-cv-05666 WHO
Meet and Confer Regarding Personnel Records and Privilege Log

Dear Mr. Buelna:

This responds to your emails of May 18, 2018 and May 22, 2018, regarding personnel records requested by plaintiff. After an exhaustive review of the discovery, document production history, and meet and confer correspondence, I am not clear on what it is you are demanding. We should clarify whether we are on the same page before meeting and conferring in person. The issues regarding the production of complaint histories against the individual officers were resolved in 2016 by agreement, after Mr. Pointer and I met and conferred.

Further, my understanding of the factual history differs significantly from the general recitations you make, and think we might benefit from a more detailed discussion of specific items. These records were produced a year and half ago. If there is a genuine issue, I am confused why plaintiff has waited until now, for the first time, to raise it. Also, the legal authority you cite is not the controlling law in this area. In the future, I respectfully ask that you review the status of an issue before asking me to do a wholesale review of that same history. If we can get to specifics, it will save all of us, including the Court, a lot of time.

Request for Production of Documents. A brief history of the discovery on this topic may be of benefit. On or about May 3, 2016, plaintiff made 49 separate requests for documents, including requests for complaint histories against the individual officer defendants. On or about June 1, 2016, defendants responded to that demand and agreed to produce most of what plaintiff requested, except for those items involving privileged information. As to those items that were privileged, defendants timely objected, and followed the procedure laid out in *Kelly v. City of San Jose*, 114 FRD 653 (ND Cal. 1987) and *Soto v City of Concord*, 162 F.R.D. 603 (ND Cal. 1995), including serving plaintiff with an "official information declaration." As to those matters to which defendants claimed a privilege, plaintiff's counsel, Mr. Pointer, and I, subsequently engaged in lengthy meet and confer discussions and arrived at an agreement that defendants would produce relevant documents within a five year period prior to the incident. See letters to Mr. Pointer, dated October 18, 2016, and November 29, 2016. On or about January 26, 2017, defendants produced to plaintiff the relevant records, bate stamped CCSF_Woods 002499-002618. In fact, a review of the January 26, 2017, production reveals that defendants produced to plaintiff the entire complaint history against the officers with no limitations as to time or category. Also, a cursory review of that production reveals the only redactions made were the birth dates of the complainants.

Fox Plaza · 1390 Market Street, Sixth Floor · San Francisco, California 94102-5408
Reception: (415) 554-3800 · Facsimile: (415) 554-3837

n:\lit\li2016\160554\01278745.docx

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Adante Pointer, Esq.
Page 2
May 29, 2018

  Because defendants have produced the entire complaint history of the officers, I am unclear what it is you are requesting. Please clarify if there is something I have missed or something more specific that we may follow up on.

  Privilege Log. As I outlined in my November 29, 2016, letter, there is no privilege log because nothing has been withheld. Further, your reliance on *Burlington* is wrong. *Burlington* specifically "reject[ed] a *per se* waiver rule that deems a privilege waived if a privilege log is not produced" within 30 days. *Burlington*, 408 F.3rd 1142 at 1149 (9th Cir. 2005). *Burlington*, states that where there is no local rule governing the issue, the parties must stipulate as to a time to produce a privilege log. There is no local rule governing this topic, and there is no stipulation. Because there is no privilege log, I can't produce one. Also, as a general observation, *Burlington* does not control information protected by the official information privilege here in the Northern District. Rather, *Kelly v. City of San Jose*, 114 FRD 653 (ND Cal. 1987) and *Soto v City of Concord*, 162 F.R.D. 603 (ND Cal. 1995) set out the procedure to follow in those instances. And, incidentally, *Burlington* did not deal with civil rights litigation or highly sensitive protected personnel files. Nor, did the City make blanket, boilerplate objections. Because nothing has been withheld, there is no issue concerning a privilege log.

  Internal Affairs Investigation. As Mr. Pointer and I discussed at our face to face meet and confer conference in 2016 on this topic, and as specifically outlined in my November 29, 2016, correspondence to plaintiff, because plaintiff elected to file this lawsuit within days of the incident, the internal affairs investigation into this incident is open, on-going, and not completed. A review of defendants' position on this topic is contrary to what you have represented. Defendants previously stated that they would provide this investigation to plaintiff (reserving the right to object) as soon as the investigation is completed.

> ("…because plaintiff filed her lawsuit within days of the incident, many of the attendant investigations will necessarily take longer than the underlying criminal investigation…[Defendants]" believe plaintiff is entitled to most of this investigation, subject to a protective order. I say "most" because I have not seen the investigation and do not want to waive any objection to documents that may be entitled to non-disclosure. I will need more time to investigate the status of this investigation, but anticipate that the City will be producing responsive documents.")

  As of today's date, the investigation is not complete. Consequently, defendants do not have any internal affairs investigation files related to this incident.

  In conclusion, please review your position and let me know if there is anything to proceed on. I rarely have problems with the other attorneys in your office regarding discovery matters and doubt very much whether a real issue exists here. If there is some legitimate issue, please let me know as I am confident we will work it out informally.

  Thank you for your cooperation.

Very truly yours,

DENNIS J. HERRERA
City Attorney

SEAN F. CONNOLLY
Deputy City Attorney