**JOHN L. BURRIS ESQ., SBN 69888**
**ADANTE D. POINTER, SBN ESQ. 236229**
**DEWITT LACY, ESQ. SBN 258789**
**MELISSA C. NOLD, ESQ. SBN 301378**
**PATRICK M. BUELNA, ESQ. SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com
Dewitt.Lacy@johnburrislaw.com
Melissa.Nold@johnburrislaw.com
Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GWENDOLYN WOODS, an individual,<br>　　　　Plaintiff,<br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br>　　　　Defendants. | CASE NO.: 3:15-cv-05666-WHO<br><br>**PLAINTIFF'S REPLY BRIEF TO OBTAIN THE DEFENDANT OFFICERS' PRIOR RECORDED STATEMENTS IN DEFENDANT CCSF'S POSSESSION** |

I.  PLAINTIFF'S ARE ENTITLED TO THE IA AND DPA PRIOR RECORDED STATEMENTS

Although Defendants opposition cites that it is unbelievable that Plaintiff did not learn sooner that Defendant Officers gave recorded statements separate and apart from their statements from homicide investigators – in fact, it is uncommon in Plaintiff's counsels' experience for Defendant Officers to provide separate recorded interviews to these agencies. Furthermore, Defendants would have been correct had they produced a privilege log as required by Rule 26(b)(5) that listed the officers recorded statements, but Defendants did not; without a privilege log, Plaintiff can only guess what are in the DPA and IA files for this incident.

Other than that bewildering statement - Defendant CCSF is maintaining two confusing, conflicting positions in their opposition: (1) the City is asserting that DPA and IA are agencies of Defendant CCSF but that they are not withholding privileged documents so do not have to produce a privilege log; and (2) that the documents that their agencies (Defendant CCSF) are withholding are subject to the official information privilege but do not have to produce a privilege log.

Defendant City is confusing individual City Counsels with the party they represent. Defendant CCSF is in possession of the files that the City agencies are in possession of, even if these particular Defendant City Counsels of "possess" them. Rule 26 does not define possession by the documents that the party's particular attorneys have at their office but rather documents that are in Defendant CCSF's actual possession, custody, or control thereof or the legal right to obtain the property on demand. *In re Legato Systems, Inc. Secur. Litig.* (ND CA 2001) 204 FRD 167, 170. Defendant's opposition did not address or even assert that the files

are not in Defendant CCSF's possession as contemplated under Rule 26 and 34 only that the City Attorney's Office does not have unfettered access to all the City's files. This does not relieve Defendant CCSF's obligation to produce the files or a privilege log that permits Plaintiff to fairly assess the claims.

Ironically, Defendant CCSF bows to the official information privilege as a last resort, but does not accurately represent the law found in *Kelly* and *Soto*. (*Kelly v. San Jose,* 114 F.R.D. 653 (N.C. Cal. 1987); *Soto v. City of Concord,* 162 F.R.D. 603 (N.D. Ca. 1995)). Federal courts allow for a *qualified* official information privilege – which requires the City to have produced a declaration and a privilege log. Furthermore, these are steps to secure that the official information privilege will be considered, then the documents' privilege is *weighed*; and in context of civil rights cases against police departments, should be "moderately pre-weighted in favor of disclosure." *Soto, supra*, at 613 *quoting Kelly at* 114 F.R.D. at 66. Here, these are factual documents, not even investigatory notes. They should be disclosed.

Either way, if the privilege ever applied, which is unlikely given the prior recorded are just pure factual statement not investigatory notes, Defendant CCSF admittedly failed to produce a privilege log for two years and thereby failed to secure consideration, if any, of the official information privilege.

Plaintiff emphasizes that Defendant City and County of San Francisco has a habit of not producing privilege logs and appear to believe the City does not have to produce them despite constant reminders by Plaintiff's Counsels' firm.

**Dated: September 12, 2018**

                                    **LAW OFFICES OF JOHN L. BURRIS**

                                      By: */s/Patrick M. Buelna*
                                         PATRICK M. BUELNA
                                         Attorney For Plaintiff