UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES AUGUST, et al.,<br><br>Defendants. | Case No. 3:15-cv-05666-WHO<br><br>**ORDER GRANTING LEAVE TO FILE MOTION FOR RECONSIDERATION AND DENYING THE MOTION**<br><br>Re: Dkt. No. 144 |

## BACKGROUND

Plaintiff Gwendolyn Woods brings this action in response to the December 2, 2015 killing of her son Mario by San Francisco police officers Charles August, Nicholas Cuevas, Winson Seto, Antonio Santos, and Scott Phillips (collectively, "defendants"). On October 9, 2018, I granted in part and denied in defendants' motion for summary judgment. Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("Order") [Dkt. No. 143]. I granted summary judgment on all the federal claims under section 1983 because the defendants were entitled to qualified immunity for the Fourth Amended claims and because the plaintiff had failed to defend the Fourteenth Amendment claims.[1] I allowed plaintiff's state law Bane Act and negligence claims to proceed because there remained genuine disputes of material fact regarding Woods's conduct, the officers' actions, and the applicability of state law immunity statutes.

On October 30, 2018, defendants requested leave to file a motion for reconsideration of my Order pursuant to Civil Local Rule 7-9(b)(3). Motion for Reconsideration [Dkt. No. 144]. For the reasons set forth below, I GRANT their request for leave but DENY the motion for

---

[1] I also granted summary judgment on the plaintiff's *Monell* claims and dismissed the City and County of San Francisco as a defendant.

reconsideration.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order under certain circumstances. A motion for reconsideration is appropriate if the court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Reconsideration "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). Accordingly, a motion for reconsideration may not be used to raise evidence or argument for the first time that "could reasonably have been raised earlier in the litigation." *Marlyn*, 571 F.3d at 880 (internal quotation marks omitted); *see also Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) ("[R]eargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.") (internal quotation marks omitted).

**DISCUSSION**

**I. THE RELATIONSHIP BETWEEN FEDERAL QUALIFIED IMMUNITY AND STATE STATUTORY IMMUNITY**

Defendants first argue that I erred by allowing plaintiff's state law claims to proceed despite finding them entitled to qualified immunity for the federal claims. They argue that they are also entitled to state statutory immunity because it is "consistent" and "tied so closely together historically with" federal qualified immunity. Mot. 3. According to defendants, allowing officers to stand trial under state law renders qualified immunity "meaningless." *Id.* at 7. Defendants conclude, "It is fundamentally unfair to make an officer face trial on state law where she is immune from suit on the federal claims when the protection afforded from the federal claims

2

originated in the protection she seeks in state law." *Id.*

Defendants' arguments are unpersuasive. Doctrines sharing the same origins can nonetheless develop into very different doctrines. The California Supreme Court "abolished the common law rules of governmental immunity from tort liability" more than 50 years ago, while the United States Supreme Court has decided many recent cases involving qualified immunity and greatly expanded the scope of the doctrine's application. *See Venegas v. Cty. of Los Angeles*, 153 Cal. App. 4th 1230, 1245 (2007); *See Kisela v. Hughes*, 138 S. Ct. 1148, 1152, 200 L. Ed. 2d 449 (2018); *White v. Pauly*, 137 S. Ct. 548, 551 (2017); *City & Cty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1778 (2015); *Ashcroft v. al-Kidd*, 563 U.S. 731, 746 (2011). Defendants cite no case in which the California Supreme Court or a California court of appeal has held that state law immunity statutes rely on or are coextensive with federal qualified immunity. *Cf. Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1040–41 (9th Cir. 2018) ("[Q]ualified immunity is not available for [Bane Act] claims."); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) ("The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution.").

