DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Attorney
SEAN F. CONNOLLY, State Bar #152235
JAMES F. HANNAWALT, State Bar #139567
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3863 [Connolly]
Telephone: (415) 554-3913 [Hannawalt]
Facsimile: (415) 554-3837
Email: sean.connolly@sfcityatty.org
Email: james.hannawalt@sfcityatty.org

Attorneys for Defendants
OFFICER CHARLES AUGUST, OFFICER NICHOLAS CUEVAS, OFFICER SCOTT PHILLIPS, OFFICER ANTONIO SANTOS AND OFFICER WINSON SETO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS,

Plaintiff,

vs.

CHARLES AUGUST; NICHOLAS CUEVAS; SCOTT PHILLIPS; ANTONIO SANTOS; AND WINSON SETO

Defendants.

Case No. 15-cv-05666 WHO

**DEFENDANTS' MOTION TO DISMISS ON BEHALF OF GWENDOLYN WOODS AS AN INDIVIDUAL UNDER FRCP 16(c)(2)(A) and (D)**

Hearing Date: March 11, 2019
Time: 2:00 p.m.
Place: Courtroom 2, 17th Floor

Trial Date: April 1, 2019

**NOTICE OF MOTION AND MOTION**

Defendants move pursuant to Federal Rule of Civil Procedure 16(c)(2)(A) and (D) to dismiss any cause of action by Gwendolyn Woods as an individual on the ground that (1) such claims are not pled in the operative complaint; and (2) plaintiff failed to comply with the requirements of California

Government Code section 900, et. seq., the California Government Claims Act, which is a jurisdictional prerequisite to an action for damages against a public entity or employee.

**INTRODUCTORY STATEMENT**

The claims remaining in this action are brought under California state law: (1) a claim for Wrongful Death based on negligence, pursuant to California Code of Civil Procedure section 377.60; and (2) a Survival Action for violation of California Civil Code Section 52.1 (the Bane Act), based on excessive force under the Fourth Amendment.[1] The operative complaint in this case identifies only "Gwendolyn Woods, *as Successor in interest to Mario Woods"* as the person asserting the state law causes of action. Second Amended Complaint, 11:1-12:10 (emphasis added), Dkt. 48. Because the claims are brought by the successor in interest, and not by plaintiff in her individual capacity, they are survival actions limited to loss or damage sustained by decedent prior to his death. Cal. Civ. Proc. Code § 377.34.

The Court adjudicated and dismissed the only cause of action brought by plaintiff Gwendolyn Woods in her individual capacity – the Third Cause of action for *Monell* liability for violation of her Fourteenth Amendment right to familial relations. Dkt. 48 (Second Amended Complaint) 9:18-10:25; and Dkt. 148 (Order granting summary judgment as to all Federal causes of action). No causes of action remain where Gwendolyn Woods sues as an individual. *Id*.; see also Dkt. 48 (Second Amended Complaint) 11:1-12:11 (fourth, fifth and sixth causes of action by "Gwendolyn Woods, as Successor in interest to Mario Woods v. Defendants August, Cuevas, Seto, Santos, Phillips and Does 6 – 25 inclusive"). Based on pre-trial submissions and the parties' meet and confer discussions in advance of trial, defendants have become aware that Gwendolyn Woods intends to pursue damages as an individual. Defendants believe such claims are plainly barred by plaintiff's failure to plead them in the complaint. In the event the Court interprets the operative complaint as stating claims on behalf of Gwendolyn Woods as an individual, defendants bring this motion to dismiss: Any claim by Gwendolyn Woods as an individual, is barred because plaintiff failed to satisfy the requirement of the California Government Claims Act, California Government Code section 900, et. seq.

---

[1] Plaintiff's claim for battery, the sixth cause of action, is the subject of a stipulated dismissal and is therefore not discussed here.

## ARGUMENT

### I. PLAINTIFF DID NOT FILE A CLAIM AS REQUIRED BY LAW

Under California law, a plaintiff may not bring an action against a public entity unless he or she has first presented a claim to that entity. Cal. Gov.Code §§ 911.2, 945.4. The California Government Claims Act (previously named and often still referred to as the "Tort Claims Act") requires claimants to submit a claim that includes identifying information about the claimant, the circumstances of the occurrence giving rise to the claim, a description of the injury or damage, and the name of the public employee causing the damage or loss. *Id.* at § 910 (claim must include "date, place and other circumstances of the occurrence ... which gave rise to the claim" and a "general description" of the "injury, damage, or loss incurred so far as it may be known at the time of presentation of the claim.") The requirements of the Claims Act apply equally to claims against public employees. Cal. Gov. Code § 950.2, see also, *Mahach-Watkins v. Depee*, 2005 WL 1656887, at 4 (N.D. Cal. 2005).

