**JOHN L. BURRIS, ESQ. SBN 69888**
**ADANTE D. POINTER, ESQ., SBN 236229**
**LATEEF GRAY, ESQ. SBN 250055**
**MELISSA C. NOLD, ESQ., SBN 301378**
**PATRICK BUELNA, ESQ., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:     (510) 839-5200
Facsimile:      (510) 839-3882

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS, individually and as Successor in Interest to Decedent MARIO WOODS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.<br><br>Defendants. | CASE NO.:  3:15-cv-05666<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS**<br><br>Pretrial Conference: March 11, 2019<br>Time: 2 p.m.<br><br>Courtroom 2, 17th Floor<br><br>Honorable Judge William Orrick |

  Plaintiff submits the following Motion to Strike Defendants' Motion to Dismiss, for failure to comply with Local Rule 7-2 (a); and failure to identify a Federal Rule of Civil Procedure which provides dispositive relief.

**STATEMENT OF FACTS**

At 5:04 p.m., on Friday, March 1, 2019, Defendants' Motion to Dismiss on Behalf of Gwendolyn Woods as an Individual, Under F.R.C.P. 16(c)(2)(A) and (D). Defendants' Motion required Plaintiff to file their Opposition by Tuesday, March 5, 2019. Defendants did not seek or obtain the Court's permission to shorten the required time to properly notice their Motion to Dismiss, nor did they seek or obtain Plaintiff's permission to shorten the required time to properly notice their Motion to Dismiss.

1. **Defendants Failed to Comply with Local Rule 7-2**

Under Northern District Local Rule 7-2 (a), all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion. Fed. R. Civ. P. (6)(d) does not provide an exception to this rule and by operation of law does not grant leave to shorten the 35 day window.

Here, Defendants filed their Motion to Dismiss after the close of business on Friday, March 1, 2019. Defendants unilaterally determined that Plaintiff's Response to this improperly noticed Motion would be due four (4) days later, on Tuesday, March 5, 2019.

Defendants did not seek or obtain leave of the court to shorten the required notice time. Defendants did not seek or obtain Plaintiff's permission to shorten the required notice time. Defendants should not be permitted to violate local rules with impunity and their motion should be struck outright.

2. **Defendants' Motion to Dismiss Under Federal Rules of Evidence 16 (c) is Improper**

Defendants seek to dismiss Plaintiff Gwendolyn Woods, as an individual, using F.R.E.

16(c)(2)(A) and (D), which is wholly impermissible and improper. F.R.E. 16(c) governs matters for consideration at a pre-trial conference and is not a mechanism to facilitate a dismissal. Defendants had the opportunity to file a dispositive Motion under F.R.E. 12 (b)(1) or F.R.E. 56 to resolve this issue but failed to do so. Further, Defendants could and should have resolved any issues related to Ms. Woods' when they filed their Motion for Summary Judgment, back in September 2018. F.R.E. 16(c) does not allow for the relief requested by Defendants.

### 3. Defendants' Failure to Comply with Local Rule 7-2 Prejudiced Plaintiff

Plaintiff will be unduly prejudiced if compelled to file a Response to an improperly plead and improperly noticed Motion. Defendants filed this Motion after the close of business on a Friday, with the expectation that Plaintiff would be required to respond by the following Tuesday, four (4) days later, which encompassed the weekend. Defendants' failure to properly notice their Motion to Dismiss creates undue prejudice for Plaintiff, who would be required to complete her response without sufficient time.

### CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests Defendants' Motion to Dismiss be striken for failure to comply with Local Rule 7-2 and failure to identify a Federal Rules of Civil Procedure which provides the dispositive relief they are requesting. In her alternative, Plaintiff requests that the court reset the due date for her Responsive Pleading, to permit sufficient time for response.

Respectfully submitted,

**LAW OFFICES OF JOHN L. BURRIS**

Dated: March 5, 2019                    /s/ *Melissa C. Nold.*

JOHN L. BURRIS
ADANTE D. POINTER
LATEEF GRAY
MELISSA C. NOLD
PATRICK BUELA
Counsel for Plaintiff