UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN WOODS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES AUGUST, et al.,<br><br>　　　　　Defendants. | Case No. 3:15-cv-05666-WHO<br><br>**TENTATIVE ORDER ON MOTIONS IN LIMINE AND MOTION TO DISMISS** |

　　　　To aid the parties in streamlining their arguments for today's pretrial conference, my tentative rulings are below.

**Defendants' MTD Claims by Gwendolyn Woods as an Individual – DENY**
- The second amended complaint lists plaintiff as an individual, lists wrongful death as a claim on the cover page, and references damages only plaintiff suffered.
- The Government Claims Act claim lists wrongful death and survival claims along with damages only plaintiff suffered.

**Plaintiff's Motions in Limine**
MIL #1 – Evidence of Woods's Prior Bad Acts
- DENY as to postmortem drug tests and toxicology reports for the limited purpose of explaining Woods's actions immediately before shooting. Opinion testimony regarding this evidence will not be admitted.
- GRANT as to alleged gang affiliation and drug use before date of death
- DENY as to prior convictions for the limited purpose of corroborating officers' account of Woods's conduct. Testimony regarding the facts underlying those convictions will not be admitted.

MIL #2 – Defendants' Experts
- Cameron
  - GRANT as to the science of physiologic processes
  - GRANT as to the law of reasonable force
  - GRANT as to whether each officer acted reasonably in use of deadly force
  - DENY as to police training
  - DENY as to whether each officer's conduct comported with training
- Lamiero – GRANT under Rule 403 because evidence is speculative, is more prejudicial than probative, and would waste time, provided that there is no dispute that the officers had probable cause to arrest Woods.
- Fries – Grant. The accuracy of the 3D model is questionable and the depictions are

1

          more prejudicial than probative, particularly given the existence of videos.
- Keram – GRANT.  Dr. Mendelson will testify regarding the impact of the drugs in Woods's system.  Dr. Keram's diagnoses for other purposes would be irrelevant, and for this purpose would be cumulative.
- Mendelson – DENY
   - Qualified to testify on the impact of drugs on Woods's actions
   - Plaintiff can cross on the problems identified in the MIL
- Laufer
   - DENY. Qualified re: "perception reaction time" and how that affected Woods's body position

MIL #3 – GRANT as to prejudicial words like "lunged" and "brandished."  The closest language in the record is "presented" – not enough.

MIL #4 – Non-Retained Experts
- Peagler – GRANT.  Evidence regarding alleged gang affiliation will not be admitted.
- Anderson – DENY
- Wilfred – DENY

MIL #5 – GRANT as agreed by the parties

MIL #6 – Hearsay Witnesses – not clear to whom plaintiff refers.  I will address specific hearsay objections as they arise during trial.

## Defendants' Motions in Limine

MIL #1 – Lay Witness Opinions
- DENY as to excited utterances by witnesses present on the scene
- GRANT as to other lay opinions on reasonableness

MIL #2 – GRANT as to inflammatory and argumentative characterizations such as "murdered," "executed," and "gunned down."

MIL #3 – GRANT on past complaints and investigations with the exception of potential impeachment

MIL #4 – GRANT re: administrative investigations but not evidence underlying them

MIL #5 – GRANT re: DOJ assessment, which is not relevant

MIL #6 – GRANT re: references to Mario Woods Day

MIL #7 – GRANT re: evidence of other alleged police misconduct (but it may be referred to in voir dire questioning)

MIL #8 – Testimony that Officers Lacked Probable Cause –
- Plaintiff asserts that probable cause is not an issue in the case, but she is unwilling to

>stipulate to a jury instruction that there was probable cause, which is necessary because it gave defendant officers the right to use reasonable force to effect the arrest. If she remains unwilling to stipulate to such an instruction, then I will reconsider the admissibility of Lamiero and Gardner testimony (which would otherwise be excluded).

MIL #9 – Stutchman.  It appears the parties did not submit Exhibit 8, the synchronized video/audio file that Stutchman compiled.  They should lodge a copy of Exhibit 8 in chambers by March 12, 2019.

MIL #10 – Deny as to DeFoe.  The problems defendants raise go to weight, not admissibility.

MIL #11 – GRANT.  Plaintiff identified him for emotional and psychiatric injuries then stated she would not be pursuing damages for ongoing emotional distress or psychological injury.

MIL #12 – Plaintiff's Mental Health
- GRANT as to treating physician
- DENY with respect to officers' observations at the scene

MIL #13 – DENY as to Hunter.  Defendants may probe and Hunter may clarify the limits of his opinions and understandings.

MIL #14 – Inclined to GRANT as to photos of Woods under 402 and 403 for failure to disclose foundational information

MIL #15 – DENY motion to exclude autopsy and crime scene photos.  The parties should lodge copies of the photos in chambers by March 12, 2019 so that I can review them.

MIL #16 – GRANT because no Section 1983 claims remain, and *Chaudhry* does not apply

MIL #17 – GRANT because the estate of Mario Woods can recover under the Bane Act, but Gwendolyn Woods cannot

MIL #18 – DENY because plaintiff can recover on the other claims as an individual

MIL #19 – GRANT in part.  Witnesses' testimony should be directed at loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support, not grief, sorrow, or emotional distress.

MIL #20 – GRANT as to evidence of the City's alleged negligence (not officers' alleged negligence)