**II. SECTION 820.6**

Defendants further assert that I erred in concluding that they are not entitled as a matter of law to immunity under California Government Code section 820.6. Mot. 6–7. "If a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, he is not liable for an injury caused thereby except to the extent that he would have been liable had the enactment been constitutional, valid and applicable." CAL. GOV'T CODE § 820.6. Defendants assert that they relied on California Penal Code sections 835a and 196 during their interactions with Woods, and that even if those codes do not apply,[2] their "good faith" reliance means that they have immunity section 820.6. Mot. 6–7;

---

[2] Despite defendants' suggestion, I came to no conclusion as to the applicability of sections 196 and 835a. *See* Mot. 7 ("In denying immunity to the defendant officers under sections 196 and 835a, the Court necessarily found that these statutes were not applicable."). Instead, I ruled that a jury would have to resolve disputed facts to determine whether defendants' force was reasonable

3

Defendants cite *O'Toole*, in which the court concluded that defendant officers were entitled to section 820.6 immunity as a matter of law because the evidence established that they acted in good faith and without malice. *O'Toole v. Superior Court*, 140 Cal. App. 4th 488, 505 (2006). In that case, campus police asked non-student demonstrators to leave campus because they did not have a permit from the Student Affairs office as required by district policy. *Id.* at 535–37. The undisputed facts showed that officers immediately informed the group of the permit requirement, directed members to the office where they could obtain one, and informed them that they were welcome to return to campus when they had done so. *Id.* The plaintiffs argued that the permit was an unconstitutional prior restraint on speech, and defendants asserted immunity under section 820.6. *Id.* at 500, 503–04.

The *O'Toole* court concluded that "the undisputed facts show[ed] the defendant police officers acted in good faith and without malice under the apparent authority of the District's permit policy." *Id.* at 509. Under section 820.6, good faith "reflects a subjective intention to act under the authority of the governing enactment, and to enforce or comply with those rules," while malice is "that attitude or state of mind which actuates the doing of an act for some improper or wrongful motive or purpose." *Id.* at 505. There was no evidence to suggest that the officers had acted in anything other than good faith. *See id.* at 506.

This case stands apart from *O'Toole* in several respects. Most importantly, a jury will have to resolve factual disputes, judge credibility, and otherwise weigh evidence in order to determine whether the defendants acted in good faith or with malice. By contrast, in *O'Toole* the officers' good faith reliance on the permit requirement was unquestionably established because they informed group members several times over that they could only demonstrate on campus with a permit. *See O'Toole*, 140 Cal. App. 4th at 535–37. Here, contrary to defendants' assertions,[3] there

---

under section 835 and to determine whether the killing was a justifiable homicide under section 196. Order 18.

[3] In support of their argument that "there is no evidence that the officers acted in bad faith in relying on the penal code provisions that allowed them to use force," defendants rely on my finding that qualified immunity applies along with my grant of summary judgment on the plaintiff's Fourteenth Amendment claim. *See* Mot. 6. But neither of these conclusions required a finding that there was no bad faith. In fact, I did analyze the Fourteenth Amendment claims

4

is evidence that a reasonable jury could rely on to find that they acted with an improper motive or purpose. *See id.* at 505; Order 17 ("Videos show that officers significantly outnumbered Woods, who had neither brandished the knife nor made verbal threats, but rather made statements a fact finder could infer were suicidal. A jury could find that Woods was injured and moving slowly at the moment officers shot him.").

**III. SECTION 821.6**

Finally, defendants criticize my refusal to find that California Government Code section 821.6 immunizes to their conduct. Mot. 8–9. In my Order, I drew a distinction between officer activity pursuant to an investigation and officer conduct during an arrest and concluded that section 821.6 shields only the former. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 488 (9th Cir. 2007) (concluding that section 821.6 did not immunize conduct that occurred during an arrest rather than an investigation); *Chien Van Bui v. City & Cty. of San Francisco*, 61 F. Supp. 3d 877, 905 (N.D. Cal. 2014) (same) (reversed in part on other grounds); *Via v. City of Fairfield*, 833 F. Supp. 2d 1189, 1200 n. 9 (E.D. Cal. 2011) ("The immunity section 821.6 affords does not extend to causes of action based on an officer's use of force during an arrest."). Defendants present no case or fact to undermine that distinction.

## CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: November 8, 2018



William H. Orrick
United States District Judge

---

because the plaintiff had not addressed defendants' arguments in her opposition. Order 15.

5