Causes of action alleging matters not included in the claim are barred. *State of California ex rel Dept. of Transportation v. Superior Court*, 159 Cal.App.3d 331, 336, (1984) ("Courts have consistently interpreted the Tort Claims Act to bar actions alleging matters not included in the claim filed with the public entity"). This applies in particular to theories of recovery. Where a plaintiff asserts more than one theory of recovery in a lawsuit, each theory must have been reflected in a timely claim. *Fall River Joint Unified School Dist. v. Superior Court*, 206 Cal.App.3d 431, 434, (1998); *Williams v. Braslow*, 179 Cal.App.3d 762, 770, (1986) ("the factual content of the plaintiff's claim [is] viewed by the trial court as operating to proscribe the limits of any later action for which filing the claim is a precondition."); *Munoz v. State of California*, 33 Cal.App.4th 1767, 1776, (1995).

The causes of action at issue in this motion are plaintiff's Fourth Cause of Action for "Wrongful Death – Negligence" pursuant to California Code of Civil Procedure section 377.60, and plaintiff's Fifth Cause of Action for violation of California Civil Code section 52.1 (The Bane Act) based on alleged excessive force in violation of the Fourth Amendment. (Second Amended Complaint, 11:1-12:2), Dkt. 48. They are, respectively, a "wrongful death" action and a "survival" action, authorized under California statue. Cal. Civ. Proc. Code § 377.60 (wrongful death), Cal. Civ.

Proc. Code § 377.30 (survival). For purposes of the Claims Act, these are distinct theories of recovery. *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1278, (2006).

A wrongful death action is a statutorily-created right of certain individuals to purse their own damages in tort, arising from the death of a decedent. See, *Quiroz*, 140 Cal. App. 4th 1263-64. A survival action is the mechanism for pursuing claims that belonged to decedent prior to his death, and survived him. *Id*. 1264-65. Wrongful death and survivor claims involve separate and distinct injuries, the recoverable damages are mutually exclusive, and the persons authorized to sue are not the same. *Id*. 1278. Where a person brings a survival action and a wrongful death action, she is acting in two separate capacities with respect to each claims. *Id*. at 1278-79. The former involves injury to the decedent, the latter involves injury to plaintiff, acting for herself. *Id*. Such causes of action are "asserted by different plaintiffs" even when a single person brings both claims. *Id*. at 1278 ("[a]s a matter of law, these distinct claims are technically asserted by different plaintiffs and they seek compensation for different injuries").

For purposes of the Claims Act, the same distinctions apply. The failure of a claimant to identify the statutory capacity in which she sues has been held to bar a subsequent lawsuit. *Nelson v. County of Los Angeles*, 113 Cal. App. 4th 783, 796, (2003). In *Nelson*, the court acknowledged settled law in California – an action for wrongful death is distinct from a survival action by an estate. *Id*. *Nelson* holds that a claim filed by the mother of decedent for her own wrongful death damages was not a claim on behalf of decedent's estate. *Id*., *Abrego v. City of Los Angeles*, 2016 WL 9450679 (C.D. Cal. 2016). ("survivor-in-interest pleading a surviving claim in addition to personal injury claims acts in two separate capacities" holding claim for wrongful death damages did not substitute for claim as successor in interest); *Mahach-Watkins v. Depee*, 2005 WL 1656887, at *3–4 (N.D. Cal. 2005) (claim for wrongful death damages did not substitute as claim for estate, even where brought by same person); *Garcia v. Santa Clara County*, 2004 WL 2203560, at *10–11 (N.D. Cal. 2004), aff'd, 268 F. App'x 588 (9th Cir. 2008) (wrongful death claim not the same as claim by estate); *Isayeva v. County of Sacramento*, 2015 WL 5544505, at *6 (E.D. Cal. 2015), *rev'd in part sub nom. Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938 (9th Cir. 2017) (same); *see also*, *Galvan v. Yates*, 2006 WL

1495261 (E.D. Cal. 2006); *Shannon v. County of Sacramento*, 2016 WL 1138190 (E.D. Cal. 2016); *Jose v. City of Los Angeles*, 2009 WL 10672782 (C.D. Cal. 2009).

In this case, the Second Amended Complaint alleges causes of action under state law on behalf of "Gwendolyn Woods, as Successor in interest to Mario Woods." SAC 11:1-12:11. Dkt. 48. The "Wrongful Death – Negligence" cause of action and the cause of action for violation of the Bane Act specify no plaintiff other than the Successor in Interest. *Id*.[2] A "Successor in Interest" is the person authorized to purse a survival action, in this case the Bane Act claim, on behalf of decedent. Cal. Civ. Proc. Code § 377. 30 (cause of action passes to "decedent's successor in interest" and action may be brought by "decedent's personal representative or, if none, by the decedent's successor in interest.") No other person is authorized to bring a survival action. *Id*. To commence a survival action, the successor in interest must execute a declaration that includes decedent's name and the date and place of decedent's death. Cal. Civ. Proc. Code § 377.32. The declarant must attest that she is qualified as successor to decedent's interest in the proceeding, and must include facts supporting that assertion. *Id*. A successor in interest is "the beneficiary of decedent's estate" or other successor in interest to decedent's property. Cal. Civ. Code Proc. 377.11.

The claim submitted on December 15, 2015, identifies the claimant as the successor in interest, emphasizing the statutory requirements for establishing herself as successor. The claimant is identified as:

> Gwendolyn Woods, is the biological mother of Decedent Mario Woods and the sole surviving parent as the Decedent's biological father is deceased and she is therefore the sole successor-in-interest for Decedent Mario Woods.

Declaration of Matthew Rothschild, Exh. A[3] [Dkt 164]. The claim was submitted with a cover letter indicating the subject was: "Gwendolyn Woods, successor in interest for Decedent Mario Woods." *Id*. Plaintiff also filed a "successor in interest declaration" in this case, describing herself using the same

---

[2] The Bane Act claim may only be brought as a survival claim. See, *Bay Area Rapid Transit Dist. v. Superior Court of Alameda County*, 38 Cal. App. 4th 141 (1995) (Bane Act not a wrongful death provision); accord, *Medrano v. Kern County Sheriff's Officer*, 921 F.Supp.2d 1009, 1016 (E.D. Cal. 2013); *Dela Torre v. City of Salinas*, 2010 WL 3743762, at *6 (N.D. Cal. Sept. 17, 2010).

[3] The Court may take judicial notice of the claim. Fed.R.Evid. 201; *Clarke v. Upton*, 703 F.Supp.2d 1037, 1042 (E.D.Cal.2010) (finding filed California Government Tort Claims and their rejections the proper subject of judicial notice).

language. Dkt. 18 ("biological mother of the Decedent" and decedent's biological father is deceased). The December 15, 2015, claim is by the successor in interest to decedent Mario Woods, and a successor in interest is the person authorized to bring a <u>survival</u> action. Cal. Civ. Proc. Code § 377.30. In contrast, a successor in interest is not included in the definitions of those authorized to bring a wrongful death action. Cal. Civ. Proc. Code § 377.60 (persons who may bring action include surviving spouse/domestic partner, children/grandchildren, or, if none, those entitled to recover under intestate succession).

By filing a claim as "Gwendolyn Woods as successor in interest to Mario Woods" plaintiff identified herself and thus the claim as on behalf of the successor in interest of Mario Woods. A claim for wrongful death damages on behalf of Gwendolyn Woods as an individual is a separate, distinct theory of recovery, involving two different parties. *Quiroz*, 140 Cal. App. 4th 1278. Thus, any cause of action on behalf of Gwendolyn Woods as an individual must be dismissed.

**CONCLUSION**

The operative complaint in this case alleges causes of action on behalf of "Gwendolyn Woods as Successor in interest to Mario Woods" only. Plaintiff has not alleged claims against defendants in her individual capacity for her own damages. For that reason alone, plaintiff must not be allowed to pursue such claims at trial. However, in the event the Court is inclined to view the complaint as stating causes of action on behalf of Gwendolyn Woods individually, those caused of action should be dismissed.

Dated: March 1, 2019

DENNIS J. HERRERA
City Attorney
CHERYL ADAMS
Chief Trial Attorney
SEAN F. CONNOLLY
JAMES F. HANNAWALT
Deputy City Attorneys

By: *<u>/s/ Cheryl Adams</u>*
CHERYL ADAMS

Attorneys for Defendants
CHARLES AUGUST, ET AL.